UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,

                Plaintiffs,

vs.

RUBIN & ROTHMAN, LLC., a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.

---------------------------------------------------------------x

CASE NO.: 2:10-cv-04165-ADS-ETB

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, JOHN T. CORPAC ("CORPAC"), on behalf of himself and the class of all others similarly situated, brings this action for the illegal practices of the Defendant RUBIN & ROTHMAN, LLC. ("RUBIN & ROTHMAN") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that RUBIN & ROTHMAN's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications which make false representations or implications that an attorney is meaningfully involved in the process of sending those communication.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3).

8. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.  PARTIES

9. CORPAC is a natural person.

10. At all times relevant to this lawsuit, CORPAC is a citizen of, and resided in, the Hamlet of South Setauket, Suffolk County, New York.

11. At all times relevant to this lawsuit, RUBIN & ROTHMAN is a for-profit Limited Liability Company existing pursuant to the laws of the State of New York.

12. RUBIN & ROTHMAN maintains its principal business address at 1787 Veterans Highway, Suite 32, Village of Islandia, Suffolk County, New York.

13. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of RUBIN & ROTHMAN that are the subject of this First Amended Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by RUBIN & ROTHMAN and, therefore, are personally liable for all of the wrongdoing alleged in this First Amended Complaint.

## III.  JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of CORPAC occurred within this federal judicial district, and because RUBIN & ROTHMAN is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING PLAINTIFF

18. Sometime prior to November 10, 2009, CORPAC allegedly incurred a financial obligation to Capital One Bank (USA), N.A. ("Capital One Obligation").

19. The Capital One Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

20. Defendants contend that the Capital One Obligation is in default.

21. The alleged Capital One Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

22. CORPAC is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23. CORPAC is informed and believes, and on that basis alleges, that sometime prior to November 10, 2009, the creditor of the Capital One Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to RUBIN & ROTHMAN for collection.

24. RUBIN & ROTHMAN collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

25. RUBIN & ROTHMAN is, at all times relevant to this amended complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. In an attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC a letter dated November 10, 2009 ("11/10/09 Letter"). A true and correct copy of the 11/10/09 Letter is attached hereto as ***Exhibit A***.

27. The 11/10/09 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

28. CORPAC presumed that the 11/10/09 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

29. Although the 11/10/09 Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

30. The first paragraph of the 11/10/09 Letter states, "[w]e are eager to discuss a settlement of your seriously delinquent account and are prepared to negotiate a DISCOUNT of the balance due instructed." (Emphasis in original).

31. The second paragraph of the 11/10/09 Letter states, "[h]ow about giving us a call at the number above to discuss a settlement?"

32. The last paragraph of the 11/10/09 Letter states, "EVEN IF YOU ARE NOT ABLE TO PAY AT THIS TIME, PLEASE CALL US TO DISCUSS YOUR FINANCIAL CIRCUMSTANCES." (Emphasis in original).

33. The 11/10/09 Letter is purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

34. Shari L. Braverman's name also appears in the top right-hand corner of the 11/10/09 Letter as a licensed New York attorney.

35. The above-referenced statements in the 11/10/09 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 11/10/09 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

36. The 11/10/09 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

37. After receiving the 11/10/09 Letter, CORPAC reasonably inferred – as would a "least sophisticated consumer" – that Capital One Bank (USA), N.A. was proceeding more aggressively as it has incurred the expense to hire a law firm, whose attorneys were personally involved with the review and collection of his account.

38. The 11/10/09 Letter was the first written communication that CORPAC received from RUBIN & ROTHMAN.

39. The 11/10/09 Letter did not contain the disclosures required by 15 U.S.C. § 1692g(a).

40. In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated January 14, 2010 ("1/14/10 Letter"). A true and correct copy of the 1/14/10 Letter is attached hereto as ***Exhibit B***.

41. The 1/14/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

42. The body of the 1/14/10 Letter is identical to the 11/10/09 Letter, except that the term "AMERICAN EXPRESS" has been added to the paragraph setting forth methods of payment.

43. Consistent with the 11/10/09 Letter, the 1/14/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

44. CORPAC presumed that the 1/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

45. The above-referenced statements in the 1/14/10 Letter, and the fact that it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 1/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

46. The 1/14/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

47. In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated February 18, 2010 ("2/18/10 Letter"). A true and correct copy of the 2/18/10 Letter is attached hereto as ***Exhibit C***.

48. The 2/18/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

49. The body of the 2/18/10 Letter is identical to the 1/14/10 Letter.

50. Consistent with the 11/10/09 Letter and the 1/14/10 Letter, the 2/18/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

51. CORPAC presumed that the 2/18/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

52. The above-referenced statements in the 2/18/10 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 2/18/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

53. The 2/18/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

54. In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated May 15, 2010 ("5/15/10 Letter"). A true and correct copy of the 5/15/10 Letter is attached hereto as ***Exhibit D***.

55. The 5/15/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

56. CORPAC presumed that the 5/15/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

57. The first paragraph of the 5/15/10 Letter states, "[t]he above amount is due on the ***Judgment*** entered against you." (Emphasis added).

58. The second paragraph of the 5/15/10 Letter states, "[u]nless this amount is paid, the Judgment will continue to accrue interest."

59. The third paragraph of the 5/15/10 Letter states, "[i]f payment is made more than 10 days from this date, please call and we will furnish you with the amount of additional interest that has accrued."

60. The last paragraph of the 5/15/10 Letter states, "If you cannot pay the entire balance at this time, please call to discuss a payment arrangement."

61. Consistent with the 11/10/09 Letter, the 1/14/10 Letter, and the 2/18/10 Letter, the 5/15/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

62. The above-referenced statements in the 5/15/10 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 5/15/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

63. The 5/15/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

64. In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated August 14, 2010 ("8/14/09 Letter"). A true and correct copy of the 8/14/10 Letter is attached hereto as ***Exhibit E***.

65. The 8/14/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

66. CORPAC presumed that the 8/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

67. The first paragraph of the 8/14/10 Letter states the following:

> "We have been unable to reach you by telephone; however, we are eager to speak with you regarding your seriously ***delinquent*** account. It may be possible to enter into a monthly payment arrangement with you or offer you a DISCOUNT of the balance due should you be in a position to make a lump sum payment." (Emphasis added).

68. RUBIN & ROTHMAN's statement in the first paragraph of the 8/14/10 Letter that, "[i]t may be possible to enter into a monthly payment arrangement with you or offer you a DISCOUNT of the balance due should you be in a position to make a lump sum payment" is

materially false, deceptive, and misleading insofar as RUBIN & ROTHMAN is, indeed, authorized "to enter into a monthly payment arrangement" or offer "discounts" with consumers at any time and under any circumstances. Thus, the statement that it "may be possible" is materially, false, deceptive, and misleading in that RUBIN & ROTHMAN is trying to lead debtors down the path of making a lump sum payment because they may be told by RUBIN & ROTHMAN that monthly payment arrangements are not available.

69. The second paragraph of the 8/14/10 Letter states, "[p]lease call us to discuss the status of your account."

70. The third paragraph of the 8/14/10 Letter states, "[k]indly provide us with written proof if you are unable to pay this debt because you are on public assistance, disabled, receiving un-employment or social security benefits or are in the military service."

71. Consistent with the 11/10/09 Letter, the 1/14/10 Letter, the 2/18/10 Letter, and the 5/15/10 Letter, the 8/14/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

72. The above-referenced statements in the 8/14/10 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's perception that the 8/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

73. The 8/14/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

74. Plaintiff is informed and believes, and on that basis thereon alleges, that RUBIN & ROTHMAN filed a lawsuit against him on January 5, 2009, in the 4th District Court, Suffolk County, in an effort to collect the Capital One Obligation ("Capital One Lawsuit"). A true and

correct copy of the summons and complaint from the Capital One Lawsuit collectively attached hereto as ***Exhibit F***.

75. Plaintiff is informed and believes, and on that basis thereon alleges, that the Capital One Lawsuit was neither prepared nor received any meaningful review or involvement by a licensed attorney prior to the time it was filed in the 4th District Court, Suffolk County.

76. The complaint filed in the Capital One Lawsuit falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to filing that lawsuit.

77. Plaintiff is informed and believes, and on that basis thereon alleges, RUBIN & ROTHMAN filed tens of thousands of lawsuits, such as the Capital One Lawsuit, in New York State Supreme and Civil Courts during the one year period immediately preceding the filing of this complaint.

78. At no time, has Plaintiff received service of a summons or complaint concerning any lawsuit that RUBIN & ROTHMAN may have filed against him in an effort to collect the Capital One Obligation.

79. Plaintiff is informed and believes, and on that basis thereon alleges, that RUBIN & ROTHMAN may have obtained a judgment as a result of a lawsuit it filed against him on a date uncertain.

80. Plaintiff is further informed and believes, and on that basis thereon alleges, that RUBIN & ROTHMAN filed an affidavit in support of its motion for default judgment in the Capital One Lawsuit that did not receive any meaningfully review or involvement by a licensed attorney prior to filing.

## V. POLICIES AND PRACTICES COMPLAINED OF

81. It is RUBIN & ROTHMAN's policy and practice to send written collection communications, in the forms attached as ***Exhibits A through F***, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

82. Such policy and practice is in violation of 15 U.S.C. §1692e(3).

83. "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

84. "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

85. On information and belief, the written communications, as alleged in this amended complaint under the Facts Concerning Plaintiff, number at least in the tens of thousands.

## VI. CLASS ALLEGATIONS

86. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

87. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom RUBIN & ROTHMAN sent a written communication in the form attached as ***Exhibits A through F***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) which was not returned as

undelivered by the United States Postal Service or a process server; (e) during the one year immediately preceding the filing of the initial complaint in this action through the date of class certification.

88. The identities of all class members are readily ascertainable from the records of RUBIN & ROTHMAN and those companies and governmental entities on whose behalf it attempt to collects debts.

89. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

90. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibits A through F***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), and 1692e(10).

91. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

92. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this amended complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

93. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibits A through F***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), and 1692e(10).

(c) **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

94. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' written communications to consumers, in the form attached as ***Exhibits A through F***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), and 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

95. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

96. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

97. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this First Amended Complaint.

98. The Defendants' written communications in the form attached as ***Exhibits A through F*** make false representations concerning the character, amount, or legal status of the alleged Capital One Obligation in violation of 15 U.S.C. §§1692e and 1692e(2)(A).

99. The Defendants' written communications in the form attached as ***Exhibits A through F*** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3).

100. The Defendants' written communication in the form attached as ***Exhibits A through F*** constitute the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

## VIII. PRAYER FOR RELIEF

101. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

    (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing CORPAC and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

    (ii) An award of the maximum statutory damages for CORPAC and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

    (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

    (iv) For such other and further relief as may be just and proper.

-17-

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:  Fresh Meadows, New York
October 10, 2010

                                          *s/ William F. Horn*
                                          WILLIAM F. HORN, ESQ. (WH-1070)
                                          Law Office of William F. Horn
                                          188-01B 71st Crescent
                                          Fresh Meadows, NY 11365
                                          Telephone:  (718) 785-0543
                                          Facsimile:   (866) 596-9003

                                          *Attorney for Plaintiff, John T. Corpac, and all others similarly situated*