**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,<br><br>                     Plaintiffs,<br><br>              vs.<br><br>RUBIN & ROTHMAN, LLC., a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>                     Defendants. | CASE NO.:  2:10-cv-04165-ADS-ETB<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

## I.  PRELIMINARY STATEMENT

1.     Plaintiff, JOHN T. CORPAC ("CORPAC"), on behalf of himself and the class of all others similarly situated, brings this action for the illegal practices of the Defendant RUBIN & ROTHMAN, LLC. ("RUBIN & ROTHMAN") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.     The Plaintiff alleges that RUBIN & ROTHMAN's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.     Such collection practices include, *inter alia*, sending consumers written communications which make false representations or implications that an attorney is meaningfully involved in the process of sending those communication.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3).

8.      The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.      CORPAC is a natural person.

10.      At all times relevant to this lawsuit, CORPAC is a citizen of, and resided in, the Hamlet of South Setauket, Suffolk County, New York.

11.      At all times relevant to this lawsuit, RUBIN & ROTHMAN is a for-profit Limited Liability Company existing pursuant to the laws of the State of New York.

12.      RUBIN & ROTHMAN maintains its principal business address at 1787 Veterans Highway, Suite 32, Village of Islandia, Suffolk County, New York.

13.      Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of RUBIN & ROTHMAN that are the subject of this First Amended Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by RUBIN & ROTHMAN and, therefore, are personally liable for all of the wrongdoing alleged in this First Amended Complaint.

## III. JURISDICTION & VENUE

15.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

17.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of CORPAC occurred within this federal judicial district, and because RUBIN & ROTHMAN is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING PLAINTIFF

18.     Sometime prior to November 10, 2009, CORPAC allegedly incurred a financial obligation to Capital One Bank (USA), N.A. ("Capital One Obligation").

19.     The Capital One Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

20.     Defendants contend that the Capital One Obligation is in default.

21.     The alleged Capital One Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

22.     CORPAC is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23.     CORPAC is informed and believes, and on that basis alleges, that sometime prior to November 10, 2009, the creditor of the Capital One Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to RUBIN & ROTHMAN for collection.

24.     RUBIN & ROTHMAN collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

25.     RUBIN & ROTHMAN is, at all times relevant to this amended complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.     In an attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC a letter dated November 10, 2009 ("11/10/09 Letter"). A true and correct copy of the 11/10/09 Letter is attached hereto as ***Exhibit A***.

27.     The 11/10/09 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

28.     CORPAC presumed that the 11/10/09 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

29.     Although the 11/10/09 Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

30.     The first paragraph of the 11/10/09 Letter states, "[w]e are eager to discuss a settlement of your seriously delinquent account and are prepared to negotiate a DISCOUNT of the balance due instructed." (Emphasis in original).

31.     The second paragraph of the 11/10/09 Letter states, "[h]ow about giving us a call at the number above to discuss a settlement?"

32.     The last paragraph of the 11/10/09 Letter states, "EVEN IF YOU ARE NOT ABLE TO PAY AT THIS TIME, PLEASE CALL US TO DISCUSS YOUR FINANCIAL CIRCUMSTANCES." (Emphasis in original).

33.     The 11/10/09 Letter is purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

34.     Shari L. Braverman's name also appears in the top right-hand corner of the 11/10/09 Letter as a licensed New York attorney.

35.     The above-referenced statements in the 11/10/09 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 11/10/09 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

36.     The 11/10/09 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

37.     After receiving the 11/10/09 Letter, CORPAC reasonably inferred – as would a "least sophisticated consumer" – that Capital One Bank (USA), N.A. was proceeding more aggressively as it has incurred the expense to hire a law firm, whose attorneys were personally involved with the review and collection of his account.

38.     The 11/10/09 Letter was the first written communication that CORPAC received from RUBIN & ROTHMAN.

39.     The 11/10/09 Letter did not contain the disclosures required by 15 U.S.C. § 1692g(a).

40.     In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated January 14, 2010 ("1/14/10 Letter"). A true and correct copy of the 1/14/10 Letter is attached hereto as ***Exhibit B***.

41.     The 1/14/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

42.     The body of the 1/14/10 Letter is identical to the 11/10/09 Letter, except that the term "AMERICAN EXPRESS" has been added to the paragraph setting forth methods of payment.

43.     Consistent with the 11/10/09 Letter, the 1/14/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

44.     CORPAC presumed that the 1/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

45.     The above-referenced statements in the 1/14/10 Letter, and the fact that it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 1/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

46.     The 1/14/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

47.     In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated February 18, 2010 ("2/18/10 Letter"). A true and correct copy of the 2/18/10 Letter is attached hereto as ***Exhibit C***.

48.     The 2/18/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

49.     The body of the 2/18/10 Letter is identical to the 1/14/10 Letter.

50.     Consistent with the 11/10/09 Letter and the 1/14/10 Letter, the 2/18/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

51.     CORPAC presumed that the 2/18/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

52.     The above-referenced statements in the 2/18/10 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 2/18/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

53.     The 2/18/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

54.     In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated May 15, 2010 ("5/15/10 Letter"). A true and correct copy of the 5/15/10 Letter is attached hereto as ***Exhibit D***.

55.     The 5/15/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

56.     CORPAC presumed that the 5/15/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

57.     The first paragraph of the 5/15/10 Letter states, "[t]he above amount is due on the ***Judgment*** entered against you." (Emphasis added).

58.     The second paragraph of the 5/15/10 Letter states, "[u]nless this amount is paid, the Judgment will continue to accrue interest."

59.     The third paragraph of the 5/15/10 Letter states, "[i]f payment is made more than 10 days from this date, please call and we will furnish you with the amount of additional interest that has accrued."

60.     The last paragraph of the 5/15/10 Letter states, "If you cannot pay the entire balance at this time, please call to discuss a payment arrangement."

61.     Consistent with the 11/10/09 Letter, the 1/14/10 Letter, and the 2/18/10 Letter, the 5/15/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

62.     The above-referenced statements in the 5/15/10 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's presumption that the 5/15/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

63.     The 5/15/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

64.     In a further attempt to collect the Capital One Obligation, RUBIN & ROTHMAN sent CORPAC another letter dated August 14, 2010 ("8/14/09 Letter"). A true and correct copy of the 8/14/10 Letter is attached hereto as ***Exhibit E***.

65.     The 8/14/10 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

66.     CORPAC presumed that the 8/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

67.     The first paragraph of the 8/14/10 Letter states the following:

> "We have been unable to reach you by telephone; however, we are eager to speak with you regarding your seriously ***delinquent*** account. It may be possible to enter into a monthly payment arrangement with you or offer you a DISCOUNT of the balance due should you be in a position to make a lump sum payment." (Emphasis added).

68.     RUBIN & ROTHMAN's statement in the first paragraph of the 8/14/10 Letter that, "[i]t may be possible to enter into a monthly payment arrangement with you or offer you a DISCOUNT of the balance due should you be in a position to make a lump sum payment" is

materially false, deceptive, and misleading insofar as RUBIN & ROTHMAN is, indeed, authorized "to enter into a monthly payment arrangement" or offer "discounts" with consumers at any time and under any circumstances. Thus, the statement that it "may be possible" is materially, false, deceptive, and misleading in that RUBIN & ROTHMAN is trying to lead debtors down the path of making a lump sum payment because they may be told by RUBIN & ROTHMAN that monthly payment arrangements are not available.

69.     The second paragraph of the 8/14/10 Letter states, "[p]lease call us to discuss the status of your account."

70.     The third paragraph of the 8/14/10 Letter states, "[k]indly provide us with written proof if you are unable to pay this debt because you are on public assistance, disabled, receiving un-employment or social security benefits or are in the military service."

71.     Consistent with the 11/10/09 Letter, the 1/14/10 Letter, the 2/18/10 Letter, and the 5/15/10 Letter, the 8/14/10 Letter is also purportedly signed on behalf of RUBIN & ROTHMAN by "SHARI L. BRAVERMAN, ATTORNEY-AT-LAW." (Emphasis in original).

72.     The above-referenced statements in the 8/14/10 Letter, and the fact it is personally signed by a licensed attorney, lend further credence to Plaintiff's perception that the 8/14/10 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

73.     The 8/14/10 Letter falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

74.     Plaintiff is informed and believes, and on that basis thereon alleges, that RUBIN & ROTHMAN filed a lawsuit against him on January 5, 2009, in the 4th District Court, Suffolk County, in an effort to collect the Capital One Obligation ("Capital One Lawsuit"). A true and

correct copy of the summons and complaint from the Capital One Lawsuit collectively attached hereto as **_Exhibit F_**.

75.    Plaintiff is informed and believes, and on that basis thereon alleges, that the Capital One Lawsuit was neither prepared nor received any meaningful review or involvement by a licensed attorney prior to the time it was filed in the 4th District Court, Suffolk County.

76.    The complaint filed in the Capital One Lawsuit falsely represents and implies that licensed attorneys were directly or personally involved in reviewing Plaintiff's file or account prior to filing that lawsuit.

77.    Plaintiff is informed and believes, and on that basis thereon alleges, RUBIN & ROTHMAN filed tens of thousands of lawsuits, such as the Capital One Lawsuit, in New York State Supreme and Civil Courts during the one year period immediately preceding the filing of this complaint.

78.    At no time, has Plaintiff received service of a summons or complaint concerning any lawsuit that RUBIN & ROTHMAN may have filed against him in an effort to collect the Capital One Obligation.

79.    Plaintiff is informed and believes, and on that basis thereon alleges, that RUBIN & ROTHMAN may have obtained a judgment as a result of a lawsuit it filed against him on a date uncertain.

80.    Plaintiff is further informed and believes, and on that basis thereon alleges, that RUBIN & ROTHMAN filed an affidavit in support of its motion for default judgment in the Capital One Lawsuit that did not receive any meaningfully review or involvement by a licensed attorney prior to filing.

## V.  POLICIES AND PRACTICES COMPLAINED OF

81.     It is RUBIN & ROTHMAN's policy and practice to send written collection communications, in the forms attached as ***Exhibits A through F***, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

82.     Such policy and practice is in violation of 15 U.S.C. §1692e(3).

83.     "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

84.     "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

85.     On information and belief, the written communications, as alleged in this amended complaint under the Facts Concerning Plaintiff, number at least in the tens of thousands.

## VI.  CLASS ALLEGATIONS

86.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

87.     With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom RUBIN & ROTHMAN sent a written communication in the form attached as ***Exhibits A through F***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) which was not returned as

undelivered by the United States Postal Service or a process server; (e) during the one year immediately preceding the filing of the initial complaint in this action through the date of class certification.

88.     The identities of all class members are readily ascertainable from the records of RUBIN & ROTHMAN and those companies and governmental entities on whose behalf it attempt to collects debts.

89.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

90.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibits A through F***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), and 1692e(10).

91.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

92.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this amended complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

93.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibits A through F***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), and 1692e(10).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

94.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' written communications to consumers, in the form attached as ***Exhibits A through F***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), and 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

95.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

96.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

97.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this First Amended Complaint.

98.     The Defendants' written communications in the form attached as ***Exhibits A through F*** make false representations concerning the character, amount, or legal status of the alleged Capital One Obligation in violation of 15 U.S.C. §§1692e and 1692e(2)(A).

-15-

99.     The Defendants' written communications in the form attached as ***<u>Exhibits A</u>*** ***<u>through F</u>*** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3).

100.    The Defendants' written communication in the form attached as ***<u>Exhibits A</u>*** ***<u>through F</u>*** constitute the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

<u>VIII.  PRAYER FOR RELIEF</u>

101.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A.      **For the FIRST CAUSE OF ACTION**:

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing CORPAC and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii)    An award of the maximum statutory damages for CORPAC and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:      Fresh Meadows, New York
              October 10, 2010

*s/ William F. Horn*

WILLIAM F. HORN, ESQ. (WH-1070)
Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone:  (718) 785-0543
Facsimile:   (866) 596-9003

*Attorney for Plaintiff, John T. Corpac, and all others similarly situated*

# EXHIBIT "A"

# RUBIN & ROTHMAN, LLC

NEW JERSEY OFFICE:
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660
------------------
MARY LACOSTE
DIRECTOR OF OPERATIONS

ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
---
FAX (631) 234-1138
---
NYC DCA LIC. 1249720

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]
------------
KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI. BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]
------------
[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR
------------
X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

SUSAN LUCY   EXT 431

November 10, 2009

JOHN T CORPAC
5 BRAYTON CT S
SOUTH SETAUKET NY 11720-4627

OUR FILE NO: 723667
CREDITOR: CAPITAL ONE BANK (USA), N.A.
BALANCE DUE:   $11,044.45

Dear Sir/Madam,

We are eager to discuss a settlement of your seriously delinquent
account and are prepared to negotiate a DISCOUNT of the balance due.

How about giving us a call at the number above to discuss a
settlement?

All checks should be sent to P.O. Box 550, Islandia, New York 11749,
payable to Rubin and Rothman, and refer to our file number   723667

In addition to personal checks, we accept WESTERN UNION and electronic
(ACH) payments. Some clients - but not all - also accept MASTERCARD,
VISA, DISCOVER and AMERICAN EXPRESS. You may make electronic payments
from your bank account by calling 1-866-826-2576 or credit card
payments by calling 1-866-294-0331, on-line at RRLLC189.com or by
calling us during office hours.

EVEN IF YOU ARE NOT ABLE TO PAY AT THIS TIME, PLEASE CALL US TO
DISCUSS YOUR FINANCIAL CIRCUMSTANCES.

RUBIN & ROTHMAN, LLC

By: _____

SHARI L. BRAVERMAN
ATTORNEY-AT-LAW

WE ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.   THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

# EXHIBIT "B"

# RUBIN & ROTHMAN, LLC

NEW JERSEY OFFICE:
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660
——————————
MARY LACOSTE
DIRECTOR OF OPERATIONS

ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
—
FAX (631) 234-1138
—
NYC DCA LIC. 1249720

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]
——————————
KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI. BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]
——————————
[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR
——————————
X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

SUSAN LUCY   EXT 431

January 14, 2010

JOHN T CORPAC
5 BRAYTON CT S
SOUTH SETAUKET NY 11720-4627

> OUR FILE NO: 723667
> CREDITOR: CAPITAL ONE BANK (USA), N.A.
> BALANCE DUE:   $11,213.98

Dear Sir/Madam,

We are eager to discuss a settlement of your seriously delinquent account and are prepared to negotiate a DISCOUNT of the balance due.

How about giving us a call at the number above to discuss a settlement?

All checks should be sent to P.O. Box 550, Islandia, New York 11749, payable to Rubin and Rothman, and refer to our file number   723667

In addition to personal checks, we accept WESTERN UNION and electronic (ACH) payments. Some clients - but not all - also accept MASTERCARD, VISA, and DISCOVER. You may make electronic payments from your bank account by calling 1-866-826-2576 or credit card payments by calling 1-866-294-0331, on-line at RRLLC189.com or by calling us during office hours.

EVEN IF YOU ARE NOT ABLE TO PAY AT THIS TIME, PLEASE CALL US TO DISCUSS YOUR FINANCIAL CIRCUMSTANCES.

RUBIN & ROTHMAN, PLC

By: _____
SHARI L. BRAVERMAN
ATTORNEY-AT-LAW

WE ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.   THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

# EXHIBIT "C"

723667   S00                                                                          KTR/SLB
Case 2:10-cv-04165-ADS-ETB  Document 5  Filed 10/15/10  Page 23 of 30 PageID #: 74

# RUBIN & ROTHMAN, LLC

NEW JERSEY OFFICE:
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660

--------------

MARY LACOSTE
DIRECTOR OF OPERATIONS

ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500

---

FAX (631) 234-1138

---

NYC DCA LIC. 1249720

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

--------------

KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI. BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]

--------------

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

--------------

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

KATHLEEN RYAN   EXT 337

February 18, 2010

JOHN T CORPAC
5 BRAYTON CT S
SOUTH SETAUKET NY 11720-4627

OUR FILE NO: 723667
CREDITOR: CAPITAL ONE BANK (USA), N.A.
BALANCE DUE:   $11,305.27

Dear Sir/Madam,

We are eager to discuss a settlement of your seriously delinquent
account and are prepared to negotiate a DISCOUNT of the balance due.

How about giving us a call at the number above to discuss a
settlement?

All checks should be sent to P.O. Box 550, Islandia, New York 11749,
payable to Rubin and Rothman, and refer to our file number   723667

In addition to personal checks, we accept WESTERN UNION and electronic
(ACH) payments. Some clients - but not all - also accept MASTERCARD,
VISA, and DISCOVER. You may make electronic payments from your bank
account by calling 1-866-826-2576 or credit card payments by calling
1-866-294-0331, on-line at RRLLC189.com or by calling us during office
hours.

EVEN IF YOU ARE NOT ABLE TO PAY AT THIS TIME, PLEASE CALL US TO
DISCUSS YOUR FINANCIAL CIRCUMSTANCES.

RUBIN & ROTHMAN, LLC

By: _____

SHARI L. BRAVERMAN
ATTORNEY-AT-LAW

WE ARE ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.   THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

# EXHIBIT "D"

# RUBIN & ROTHMAN, LLC

**ATTORNEYS AT LAW**
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500

---

FAX (631) 234-1138

---

NYC DCA LIC. 1249720

NEW JERSEY OFFICE:
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660

---

MARY LACOSTE
DIRECTOR OF OPERATIONS

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

---

KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI. BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]

---

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

---

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

PATRICIA GUGLIEMELLI   EXT 343

May 15, 2010

JOHN T CORPAC
5 BRAYTON CT S
SOUTH SETAUKET NY 11720-4627

OUR FILE NO: 723667
CREDITOR: CAPITAL ONE BANK (USA), N.A.
BALANCE DUE:   $11,529.57

Dear Sir/Madam

The above amount is due on the Judgment entered against you.

Unless this amount is paid, the Judgment will continue to accrue interest.

If payment is made more than 10 days from this date, please call and we will furnish you with the amount of additional interest that has accrued.

All checks should be sent to P.O. Box 550, Islandia, New York 11749, payable to Rubin and Rothman, and refer to our file number   723667

In addition to personal checks, we accept WESTERN UNION and electronic (ACH) payments. Some clients - but not all - also accept MASTERCARD and VISA.  You can make electronic payments from your bank account by calling 1-866-826-2576 or credit card payments by calling 1-866-294-0331, on-line at RRLLC189.com or by calling us during office hours.

If you cannot pay the entire balance at this time, please call to discuss a payment arrangement.

RUBIN & ROTHMAN, LLC

By:   _____
SHARI L. BRAVERMAN
ATTORNEY-AT-LAW

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

# EXHIBIT "E"

# RUBIN & ROTHMAN, LLC

NEW JERSEY OFFICE:
190 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660
--------------------
MARY LACOSTE
DIRECTOR OF OPERATIONS

ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
---
FAX (631) 234-1138
---
NYC DCA LIC. 1249720

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]
--------------------
KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI. BRAVERMAN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
VALERIE E. WATTS[1]
DIANA K. ZOLLNER[2]

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

GEORGE MIKLAS   EXT 141

August 14, 2010

JOHN T CORPAC
5 BRAYTON CT S
SOUTH SETAUKET NY 11720-4627

OUR FILE NO: 723667
CREDITOR: CAPITAL ONE BANK (USA), N.A.
BALANCE DUE:    $11,766.92

Dear Sir/Madam,

We have been unable to reach you by telephone; however, we are eager to speak with you regarding your seriously delinquent account.  It may be possible to enter into a monthly payment arrangement with you or offer you a DISCOUNT of the balance due should you be in a position to make a lump sum payment.

Please call us to discuss the status of your account.

Kindly provide us with written proof if you are unable to pay this debt because you are on public assistance, disabled, receiving unemployment or social security benefits or are in the military service.

In addition to personal checks, we accept WESTERN UNION and electronic (ACH) payments. Some clients - but not all - also accept MASTERCARD and VISA. You may make electronic payments from your bank account by calling 1-866-826-2576 or credit card payments by calling 1-866-294-0331, on-line at RRLLC189.com or by calling us during office hours.

RUBIN & ROTHMAN, LLC

By:

SHARI L. BRAVERMAN
ATTORNEY-AT-LAW

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

# EXHIBIT "F"

```
DISTRICT COURT OF THE COUNTY OF SUFFOLK        Index No.
FOURTH DISTRICT : HAUPPAUGE
----------------------------------------       Plaintiff designates SUFFOLK
CAPITAL ONE BANK (USA), N.A.                    County as the place of trial

                              Plaintiff            SUMMONS (ORIGINAL)

           -against-
                                                The basis of venue is:
JOHN T CORPAC                                   DEFENDANT'S RESIDENCE

                          Defendant(s)          Plaintiff's Residence:
----------------------------------------        4851 COX ROAD
                                                GLEN ALLEN, VA 23060
     CONSUMER CREDIT TRANSACTION                County of HENRICO
```

To the above named defendant(s):

YOU ARE HEREBY SUMMONED and required to appear in the District Court of
the County of Suffolk, Fourth District, at the office of the Clerk of the
said court at No. County Complex, Bldg C158, Veterans Memorial Highway,
Hauppauge, in the County of Suffolk, State of New York, by serving an
answer to the annexed complaint upon plaintiff's attorney, at the address
stated below, or if there is no attorney, upon the plaintiff, at the
address stated above, within the time provided by law as noted below;
upon your failure to answer, judgment will be taken against you for the
relief demanded in the complaint, together with the costs of this action.

Dated: Islandia, New York
     DECEMBER 29, 2008                     RUBIN & ROTHMAN, LLC
                                           Attorneys for Plaintiff
                                           1787 Veterans Highway
                                           Islandia, N.Y. 11749
                                           (631) 234-1500

NOTE: The law or rules of court provide that:
   (a) If this summons is served by its delivery to you, or (for a corpora-
tion) an agent authorized to receive service, personally within the County
of Suffolk, you must answer within 20 days after such service; or
   (b) If this summons is served otherwise than as designated in subdivision
(a) above, you are allowed 30 days to answer after the proof of service is
filed with the Clerk of this Court.
   (c) You are required to file a copy of your answer together with proof of
service with the clerk of the district in which the action is brought with-
in ten days of the service of the answer.

DEFENDANT(S) ADDRESS:

D1: JOHN T CORPAC
5 BRAYTON CT S  SOUTH SETAUKET, NY 11720-4627

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                    NYC DCA LIC. 1249720
Our File No.723667        2,633        28341-  258         4      SZA

```
DISTRICT COURT OF THE COUNTY OF SUFFOLK        Index No.
FOURTH DISTRICT : HAUPPAUGE
-----------------------------------------
CAPITAL ONE BANK (USA), N.A.

                                  Plaintiff

            -against-                         COMPLAINT (ORIGINAL)
JOHN T CORPAC

                          Defendant(s)
-----------------------------------------
```

Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought;
   or transacted business in the county in which this action is brought
   in person or through an agent, or this cause of action arose out of
   said transaction.  Plaintiff is not required to be licensed by the
   NYC Dept of Consumer Affairs because it is a passive debt buyer or
   the original creditor.
2. Plaintiff is a national banking association.

3. Defendant(s) used a credit card issued by plaintiff and agreed to
   make payments for goods and services charged and/or cash advances
   made upon such card.

4. Defendant(s) failed to make the payments due pursuant to such agreement,
   and $   9,773.84 is now due and owing to plaintiff from defendant(s),
   together with interest on $    9,360.34 from 11/07/08 at the rate of
   12.90  % per annum.

### AS AND FOR A SECOND CAUSE OF ACTION

5. Defendant(s) accepted plaintiff's statements without objection.

6. By reason thereof, an account was stated between plaintiff and
   defendant(s) in the aforesaid amount.

WHEREFORE, plaintiff demands judgment against defendant(s) in the sum of
$   9,773.84, with interest on $    9,360.34 from 11/07/08 at the rate
of 12.90 % per annum and the costs and disbursements of this action.

```
Dated: Islandia, New York
    DECEMBER 29, 2008            RUBIN & ROTHMAN, LLC
                                 Attorneys for Plaintiff
                                 1787 Veterans Highway
                                 Islandia, N.Y. 11749
                                 (631) 234-1500
```

Deponent is an attorney associated with Rubin & Rothman, LLC.  To the best
of deponent's knowledge, information and belief, formed after an inquiry
reasonable under the circumstances, the summons and complaint or the
contentions therein are not frivolous as defined in section 130-1.-(c)
of the Rules of the Chief Adm. and the matter was not obtained through
illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

```
Dated:     DECEMBER 29, 2008     _____    _____
                                 FRANCIS N. ANDERSON    ANGELO L. SIRAGUSA
```

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
              NYC DCA LIC. 1249720
```
Our File No.723667      2,634      28341-  258        4      SZA
```