UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,

                Plaintiffs,

vs.

RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.

---------------------------------------------------------------x

CASE NO.: 2:10-cv-04165-ADS-ETB

**JOINT MOTION FOR AN ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff, JOHN T. CORPAC, on behalf of himself and all others similarly situated, and Defendant, RUBIN & ROTHMAN, LLC, hereby request pursuant to Fed. R. Civ. P. 23(b)(1)(B) and 23(b)(3) that the Court enter an order: (1) certifying the Settlement Class; (2) preliminarily approving the attached proposed Stipulation of Settlement; (3) directing notice to the class; and (4) setting dates for objections and a Final Fairness Hearing.[1] In support of their motion, the Parties respectfully show the following:

### A. MOTION TO CERTIFY

### 1. NATURE OF THE CASE

1.01. Plaintiff filed this lawsuit on September 8, 2010. The Plaintiff is a consumer who allegedly became delinquent on a consumer debt. Plaintiff contends that in attempting to collect consumer debts from him, and the proposed settlement class he seeks to represent, Defendant sent them written collection communications that violated the federal Fair Debt Collection

---

[1] As used in this Joint Motion, all capitalized terms shall have the meanings and definitions set forth in Section 1 of the Stipulation of Settlement, which is attached hereto as ***Exhibit A.***

Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"). On October 15, 2010, Plaintiff filed an amended complaint, which added additional written communications and FDCPA claims.

1.02. In sum, Plaintiff alleges that the Defendant's written collection communications falsely represent or imply to the "least sophisticated" consumer that an attorney had meaningfully reviewed the consumer's account and was meaningfully involved with the decision to send the communication in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

1.03. Defendant denies the Plaintiff's allegations and asserts, *inter alia*, that any alleged violation, if it was a violation, was unintentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid the violation. Defendant also has denied, and continues to deny, *inter alia*, any and all allegations that members of the proposed settlement class have suffered any damage whatsoever, have been harmed in any way, or are entitled to any relief as a result of any conduct on the part of Defendant as alleged by the Plaintiff.

1.04. In its Answer to Plaintiff's Complaint [Doc. 14], Defendant denies the Plaintiff's allegations and asserts, *inter alia*, a number of affirmative defenses.

1.05. Over the course of several months, counsel for Plaintiff and Defendant have respectively reviewed and analyzed the complex legal and factual issues present in this Action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement from Defendant, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more appeals of procedural and substantive issues.

1.06. Based upon these reviews and analyses, the Plaintiff and Defendant embarked upon and concluded comprehensive settlement discussions, which resulted in execution of the Stipulation of Settlement, a copy of which is attached hereto as ***Exhibit A***.

1.07. As a compromise of their claims, the Settling Parties have agreed to seek class certification for those claims pursuant to the FDCPA as described, *supra* ("Settlement Class"). During the discovery phase of the Action, Defendant has made certain representations to Plaintiff's counsel concerning the number of class members and the Defendant's net worth. Specifically, that there may be over 300,000 members of the Settlement Class, the identity of Settlement Class Members cannot be ascertained, and that the Defendant's net worth is $940,000.00.

1.08. Subject to the terms of the Stipulation of Settlement, Defendant has agreed to provide the following relief to Plaintiff and the Settlement Class:

(a) ***Settlement Class Representative Plaintiff's Individual Relief***. Settlement Class Representative Plaintiff shall receive $1,000.00, to be paid from the Settlement Fund, as statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i). Settlement Class Representative Plaintiff shall also receive $2,500.00, to be paid from the Settlement Fund, in recognition for his services to the Settlement Class Members.

(b) ***Class Relief***. $9,400.00, which represents the maximum class recovery available pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii) (i.e. 1% of Defendant's net worth), shall be paid from the Settlement Fund as a *cy pres* payment to one or more charitable organizations without any religious or political affiliations. The recipient(s) of the *cy pres* payment will be designated by mutual agreement of the Settling Parties with the approval of the Court, the identities of which will be disclosed to the Court no later than the Final Fairness Hearing. If the Settling Parties are unable to agree on the recipient(s), the Court will identify the recipient(s).

1.09. In the event the class settlement is not approved or as may otherwise be provided in the Stipulation of Settlement, the Parties stipulate that the certification order will be set aside and neither this motion nor the Stipulation of Settlement will in any way prejudice Defendant's right to contest class certification on any legal or equitable grounds.

## 2. ELEMENTS FOR CLASS CERTIFICATION

2.01. Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue or be sued as representative on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; and (4) the class representative will fairly and adequately protect the interests of the class. To obtain class certification, Plaintiff must demonstrate that the proposed Settlement Class satisfies the general class certification requirements of: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy of representation under Rule 23(a); and (5) some section pursuant to Fed. R. Civ. P. 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1992); *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. 451, 454 (E.D.N.Y. 1996).

2.02. Accordingly, in support of their contention that proper and sufficient grounds for class certification exist under Fed. R. Civ. P. 23, the Parties show the following:

*Numerosity*

2.03. Based upon information received from Defendant, there are approximately 300,000 members of the Settlement Class. This is sufficient for numerosity. *Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) (70 class members sufficient); see also, *Mathis v. Bess*, 138

*Commonality*

2.04.   A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement); see also, *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Plaintiff contends that there are common questions of law or fact affecting the Settlement Class, and that these questions include but are not limited to:

   (a)   whether the Defendant's written communications falsely represent or imply the level of attorney review or involvement in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10);

   (b)   whether the Defendant has a bona fide error defense against liability under 15 U.S.C. § 1692k(c)

   (c)   whether Settlement Class Representative Plaintiff and the Settlement Class Members are entitled to recover statutory damages and, if so, in what amount; and

   (d)   whether Settlement Class Representative Plaintiff and the Settlement Class Members are entitled to recover attorney's fees and costs and, if so, in what amount.

Under the definition of the Settlement Class as agreed by the Settling Parties, and set forth in **Exhibit A**, commonality is established by the Defendant's business practice of sending the same computer-generated collection communications to the Settlement Class Representative Plaintiffs and the Settlement Class Members.

*Typicality*

2.05.   A class representative's claim is typical "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove

the defendant's liability." *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. at 456 citing *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (internal citations omitted). When the same "unlawful conduct was directed at both the named plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims. *Id*. (internal citations omitted).

2.06. Plaintiff contends that his claims are typical of the claims of the rest of the Settlement Class. Specifically, Plaintiff alleges that the Defendant sent him and Settlement Class Members at least written communication that falsely represents the level of meaningful attorney review and involvement in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

### *Adequacy of Representation*

2.07. In order for Plaintiff to be considered a fair and adequate representatives of the Settlement Class, three requirements must be met: (1) counsel must be qualified, experienced and generally able to conduct the proposed litigation; (2) the class representative must have sufficient interest in the outcome to ensure vigorous advocacy; and (3) the class representative must not have antagonistic or conflicting interests with other members of the proposed class. *Amchem Prods.*, *supra*, 521 U.S. at 625. "The adequacy inquiry serves to uncover conflicts of interest between named class representatives and the class they seek to represent." *Id.* Plaintiff asserts he they will fairly and adequately represent the interests of the class. Through his attorney of record, Plaintiff has been willing to pay the costs of notice and litigation. Plaintiff further states that he has no interests adverse to other members of the Settlement Class.

2.08. Plaintiff has hired the undersigned attorney to represent him in this matter. As demonstrated by the Declaration of William F. Horn, which is attached hereto as ***Exhibit B***, Plaintiff's attorney has experience in the handling of both consumer protection class action and other types of complex litigation.

## 3. OTHER CONSIDERATIONS

3.01.   Pursuant to Fed. R. Civ. P. 23 an action may be maintained as a class action if the four elements described above are satisfied, and in addition, certain other conditions exist as enumerated under Fed. R. Civ. P. 23(b).  These certain other conditions are:

(a.)   The prosecution of separate actions by or against individual members of the class would create a risk of:

   (i)   inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

   (ii)   adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

b.)   The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

c.)   Where the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

d.)   The Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

It is the Parties' position that the third condition, imposed by Rule 23(b)(3) is met. Certification is appropriate under Fed. R. Civ. P. 23(b)(3) where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

### *Common Questions of Law and Fact Predominate*

Where there is an essential factual link between all class members and the defendants, for which the law provides a remedy, questions of law or fact common to the class exist. *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. at 458. "[C]ases regarding the legality of standardized documents and practices often result in the predomination of common questions of law or fact and are, therefore, generally appropriate for resolution by class action." *Id.* citing *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164 (7th Cir. 1974).

Here Plaintiff claims that it is Defendant's use of standardized debt collection letters and its standardized collection practices that have given rise to Plaintiff's FDCPA claims. The questions of law and fact involved in this action relate to the use of the debt collection letters mailed by Defendant to the Plaintiff and Settlement Class Members. Accordingly, these common questions of law and fact surrounding the contents, policies, and procedures for mailing of Defendant's collection communications predominate over individual issues and, therefore, this prong of Fed. R. Civ. P. 23(b)(3) is satisfied.

### *A Class Action is the Superior Method to Resolve this Controversy*

In addition to the predomination of common questions of law or fact, the class action must be the superior method to resolve the controversy to satisfy fully the requirements of Rule 23(b)(3). Class actions are the superior method for resolving controversies when the main objectives of Rule 23 are served; namely, the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications. *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. at 458 citing *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979).

Here, the Settlement Class consists of approximately 300,000 class members who are not likely to bring suit on their own. [See, Rothman Decl., attached as **Exhibit D**]. The individual

recovery is estimated by the Parties to be approximately $0.03 per class member, which is a sum not likely to encourage many individual consumers to bring suit. *Id.* This contention is further supported by the fact that no class member has filed a lawsuit or made an informal complaint with Defendant to recover for these FDCPA claims during the 16 month period that this lawsuit has been pending or the nearly 11 months following the Parties public notification of the Stipulation of Settlement that was filed with the Court [Doc. 15]. *Id.*

Accordingly, the Parties submit that a class action is the superior method for resolving this controversy and, therefore, the second prong of Fed. R. Civ. P. 23(b)(3) has been satisfied.

3.02. Pursuant to the Parties' Stipulation of Settlement, Defendant does not dispute that the Settlement Class should be certified for settlement purposes. "[F]ederal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

### 4. CLASS TYPE

4.01. As discussed *supra*, Plaintiffs ask the Court to certify the Settlement Class pursuant to Fed R. Civ. P. 23(b)(3), which would permit recovery of monetary relief for the class.

4.02. Fed. R. Civ. P. 23(b)(3) requires that the class receive notice, an opportunity to opt-out, or the right to subsequently file an individual lawsuit for money damages.

*Relief for the Settlement Class*

A. *Statutory Damages*

The Defendant has agreed to pay maximum statutory damages to the Settlement Class. Specifically, the Defendant has agreed to pay 1% of its net worth (i.e. $9,400.00), which is the <u>maximum</u> statutory class damages permitted under the FDCPA. [See, 15 U.S.C. § 1692k(a)(2)(B)]. Thus, the class damages of $9,400.00 are *de minimis* in light of the fact that

each member of the more than 300,000 Settlement Class stands to receive *approximately 3 cents* per class member.

The class statutory damages sought by this lawsuit are "incidental" to, and flow directly from, the injunctive relief agreed to by the Defendant. Indeed, the statutory class damages under the FDCPA are *mechanical and readily determined* by statute insofar as one need only divide the total amount of damages by the total number of class members. [See, 15 U.S.C. § 1692k(a)(2)(B)].

### B. *Notice to Class of Opt-Out & Other Rights*

Settlement Class Members have the ability to opt out of, or object to, the Settlement. Pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, for any class certified under Rule 23(b)(3), the Court must direct to class members the best notice that is "practicable under the circumstances," including individual notice to all members who can be identified through reasonable effort. Here, the Settlement Class Representative Plaintiff and Defendant have agreed to place a summary advertisement notifying Settlement Class Members of the Settlement in a weekday edition of the *New York Post*, which is a publication with statewide distribution in the State of New York. Settlement Class Members will then have an opportunity to opt-out of, or object to, the Settlement. A copy of the Parties' proposed Notice to the Settlement Class, is attached hereto as **Exhibit B**.

The Settling Parties are cognizant of the Supreme Court holding in the matter of *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) wherein the Court held that individual notice must be sent to all class members who can be identified through "reasonable effort". Obviously, the word "reasonable" cannot be ignored. In every case, reasonableness is a function of anticipated results, costs and amount involved. *In re Nissan Motor Corporation Antitrust Litigation*, 552 F.2d 1088, 1097 (5th Cir. 1997).

The best notice practicable and what constitutes reasonable effort to locate potential class members is a determination of fact to be made in the individual litigation. *In re Agent Orange Prod. Liab. Litig.*, 100 F.R.D. 718 (E.D.N.Y. 1983). However, if a class member cannot be identified, then there is no requirement of mandatory individual notice, and the court must exercise its discretion to provide the best notice practicable under the circumstances. *In re Domestic Air Transportation Antitrust Litigation*, 141 F.R.D. 534, 555 (N.D. Ga. 1992). This Court has previously held that the inordinate expense of locating potential class members justifies newspaper notice over direct mail notice to potential class members. *In re Toys "R" Us Anitrust Litig.*, 191 F.R.D. 347, 350 (E.D.N.Y. 2000).

Here, notice to Settlement Class Members by publication is the best notice practicable under the circumstances for the following reasons:

(a) Defendant is unable to identify the Settlement Class Members [See, ***Exhibit D***];

(b) Defendant estimates that there are approximately 300,000 Settlement Class Members [See, ***Exhibit D***]; and

(c) The potential recovery is *3 cents* per class member, and the cost to providing individual notice to each possible class member via U.S. Mail would be prohibitively expensive as it would likely cost $450,000.00.

Reference is made to the Declaration of Keith Rothman attached as ***Exhibit D***. Based upon the factual assertions set forth therein, it is obvious that the identities of potential Settle Class Members cannot be identified through any reasonable effort. In this case, reasonableness is a function of anticipated results. According to the Rothman Declaration, the anticipated results, if any, of any search for potential class members, is poor at best. As it is clear that individual class members may not be identified after a reasonable effort, then there is no requirement that individual notice of the herein class settlement agreement be sent. This Court must then exercise

its discretion to provide the best notice practicable under these circumstances. Consequently, the Settling Parties request that the Court permit notice to the Settlement Class via publication in the form attached hereto as **Exhibit B**.

Importantly, this Court has previously certified FDCPA class settlement agreements pursuant to Fed. R. Civ. P. 23(b)(3), which included similar newspaper notice to the class members. See, *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. 451 (E.D.N.Y. 1996); see also, *Davern v. Arrow Financial Services, LLC et al.* U.S. District Court, E.D.N.Y. Case No. 2:06-cv-06655-SJF-ARL (authorizing notice by publication to national class of consumers who may have received collection telephone message); *Anderson, et al. v. Rubin & Rothman, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:07-cv-03375-SJF-MLO (authorizing notice by publication to New York class of consumers who may have received collection telephone message); *Catala v. Resurgent Capital Services, LP, et al.*, U.S. District Court, S.D. Cal. Case No. 3:08-cv-02401-NLS (authorizing notice by publication to California class of 195,561 potential consumers who may have received a collection letter); see also, *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461 (E.D. Pa. 2000) (FDCPA class settlement holding that a notice plan including one time publication in a newspaper was adequate).

Moreover, the late Honorable Judge Charles Sifton of this Court properly recognized that it is not reasonable to search for the names of class members if it would delay the course of litigation for a year. *Monoco v. Carpinello*, 2006 U.S. Dist. Lexis 85689 (E.D.N.Y.) (approving newspaper notice over mail notice in class action settlement). Here, it would not be reasonable for this Court to compel the search of the names of Settlement Class Members as it is anticipated by the Settling Parties that any such search would further delay the course of this litigation for a similar amount of time. This action was commenced in 2010 and the Parties entered into their

Stipulation of Settlement on March 1, 2011. Accordingly, there is no justification to delay the resolution of this Action any further.

Due process is satisfied even if all potential class members ultimately do not receive actual notice so long as class counsel acted reasonably in selecting means likely to inform the person affected. *Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Here, due process would be satisfied even if all potential Stipulation of Settlement ultimately do not receive notice of the Stipulation of Settlement. Based upon the facts set forth in the Rothman Declaration, and the prior similar FDCPA class settlements set forth, *supra*, which authorized newspaper notice only, the undersigned counsels acted reasonably in selecting the newspaper notice attached hereto as ***Exhibit B***.

There is an overriding public interest in settling and quieting litigation, particularly in class actions. *In re Prudential Sec,, Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995); see also *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116-117 (2d Cir. 2005)(finding a strong public policy in favor or settlement, particularly in the class action context and that the compromise of complex litigation is encouraged by the courts and favored by public policy.)

Based upon the overriding public interest in settling and quieting litigation such as the herein class action, and the strong public policy of favoring settlements such as the herein class settlement which compromises this complex FDCPA litigation this Court should approve the newspaper notice attached hereto as ***Exhibit B***.

### 5. JOINT MOTION

5.01. In light of, and subject to the approval of the Stipulation of Settlement attached hereto as ***Exhibit A***, the Parties move that the Court certify Plaintiff as the Settlement Class Representative Plaintiff for the Settlement Class and that Plaintiff's attorney, William F. Horn, as

Settlement Class Counsel. In the event the proposed Settlement is not approved, however, the Settling Parties agree that the Court will decertify the Settlement Class and take up the issue of certification as a contested matter.

5.02. The Settling Parties have stipulated that any failure of the Court to approve the Stipulation of Settlement shall not operate as a waiver of the claims or defenses of any of the Settlement Parties on the issue of certification at any such contested hearing.

5.03. Settling Parties have further stipulated that certification of the Settlement Class is conditioned upon:

    (a)    the accuracy of the representations and warranties contained in the Stipulation of Settlement;

    (b)    the performance by the Settling Parties of their respective obligations under the Stipulation of Settlement in all material respects prior to the date the Stipulation was signed by the Settling Parties;

    (c)    the entry of a final order releasing, on behalf of Plaintiffs and the Settlement Class, all of the Released Claims as defined in the Stipulation of Settlement;

    (d)    the receipt by the Settling Parties of all documents reasonably required to implement the Stipulation of Settlement; and

    (e)    no other class actions being certified against the Defendant asserting causes of action substantially identical to those asserted by Plaintiff in the present case.

5.04. In the event that any one of the foregoing conditions is not met as required by the Stipulation of Settlement, Settling Parties have agreed that upon motion to the Court, the Court will then decertify the class and take up the issue of certification as a contested matter.

## B. MOTION TO APPROVE SETTLEMENT

## 6. NATURE OF SETTLEMENT

6.01.   The Settlement Parties have agreed in principle to a settlement of this Action on a class-wide basis. The essential terms of the Settlement are set out in the Stipulation of Settlement attached hereto as ***Exhibit A***. The Stipulation of Settlement provides that the Court will certify Plaintiff as the Settlement Class Representative Plaintiff for the Settlement Class, and certify Plaintiff's attorney, William F. Horn, as Settlement Class Counsel. As discussed above, the Stipulation of Settlement provides substantial benefits to the Settlement Class, and is fair, reasonable, and adequate in light of the relevant facts, applicable law, and potential value of the Settlement.

6.02.   Subject to the terms of the Stipulation of Settlement, Defendant agrees to provide the following relief to Plaintiff and the Settlement Class:

***Settlement Fund.*** Defendant shall pay the total sum $87,900.00 as provided herein:

(a)   ***Settlement Class Representative Plaintiff's Individual Relief.*** Settlement Class Representative Plaintiff shall receive $1,000.00, to be paid from the Settlement Fund, as statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i). Settlement Class Representative Plaintiff shall also receive $2,500.00, to be paid from the Settlement Fund, in recognition for his services to the Settlement Class Members.

(b)   ***Class Relief***. $9,400.00, which represents the maximum class recovery available pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii) (i.e. 1% of Defendant's net worth), shall be paid from the Settlement Fund as a *cy pres* payment to one or more charitable organizations without any religious or political affiliations. The recipient(s) of the *cy pres* payment will be designated by mutual agreement of the Settling Parties with the approval of the Court, the identities of which will be disclosed to the Court no later than the Final Fairness Hearing. If the Settling Parties are unable to agree on the recipient(s), the Court will identify the recipient(s).

   (c)  ***Counsel Fees***. Settlement Class Counsel shall be entitled to receive up to $75,000.00 from the Settlement Fund, which is intended to cover all fees and expenses arising out of this lawsuit. Class counsel will accept the amount of fees and expenses awarded by the Court in full satisfaction of reasonable attorney's fees and costs and will not request additional fees from Defendant, Settlement Class Representative Plaintiff, or any Settlement Class Member. Defendant will not oppose or cause to be opposed an attorney fee application, so long as such application does not exceed $75,000.00.

The proposed Stipulation of Settlement was reached through extensive and protracted arms-length negotiations between the Settlement Parties and that Settlement Class Counsel is able and experienced attorney who is well-qualified to evaluate the proposed Stipulation of Settlement on behalf of the Settlement Class Members. Plaintiff asserts, and Defendant does not dispute for settlement purposes only, that the Settlement Class meets the requirements for class certification under Fed. R. Civ. P. 23(b)(3) as discussed, *supra*.

## 7. FINAL ORDER

7.01. At the Final Fairness Hearing, the Settling Parties anticipate presenting a final order giving effect to the Stipulation of Settlement and dismissing with prejudice all claims of any purported Settlement Class Members, which involve the identical factual predicate alleged in the Action, who did not opt-out of the class settlement within the time prescribed by the Court.

## 8. RELEASE

8.01. Upon confirmation of the Stipulation of Settlement at the Final Fairness Hearing the Final Approval Order will release Defendant of all liability to the Settlement Class from any and all claims, including Unknown Claims, which involve the identical factual predicate alleged in the Action arising out of state or federal law. The Final Approval Order will enjoin Settlement Class Members from pursuing or filing suit upon any of the foregoing claims.

WHEREFORE, PREMISES CONSIDERED, Settling Parties pray that the Court:

1. Preliminarily certify the Settlement Class for settlement purposes as set forth in the proposed Stipulation of Settlement;

2. Order that Plaintiff may act as the Settlement Class Representative Plaintiff for of the Settlement Class and that Plaintiff's undersigned attorney may act as Settlement Class Counsel;

3. Set a Final Fairness Hearing to determine whether the Stipulation of Settlement is fair, adequate, and reasonable; and

4. At such Final Fairness Hearing approve the Stipulation of Settlement and grant Final Approval.

Respectfully submitted this 16th Day of January 2012.

| **Attorneys for Defendant:** | **Attorneys for Plaintiff:** |
|---|---|
| LAW OFFICE OF ROBERT L. ARLEO | LAW OFFICE OF WILLIAM F. HORN |
| | |
| *s/ Robert L. Arleo* | *s/ William F. Horn* |
| Robert L. Arleo, Esq. | William F. Horn, Esq. |
| 164 Sunset Park Road | 188-01B 71st Crescent |
| Haines Falls, NY 12436 | Fresh Meadows, NY 11365 |
| Telephone: (518) 589-1016 | Telephone: (718) 785-0543 |
| Facsimile: (518) 751-1801 | Facsimile: (866) 596-9003 |
| E-Mail: r.arleo@verizon.net | E-Mail: bill@wfhlegal.com |