# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RUBIN & ROTHMAN, LLC., a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>Defendants. | CASE NO.: 2:10-cv-04165-ADS-ETB<br><br><br><br>**STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement dated as of February 10, 2011 ("Stipulation"), is made and entered into by and among the following Settling Parties to the Action, as those terms are defined herein:[1] (i) Settlement Class Representative Plaintiff, on behalf of himself and each of the Settlement Class Members, by and through Settlement Class Counsel; and (ii) the Defendant, by and through its counsel of record in this Action. This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

**A.   Parties.** The parties to this Stipulation are, on the one hand, the Defendant, RUBIN & ROTHMAN, LLC, and on the other hand, the Settlement Class Representative Plaintiff, JOHN T. CORPAC, and a Settlement Class, as defined herein.

**B.   Nature of Litigation.** Settlement Class Representative Plaintiff filed the above-captioned Action asserting claims under the federal Fair Debt Collection Practices Act, 15

---

[1] As used in this Stipulation, capitalized terms shall have the meanings and definitions set forth in Section 1 hereof.

U.S.C. §§1692, *et seq.* ("FDCPA"). In his First Amended Class Action Complaint [Doc. 5], the Settlement Class Representative Plaintiff seeks recovery on behalf of a proposed class consisting of (i) all residents of the State of New York; (ii) to whom RUBIN & ROTHMAN, LLC sent a written communication including, but not limited to, the forms attached to the First Amended Complaint as **_Exhibits A through F_**; (iii) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (iv) which was not returned as undelivered by the United States Postal Service or a process server; (v) during the one year immediately preceding the filing of the initial complaint in this action through the date of class certification. Settlement Class Representative Plaintiff contends that Defendant violated the FDCPA by sending the above-referenced written communications to consumers, which make false, deceptive, and misleading representations concerning, *inter alia*, the character, amount, or legal status of debts and whether there was meaningful attorney review or involvement.

      **C.**      **Defendant's Denial of Wrongdoing and Desire to Settle Claims.** Defendant has denied, and continues to deny, each and every claim and allegation of wrongdoing that has been alleged by Settlement Class Representative Plaintiff in the Action. Defendant also has denied, and continues to deny, *inter alia*, any allegations that Settlement Class Representative Plaintiff or Settlement Class Members have suffered any damage whatsoever, have been harmed in any way, or are entitled to any relief as a result of any conduct on the part of Defendant as alleged by Settlement Class Representative Plaintiff in the Action.

Nevertheless, Defendant has concluded that further litigation will entail risks, will likely be protracted and expensive with uncertain results, that settlement of the Action is, therefore, advisable to permit the operation of the Defendant's business without further litigation expenses and the distraction of executive personnel, and that it is, therefore, desirable and prudent that the

Action between Settlement Class Representatives Plaintiff, Settlement Class Members, and Defendant be fully and finally resolved and settled in the manner and upon the terms and conditions set forth in this Stipulation.

      D.      **Settlement Class Representative Plaintiff's Desire to Settle Claims.** With the assistance of legal counsel and after considering the risks, delays, and difficulties involved in establishing a right to recovery in excess of that offered by this Settlement and the likelihood that the litigation will be further protracted and expensive, Settlement Class Representative Plaintiff desires to settle this Action in accordance with this Stipulation.

Settlement Class Representative Plaintiff believes that the claims asserted in the Action have merit and that there is substantial evidence to support his claims. Settlement Class Representative Plaintiff recognizes and acknowledges, however, the expense and length of continued litigation and legal proceedings necessary to prosecute the Action against Defendant through trial and through any appeals. Settlement Class Representative Plaintiff also recognizes and has taken into account the uncertain outcome and risks associated with litigation in general, and the Action in particular, as well as the difficulties and delays inherent in any such litigation. Settlement Class Representative Plaintiff is also mindful of the potential problems of proof and the possible defenses to the unlawful conduct alleged by Settlement Class Representative Plaintiff in the Action, as well as the remedies he seeks. As a result, Settlement Class Representative Plaintiff believes that the Settlement set forth in this Stipulation provides substantial benefits to Settlement Class Members, secures certain consideration and retains important individual rights for Settlement Class Members. Settlement Class Representative Plaintiff and Settlement Class Counsel have, therefore, determined that the Settlement, as set forth in this Stipulation, is fair, reasonable, adequate, and in the best interests of the Settlement

Class.

E. **Class Size.** Defendant has made certain sworn representations to Settlement Class Counsel concerning the number of class members, which is subject to confirmatory discovery by the Settling Parties. Specifically, that there are more than 100,000 members of the Settlement Class.

F. **Net Worth.** The Settling Parties acknowledge that the FDCPA limits class recovery of statutory damages to the lesser of $500,000.00 or 1% of the Defendant's net worth. Defendant has made certain sworn representations to Settlement Class Counsel concerning Defendant's net worth, which is subject to confirmatory discovery by the Settling Parties. Specifically, Defendant has represented that its net worth is approximately, $940,000.00 making $9,400.00 the *maximum* amount of statutory damages that could be recovered if a litigation class were to be certified and the Plaintiff was to prevail on the merits at trial and on appeal.

G. *De Minimis* **Class Recovery.** Based on the size of the Settlement Class and the maximum class recovery of statutory damages permitted by law, payment to each Settlement Class Member of his or her *pro rata* share of statutory damages would be *de minimis* and, therefore, impractical.

H. **Investigation by Counsel.** Settlement Class Counsel has investigated the facts available to him and has researched the relevant law applicable to their claims.

I. **Recommendation of Counsel.** Based upon the foregoing, and upon a rigorous analysis of the benefits which this Stipulation affords to Settlement Class Members, Settlement Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Stipulation.

**J.** **Court Approval.** The Settling Parties acknowledge that Court approval is necessary. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the best notice that is practicable under the circumstances is required and Settlement Class Members are permitted an opportunity to either opt out of, or object to, the Settlement. In light of the significantly large class size, the Defendant's low net worth, and the fact that some class members may be hard to identify, Defendant has agreed to place a summary advertisement notifying Settlement Class Members of the Settlement in a weekday edition of *The New York Post* at least two weeks before the Court's hearing to determine that the Settlement is fair, reasonable, and adequate. Settlement Class Members will have an opportunity to opt-out of, or object to, the Settlement. After affording the Settlement Class Members the opportunity for opting out or making any objections, the Court will hold a hearing to determine that the Settlement is fair, reasonable, and adequate. The Settling Parties acknowledge that this Stipulation will be Exhibit A to the Settlement Class Representative Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement Agreement.

**TERMS**

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** to, by, and among the Settlement Class Representative Plaintiff (for himself and all Settlement Class Members) and the Defendant, for themselves, and through their respective counsel, that the Action shall be finally and fully compromised, settled, and released, the Action shall be dismissed as to all parties, and the claims of the Settling Parties shall be released, subject to the terms and conditions of this Stipulation, and subject to the Final Approval Order approving the Stipulation as "Final" as defined herein.

1. **DEFINITIONS**

    As used in this Stipulation, the following terms shall have the following definitions and meanings:

    1.1  "Action" means the lawsuit captioned as *JOHN T. CORPAC, on behalf of himself and all others similarly situated vs. RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25*, which is pending in the Eastern District of New York and bearing Case Number 2:10-cv-04165-ADS-ETB.

    1.2  "Court" means the United States District Court for the Eastern District of New York.

    1.3  "Defendant" means RUBIN & ROTHMAN, LLC.

    1.4  "Defendant's Counsel" means counsel of record for the Defendant.

    1.5  "Defendant's Related Parties" means each of Defendant's past or present officers, directors, partners, agents, employees, attorneys, accountants or auditors, consultants, legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, customers, clients, and any entity that controls the Defendant.

    1.6  "FDCPA" means the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

    1.7  "Final" means when the last of the following with respect to the Final Approval Order approving the Stipulation has occurred: (i) the expiration of three business days after the time to file a motion to alter or amend the Final Approval Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the

entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with the terms and conditions of this Stipulation.

1.8     "Final Approval" means the approval of the Stipulation and the Settlement by the Court at or after the Final Fairness Hearing, and entry of the Final Approval Order.

1.9     "Final Approval Order" means the order entered by the Court giving Final Approval of the Stipulation and dismissing all claims.

1.10.    "Final Fairness Hearing" means the hearing at which the Stipulation and the Final Approval Order are presented by the Settling Parties for Final Approval and entry by the Court.

1.11     "Interim Attorney's Fees" means the non-refundable $37,500.00 payment made by Defendant to Settlement Class Counsel pursuant to Paragraph 2.4.

1.12     "Preliminary Approval" means the preliminary approval of the Stipulation by the Court and conditional certification of the Plaintiff Settlement Class.

1.13     "Settlement" means the settlement entered into by the Settling Parties as set forth in, and embodied by, this Stipulation.

1.14     "Settlement Class" means all persons (i) who are residents of the State of New York; (ii) to whom RUBIN & ROTHMAN, LLC sent a written communication including, but not limited to, the forms attached to the First Amended Complaint as ***Exhibits A through F***; (iii) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (iv)

which was not returned as undelivered by the United States Postal Service or a process server; (v) during the one year immediately preceding the filing of the initial complaint in this Action up through and including the date of order granting Preliminary Approval.

1.15 "Settlement Class Counsel" means counsel of record for the Settlement Class Representative Plaintiff, William F. Horn.

1.16 "Settlement Class Member" means a person who falls within the definition of the Settlement Class as defined, *supra*, in Paragraph 1.14 of the Stipulation.

1.17 "Settlement Class Period" means the period extending from one year immediately prior to the filing of the initial complaint in this Action up through and including the date of Preliminary Approval.

1.18 "Settlement Class Representative Plaintiff" means John T. Corpac.

1.19 "Settlement Fund" means the amount paid by Defendant pursuant to Paragraph 2.3 herein.

1.20 "Settlement Fund Final Payment" means the remainder of the Settlement Funds paid by Defendant to Settlement Class Counsel after taking into account the Interim Attorney's Fees pursuant to Paragraph 2.4

1.21 "Settling Parties" means, collectively, the Defendant, as defined herein, by and through its counsel of record, and the Settlement Class Representative Plaintiff on behalf of himself and all Settlement Class Members, by and through Settlement Class Counsel.

1.22 "Stipulation" means this Stipulation of Settlement.

1.23 "Ultimate Approval" means that the Final Approval Order has become Final, as defined herein.

1.24 "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action for damages arising out of, or relating to, claims involving the identical factual predicate alleged in the Action, which any person does not know or suspect to exist in his, her, or its favor at the time of the release of claims which, if known by him, her, or it, might have affected his, her, or its settlement and release of claims for damages.

**2. TERMS OF THE SETTLEMENT**

In consideration of the foregoing and the mutual promises and obligations under this Stipulation, it is stipulated and agreed by and between Settlement Class Representative Plaintiff, Settlement Class Counsel, Defendant, and Defendant's Counsel that, subject to the approval of the Court, the Action be and hereby is settled upon the following terms and conditions:

2.1 **Effective Date.** This Settlement will be effective upon the Effective Date, which is the date the settlement becomes Final as defined in Paragraph 1.7 above.

2.2 **Certification of Settlement Class.** Defendant stipulates to the certification of a Settlement Class as defined in Paragraph 1.13 under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

2.3 **Settlement Fund.** Defendant shall pay the total sum $87,900.00 to be allocated as follows:

(a) *Settlement Class Representative Plaintiff's Individual Relief.* Settlement Class Representative Plaintiff shall receive $1,000.00, to be paid from the Settlement Fund, as statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i). Settlement Class Representative Plaintiff shall also receive $2,500.00, to be paid from the Settlement Fund, in recognition for his services to the Settlement Class Members.

(b)     *Class Relief*. $9,400.00, which represents the maximum class recovery available pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii) (i.e. 1% of Defendant's net worth), shall be paid from the Settlement Fund as a *cy pres* payment to one or more charitable organizations without any religious or political affiliations. The recipient(s) of the *cy pres* payment will be designated by mutual agreement of the Settling Parties with the approval of the Court, the identities of which will be disclosed to the Court no later than the Final Fairness Hearing. If the Settling Parties are unable to agree on the recipient(s), the Court will identify the recipient(s).

(c)     *Counsel Fees*. Settlement Class Counsel shall be entitled to receive up to $75,000.00 from the Settlement Fund, which is intended to cover all fees and expenses arising out of this lawsuit. Class counsel will accept the amount of fees and expenses awarded by the Court in full satisfaction of reasonable attorney's fees and costs and will not request additional fees from Defendant, Settlement Class Representative Plaintiff, or any Settlement Class Member. Defendant will not oppose or cause to be opposed an attorney fee application, so long as such application does not exceed $75,000.00.

Any fee and expense application, any fee and expense award, and any and all matters related thereto, shall not be considered part of the Stipulation, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and shall not operate to terminate or cancel the Stipulation or Settlement, and shall not affect or delay the finality of any Final Approval Order approving the Stipulation and the Settlement of the Action.

2.4     **Payment.** Within five days of Settlement Class Representative Plaintiff's filing of this Stipulation with the Court, Defendant will deliver the Interim Attorney's Fees, to the Law

Office of William F. Horn, payable to "William F. Horn, IOLA Account." Within ten calendar days after Final Approval, Defendant will deliver the Settlement Fund Final Payment to the Law Office of William F. Horn, payable to "William F. Horn, IOLA Account." Upon delivery of the Settlement Fund Final Payment, Settlement Class Counsel agrees to indemnify and hold Defendant and Defendant's Related Parties harmless with respect to Defendant's payment obligations under this Stipulation. Upon delivery of the Settlement Fund Final Payment, no person shall have a claim against Defendant based on, arising from, or relating to the distribution of benefits from the Settlement Fund. Settlement Class Counsel shall hold the Settlement Fund Final Payment in trust and make no disbursements until three calendar days after Ultimate Approval. Thereafter, Settlement Class Counsel shall have twenty-one calendar days to disburse the Settlement Fund Final Payment in accordance with this Stipulation and will provide Defendant's Counsel with proof of distribution of the *cy pres* settlement funds.

**3.     RELEASE AND RETENTION OF CERTAIN RIGHTS AND CLAIMS.** All releases set forth below are void if the Settlement does not receive Ultimate Approval. The releases under this Paragraph are conditioned upon Defendant's full performance of all its obligations under this Stipulation, including confirmatory discovery.

3.1     **Settlement Class Representative Plaintiff**: Upon Final Approval of the Settlement, Settlement Class Representative Plaintiff will be deemed to have released, and by operation of the Final Approval Order shall have fully, finally, and forever released, relinquished and discharged Defendant and Defendant's Related Parties from any and all claims, including Unknown Claims, arising out of or relating to the allegations and/or claims asserted in the Action arising out of state or federal law, including any and all such claims relating to Defendant's use of written communications (including legal pleadings).

3.2     **Other Settlement Class Members**. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, upon Final Approval of the Settlement, all Plaintiff Settlement Class Members will be deemed to have released, and by operation of the Final Approval Order shall have fully, finally, and forever released, relinquished, and discharged Defendant and Defendant's Related Parties from any and all claims for damages or injunctive relief, including Unknown Claims for such relief, arising out of, or related to, claims involving the identical factual predicate asserted in the Action arising out of state or federal law, including any and all such claims relating to Defendant's use of written communications (including legal pleadings).

4.     **RELEASE OF ATTORNEY'S LIEN**.

In consideration of the Settlement, Settlement Class Counsel hereby waives, discharges, and releases Defendant and Defendant's Related Parties from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Action. Settlement Class Counsel further represents and certifies that no other person is entitled to any sum for attorney's fees in connection with the Action, and the undersigned attorney agrees to indemnify, defend, and save harmless Defendant and Defendant's Related Parties from any claim for attorney's fees in connection with this action.

5.     **EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

5.1     If the Settlement does not receive Ultimate Approval, then the Settlement and this Stipulation shall become null and void; the effects of such event include, without limitation, that the Defendant shall not be prejudiced in any way from opposing any additional certification of a class or classes in the Action or in any other litigation, and Settlement Class Counsel will return the Settlement Funds Final Payment to Defendant. The Defendant expressly states that they would oppose class certification were the matter not to be settled. The Settling Parties

acknowledge that the possibility of a grant or denial of class certification is one of the risks being compromised as part of the Settlement. Furthermore, the Settlement Funds Final Payment shall be returned to the Defendant if an Order of the Court granting Final Approval to the Settlement is overturned after exhaustion of all appeals, and a revised settlement is not submitted to the Court within 180 days following the exhaustion of such appeals.

   5.2  In the event that the Settlement does not receive Ultimate Approval, or the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties and the Settlement Class Members shall each be restored to their respective positions in the Action as of the business day immediately preceding the signing of this Stipulation.

**6.  PRELIMINARY APPROVAL.**

   As soon as practical after the execution of this Stipulation, Settlement Class Counsel will file a, Unopposed Motion For Class Certification and Preliminary Approval of Class Settlement Agreement ("Motion"), which will include a copy of this Stipulation attached to the Motion as <u>Exhibit A</u>, a proposed Preliminary Approval Order attached to the Motion as <u>Exhibit B</u>, a proposed Final Order attached to the Motion as <u>Exhibit C</u>, and will seek entry of the Preliminary Approval Order including:

   (a)  Defining the Settlement Class;

   (b)  Defining the Settlement Class Claims;

   (c)  Appointing Settlement Class Counsel;

   (d)  Preliminarily approval of this Settlement;

   (e)  Directing notice to the Class as set forth in this Stipulation; and

   (f)  Setting a date for a hearing pursuant Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure to determine whether the settlement is fair, reasonable, and

adequate.

**7.     MISCELLANEOUS PROVISIONS**

7.1     The Settling Parties acknowledge that it is their intent to consummate this Settlement, and agree to cooperate fully with one another in taking whatever steps are necessary and appropriate to complete the Settlement, including seeking both Preliminary, Final, and Ultimate Approval of the Settlement, and to use their best efforts to effectuate the full performance of the terms of the Settlement, and to protect the Settlement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to the facts or claims alleged in the Action, if so required.

7.2     To the extent that any disputes or issues arise with respect to documenting the Settlement, the Settling Parties agree to use their best efforts to informally resolve any such disputes or issues; but, in the event any such dispute or issue cannot be resolved informally, to bring any such dispute or issue to the Court for resolution.

7.3     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Action, except as specifically provided for herein. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at all times at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent and experienced legal counsel.

7.4     Neither this Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)     is, or may be deemed to be, or may be used as an admission or evidence

of, the validity of any claims asserted in the Action, or of any wrongdoing or liability on the part of Defendant; or

(b) is, or may be deemed to be, or may be used as an admission or evidence of any fault or omission of the Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendant may file this Stipulation and/or the Final Approval Order in any action that has been or may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion, or any similar defense or counterclaim.

7.5 No person shall have any claim against Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Stipulation or any Settlement-related order(s) of the Court.

7.6 This Stipulation may be amended or modified only by a written instrument signed by Defendant's Counsel and Settlement Class Counsel, or their respective successors-in-interest.

7.7 The Stipulation constitutes the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, other than those contained here. This Stipulation replaces and voids any and all previous agreements concerning the Settlement of the Action. Except as provided for with respect to Settlement Class Counsel's Fees, each Settling Party bears its own costs.

7.8 Settlement Class Counsel, on behalf of the Settlement Class, is expressly authorized by Settlement Class Representative Plaintiff to take all appropriate action required or permitted to be taken by the Plaintiff Settlement Class pursuant to the Stipulation to effectuate its

terms, and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that he deems necessary or appropriate.

7.9   Each attorney executing this Stipulation on behalf of any Settling Party warrants that such attorney has the full authority to do so. Settlement Class Counsel shall obtain the original signature of Settlement Class Representative Plaintiff.

7.10   This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Facsimile signatures shall deemed originals. A complete set of executed counterparts shall be filed with the Court.

7.11   This Stipulation is binding upon, and inures to the benefit of, the successors and assigns of the Settling Parties.

7.12   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation. The Settling Parties shall present the Court with proposed Orders that allow for such retention of jurisdiction, in accordance with applicable law.

7.13   The Stipulation shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by the internal, substantive, laws of the State of New York without giving effect to that State's choice-of-law principles.

7.14   Settlement Class Counsel represents that he has no other individual clients who have currently engaged him to pursue claims brought in the Action against Defendant.

7.15  If any Settling Party commences any action arising out of this Stipulation, including, without limitation, any action to enforce or interpret this Stipulation, the prevailing party or parties in such action shall be entitled to recover its reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Settling Parties to compensate fully the prevailing party for all attorneys' fees paid or incurred in good faith.

**IN WITNESS WHEREOF**, the Settling Parties, acting by and through their respective counsel of record, have so agreed.

**Defendant:**
RUBIN & ROTHMAN, LLC

By: *Keith H. Rothman*
Keith Rothman
Its, Managing Partner
Dated: ~~February ___, 2011~~
   March 1, 2011

**Attorneys for Defendant:**
RUBIN & ROTHMAN, LLC

*[signature]*

Joseph Latona, Esq. (JL-3468)
1787 Veterans Memorial Highway
Islandia, NY 11722
Telephone: (631) 234-1500, ext. 120
Facsimile: (631) 234-1138
E-Mail: jlatona@rubinrothman.com
Dated: ~~February 10, 2011~~
   March 1, 2011

**Plaintiff:**

*[signature]*
JOHN T. CORPAC
Dated: ~~February ___, 2011~~
   March 1, 2011

**Attorney for Plaintiff:**
LAW OFFICE OF WILLIAM F. HORN

*[signature]*

William F. Horn, Esq. (WH-1070)
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com
Dated: February 10c, 2011