# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

JOHN T. CORPAC, an individual; *et al.*,

                Plaintiffs,

vs.

RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; *et al.*,

                Defendants.

-------------------------------------------------------x

CASE NO.: 2:10-CV-04165-ADS-ETB

**FINAL APPROVAL ORDER**

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:    all persons in the State of New York to whom RUBIN & ROTHMAN, LLC sent a written communication, including lawsuits, in an attempt to collect a debt that was incurred for personal, family, or household purposes, which was not returned as undelivered by the United States Postal Service or a process server, during a period beginning on September 8, 2009 and _____, 2012.

**NOTICE IS HEREBY GIVEN THAT**, pursuant to the Order of the United States District Court for the Eastern District of New York, (the "Court"), dated _____, 2012, it was determined that the above-captioned lawsuit may be settled on behalf of a Class of plaintiffs (the "Class") pursuant to Fed. R. Civ. P. 23 and defined as follows:

1. All individuals who reside in the State of New York:

    (a) to whom the Defendant sent a written communication in the form attached Exhibits A though F of Plaintiff's First Amended Complaint on file with the Court;
    (b) in an attempt to collect a debt that was incurred for personal, family, or household purposes;
    (c) which was not returned as undelivered by the United States Postal Service or a process server;
    (d) during the period from September 8, 2009, through _____, 2012.

    **A.**    **Summary of the Litigation**

Plaintiff, John T. Corpac ("Plaintiff") received a series of collection letters and a lawsuit from Defendant, Rubin & Rothman, LLC ("Defendant") in connection with its efforts to collect a consumer debt. The Plaintiff alleges that the Defendant's written communications are computer generated and mass-produced by Defendant and then sent to consumers without having received

any meaningful review or involvement by a licensed attorney in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"). The Plaintiff has not alleged that Defendant's conduct caused or was capable of causing any actual damages.

The Defendant denies Plaintiff's allegations and denies that it has any liability to the Plaintiff or the Class, but has agreed to settle this case based on the likely high cost of protracted litigation. The FDCPA provides for the recovery of actual and statutory damages as well as payment of costs and reasonable attorneys' fees to a successful plaintiff. The lawsuit seeks only statutory damages, and the maximum amount of statutory damages recoverable in a class action under the FDCPA is limited to the lesser of $500,000 or 1% of Defendant's net worth. Even if the Court were to award the maximum amount allowed by law such an amount such amount would total only a few cents per class member.

For a complete statement of all the contentions and proceedings in this case, you should consult the files relating to this lawsuit, which are available for your inspection at the office of the Clerk of the United States District Court, For the Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, NY 11722-4438.

### B. Certification of the Class

The Class was conditionally certified, pursuant to Fed. R. Civ. P. 23(b)(3), as a class action. The Court has appointed Plaintiff to serve as representative of the Class, and his attorney, William F. Horn, to serve as Counsel for the Class.

### C. Settlement of the Lawsuit

Under the terms of the proposed settlement Defendant has agreed to provide the following relief to the Plaintiff and the Class:

1. Defendant shall pay to _____ as a *cy pres* distribution on behalf of the Class the total sum of $9,400.00, which amount represents 1% of Defendant's net worth.

2. Defendant will pay Plaintiff $1,000.00 for his individual claim for statutory damages under the FDCPA, and an additional $2,500.00 for his services to the Class.

4. Defendant Rubin & Rothman LLC shall bear the costs of class administration, and (subject to approval of the Court) pay the reasonable attorney's fees and expenses of Plaintiff's attorney in the amount of $75,000.00.

Upon final approval of the settlement the Court will enter a judgment dismissing the lawsuit with prejudice and releasing the Defendant of all liability to the Plaintiff and the Class for the Released Claims. Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

### D. What You Can Do

You have three choices:

1. <u>Do Nothing.</u> If you do not want to exclude yourself and you do not object to the settlement, it is not necessary for you to take any action.

2. <u>Opt Out.</u> You have the <u>right to exclude yourself</u> from the class action and the settlement. If you choose to do this, you **must** do <u>three</u> things: (a) put your request in writing, (b) **no later than _____, 2012,** file that written request with the Clerk of the United States District Court, Eastern District of New York, located at 944 Federal Plaza, Central Islip, New York 11722, and (c) **no later than _____, 2012**, serve a copy of that written request upon Class Counsel, William F. Horn, and Defendant's counsel, Robert L. Arleo, at the addresses listed below.

> *Note: Unless you intend to pursue your claim on an individual basis, there is no benefit to excluding yourself. If you exclude yourself from the class, you will have no right to object to the settlement because the settlement will not be binding on you.*

3. <u>Object.</u> If you object to the settlement, you **must** do <u>three</u> things: (a) put your objection in writing including a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class, (b) **no later than _____ 2012,** file that written objection with the Clerk of the United States District Court, Eastern District of New York, located at 944 Federal Plaza, Central Islip, New York 11722, (c) **no later than _____ 2012,** serve a copy of that written objection upon Class Counsel, William F. Horn, and Defendant's counsel, Robert L. Arleo, at the addresses listed below.

> *Note: If you object, you should plan to appear at the Fairness Hearing so that your objection can be properly considered by the Court.*

### **ATTORNEY ADDRESSES**

CLASS COUNSEL:

William F. Horn, Esq.
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
E-mail: bill@wfhlegal.com

DEFENDANT'S COUNSEL:

Robert L. Arleo, Esq.
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, New York 12436
Telephone (518) 589-1016
E-mail: r.arleo@verizon.ne

## FAIRNESS HEARING

On _____, 2012 at \_\_:\_\_ \_\_.m., a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will hear any objections and concerning the fairness of the proposed settlement. **The hearing will take place before Senior Judge Arthur D. Spatt at the United States District Court, Eastern District of New York, located at 944 Federal Plaza, Central Islip, New York 11722.**

## WHAT YOU SHOULD KNOW

If you wish, you may consult with an attorney (at your expense), exclude yourself from the case, or file objections, as described above. You also have the right to file an appearance in the case if you wish.

No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to class certification, the Class Settlement, Class Counsel's proposed attorney's fees and expenses, or the proposed payments to Plaintiff unless not later than 5:00 p.m. on _____, 2012, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Defendant's Counsel the following: (i) a statement of each objection being made; (ii) a detailed description of the facts underlying each objection; (iii) a detailed description of the legal authorities underlying each objection; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony; and (vi) a list of exhibits which the objector may offer during the Fairness Hearing, together with true copies of all of the exhibits.

Class Members and any other persons who fail to file their notices and objections properly or timely with the Court Clerk, or fail to serve such notices and objections on Class Counsel and Defendant's Counsel timely will not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Defendant's Counsel by certified mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court which: (a) does not comply with these requirements; (b) is not timely filed with the Court; or (c) is not timely served on listed counsel. Until the Fairness Hearing described above, or further order of the Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against the Defendant or any of their respective officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case.

Questions concerning this class action litigation should be directed to Class Counsel at the address above.

## PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK