# EXHIBIT "D"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,

                Plaintiffs,

vs.

RUBIN & ROTHMAN, LLC., a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.

----------------------------------------x

CASE NO.: 2:10-cv-04165-ADS-ETB

**DECLARATION OF KEITH ROTHMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

I, Keith Rothman, of full age, hereby certify as follows:

1.     I am an attorney duly admitted to practice law in the State of New York. I am the managing partner of the Defendant, RUBIN & ROTHMAN, in the above-entitled action and, in that regard, I submit this affidavit in support of the Parties' Motion for an Order Granting Preliminary Approval of Class Action Settlement (CAS).

2.     My law firm has always had a policy and practice of sending initial written communications to consumers which followed the Second Circuit mandate issued in *Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360* (2d Cir. 2005) (i.e., advising consumers that "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.").

3.     During the discovery phase of this lawsuit I, along with other attorneys in my law firm, conducted an extensive investigation of our business records to determine which consumers may be part of the class defined in the CAS. Unfortunately, the collection software, systems, and policies used by my law firm at that time did not track this type of information so we have no way to determine the actual number or identities of potential putative class members.

4. Based on my personal review and investigation of my law firm's business records I estimate that there may be as many as 300,000 class members who received at least one written communication from my law firm that did not include the *Greco* advisement. However, this does not mean that any communication was sent without any meaningful attorney review.

5. The Defendant continues to deny any liability based upon the allegations of violation of the FDCPA and has entered into the CAS solely to avoid the costs of continued litigation of this matter. It is the Defendant's position that the Second Circuit has never adequately defined the legal procedures necessary to constitute "meaningful attorney review" so as to satisfy the mandates of the FDCPA.

6. During the discovery phase of this lawsuit I provided Plaintiff's counsel with the financial information for my law firm, which establishes that my law firm's net worth is approximately $940,000.00.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 16th day of January, 2012, at Islandia, New York.*

*[signature]*
KEITH ROTHMAN