UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated,

    Plaintiffs,

vs.

RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

    Defendants.

----------------------------------------x

CASE NO.: 2:10-CV-04165-ADS-ETB

**PRELIMINARY APPROVAL ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★ APR 05 2012 ★

LONG ISLAND OFFICE

The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, JOHN T. CORPAC ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, RUBIN & ROTHMAN, LLC ("Defendant").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

  A. The Settlement Class is so numerous that joinder of all members is impracticable;

  B. There are questions of law and fact common to the proposed Settlement Class.

  C. The individual claims of Plaintiff are typical of the claims of the Settlement Class;

  D. Plaintiff is an appropriate and adequate representative for the Settlement Class;

  E. The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

  F. A class action is superior to other methods for fairly and efficiently settling this controversy;

G. With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, William F. Horn, will fairly and adequately represent the interests of the Settlement Class;

H. With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I. and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as (i) all persons in the State of New York (ii) to whom RUBIN & ROTHMAN sent a written communication in substantially the same form attached as ***Exhibits A through F*** to Plaintiff's First Amended Complaint [Doc. 5]; (iii) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (iv) which was not returned as undelivered by the United States Postal Service or a process server; (v) during a period beginning on September 8, 2009 and ending on the date this Order is entered.

    (b) defines the "Class Claims" as those claims arising from Defendant's written collection communications including, but not limited to, those communications attached as ***Exhibits A through F*** to Plaintiff's First Amended Complaint [Doc.

5], wherein Defendant falsely implies or represents the level of attorney involvement and is, therefore, misleading within the meaning of the FDCPA;

(c) appoints Plaintiff as the Class Representative; and

(d) appoints Plaintiff's counsel, William F. Horn, as Class Counsel.

2. The Court approves the Parties' proposed Class Notice and directs that it be published in a weekday edition of *The New York Post* on or before **April 16**, 2012.

3. The Court finds that publication of the Class Notice in a weekday edition of The New York Post is the best notice practicable under the circumstances and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class members shall have until **MAY 14**, 2012, to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the



request for exclusion or objection must be postmarked by _MAY 21_____,
2012.

5. Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _June 25_____, 2012 at _9:30am_.

**IT IS SO ORDERED:**

_____
HONORABLE ARTHUR D. SPATT
Senior Judge, United States District Court

Dated: 4/5/12

4