RECEIVED MAY 14 2012 JUDGE SPATT'S CHAMBERS

16 Arista Drive
Dix Hills, New York 11746
May 10, 2012

Clerk of the Court
United States District Court
for the Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 14 2012 ★
LONG ISLAND OFFICE

RE: John T. Corpac v. Rubin & Rothman, LLC
Case No.: 2:10-cv-04165-ADS-ETB

OBJECTION TO PROPOSED SETTLEMENT

Dear Sir:

Upon information and belief, I believe that I am a member of the Class in the above-captioned action. I object to the terms of the proposed settlement, which I do not believe are fair, reasonable, adequate, and in the best interests of the Class.

I object to the proposed settlement of this action in its entirety. The Defendant has only agreed to settle this action, because it is concerned about "the likely high cost of protracted litigation." Should the Court accept the proposed settlement, the Defendant walks away relatively unscathed, albeit its bank account slightly diminished, and its reputation virtually untarnished. Inasmuch as the Defendant denies the Plaintiff's allegations and it denies that it has any liability to the Plaintiff or the Defendant, there can be no promise, by the Defendant, that the conduct which led to this action will not occur in the future. I believe that it is in the best interests of the Class that this action goes to trial.

Should this action not go to trial, then I object to the section of the proposed settlement in which the Defendant shall pay to The National Consumer Law Center the amount of $9,400.00 as a *cy pres* distribution on behalf of the Class, which supposedly amounts to one percent of the Defendant's net worth. There is no empirical proof that The National Consumer Law Center represents, advances, or defends the interests of, or speaks for, the Plaintiff or the members of the Class. Even if the Court were to award the maximum amount allowed by Law, and such amount would only total a few cents per Class member, the Defendant has agreed to bear the costs of Class administration, and it should be required to write individual checks in such small amounts and mail them to the members of the Class.

I do not object to having the Defendant pay the Plaintiff $1,000.00 for his individual claim for statutory damages under the FDCPA, and an additional $2,500.00 for his services to the Class. I do not object to having the Defendant pay all the costs of class administration. I do not object to having the Defendant pay Plaintiff's attorney his reasonable fees and expenses in the amount of $75,000.00.

Very truly yours,

Peter Margulies

CC: William F. Horn, Esq.
    Class Counsel

    Robert L. Arleo, Esq.
    Defendant's Counsel

Peter Margulies
16 Arista Drive
Dix Hills, NY 11746

MID-ISLAND NY 117

10 MAY 2012 PM 9 T



Clerk of the Court
United States District Court
for the Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 14 2012   ★

LONG ISLAND OFFICE

11722+4444