**BROMBERG LAW OFFICE, P.C.**

Brian L. Bromberg (Admitted in NY & CA)
Michael N. Litrownik, Associate (Admitted in NY & MA)

40 Exchange Place, Suite 2010
New York, NY 10005
Phone: (212) 248-7906
Fax:   (212) 248-7908

June 27, 2012

Via ECF & First Class Mail
Honorable Arthur D. Spatt, U.S.D.J.
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Corpac v. Rubin & Rothman, LLC*, No. 10-cv-4165 (ADS)(ETB)

Dear Judge Spatt:

My office, together with CAMBA Legal Services, Inc., represents Patrick Sejour, a class member in the above-referenced class action filed under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*

I am writing (a) to respond to the letter filed by Robert Arleo, Esq. (ECF# 29) in which he requests permission to conduct a video deposition because Mr. Sejour has objected to the settlement entered into between John Corpac and Rubin & Rothman, LLC, and (b) to prohibit Mr. Arleo from submitting a reply.

**Defendant's request to depose Mr. Sejour should be denied.**

I request that Your Honor deny Mr. Arleo's request to depose Mr. Sejour. Mr. Sejour is an objector. He has exercised his legal right to come forward to challenge a settlement (1) in which the class counsel has a conflict of interest that prevents him from being adequate for purposes of Rule 23, (2) that results in payment of $9,400 to a not-for-profit organization in exchange for wiping out the rights of more than 100,000 – or more than 300,000 – class members, and (3) that results in a fee award of up to $75,000. It is unclear why Defendant wishes to depose Mr. Sejour, and no reason for the request is provided in Defendant's letter. It is axiomatic that Courts should not do things without a reason or that are unnecessary. Because no justification for the deposition is provided, the Court must reject it.

More importantly, it is not appropriate for objectors to be deposed, as their motivations for objecting are not relevant. The Third Circuit case of *In re Fine Paper Antitrust Litigation*, 751 F.2d 562 (3d Cir. 1984), directly addresses this situation. The objections there related to the fees class counsel was seeking. Class counsel served "subpoenas upon objectors' counsel for the purpose of cross-

1

examination to establish the objectors' motivation in pressing their objections to the requested fees." *Id.* at 586-87. The panel upheld the trial court's quashing of the subpoenas as irrelevant under Federal Rule of Evidence 403. The Court determined that the motivation of the objectors was of no consequence to the determination of the issue before them, the question of attorney's fees. Specifically the Court stated that there was no abuse of discretion "in the court's refusal to permit an already cluttered record to be further confused by an inquiry so completely collateral to the central issue of reasonableness of the fee requests." *Id.*

Just like the objectors in *Fine*, Mr. Sejour can provide no information that relates to or would affect determining the two issues on which further briefing was requested: (a) whether a conflict between the counsel for Plaintiff and Defendant prevents Plaintiff's counsel from being adequate for Rule 23 purposes, and (b) whether the settlement is fair. Simply put, Mr. Sejour cannot help the court decide these issues in any way. Therefore, Mr. Sejour should no more be subject to a videotaped deposition than should the *pro se* objector in this case, Peter Margulies, who filed a cogent objection to the parties' failure to distribute any moneys to the class members. *See* Mr. Margulies letter (ECF# 25).

## Mr. Arleo Should Not Be Permitted to Submit a Reply Brief

Finally, Mr. Arleo's request to submit a reply brief should be denied because everything discussed at oral argument during the Final Approval Hearing can be dealt with in one final brief.

Respectfully,

Brian L. Bromberg

cc:   William F. Horn, Esq. (Via ECF)
      Robert Arleo, Esq. (Via ECF)
      Matthew Schedler, Esq. (Via ECF)

2

Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on June 27, 2012, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

William F. Horn, Esq.
Robert Arleo, Esq.
Matthew Schedler, Esq.

Dated:  June 27, 2012

            /s/ Brian L. Bromberg
            Brian L. Bromberg

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005