**BROMBERG LAW OFFICE, P.C.**

| | |
|---|---|
| Brian L. Bromberg (Admitted in NY & CA) | 40 Exchange Place, Suite 2010 |
| Michael N. Litrownik, Associate (Admitted in NY & MA) | New York, NY 10005 |
| | Phone: (212) 248-7906 |
| | Fax:    (212) 248-7908 |

July 2, 2012

<u>Via ECF & First Class Mail</u>
Honorable Arthur D. Spatt, U.S.D.J.
U.S. District Judge
P.O. Box 9014
Central Islip, NY 11722-9014

Re:   *Corpac v. Rubin & Rothman, LLC*, No. 10-cv-4165 (ADS)(ETB)

Dear Judge Spatt:

  We are writing to briefly address the new arguments made by class counsel, William Horn, in his recent letter to the Court, dated June 29, 2012 (ECF# 33), and to request a protective order preventing Mr. Arleo from serving or enforcing the subpoena he faxed and emailed to our offices on the same day. We are attaching a copy of the subpoena and cover letter from Mr. Arleo as <u>Exhibit A</u>.

  Mr. Horn's letter addresses the question of whether Mr. Sejour should be deposed in three ways.  First, Mr. Horn offers his justification for the deposition, by claiming (1) that the factual basis for the objections are not clear and that Mr. Sejour will be able to supply these facts, and (2) that Mr. Sejour has a motive for the objections that has some importance and which must be determined.  Second, Mr. Horn offers a new argument for why a deposition is required – claiming a "constitutional right to confront" Mr. Sejour. Third, Mr. Arleo and Mr. Horn have decided to subpoena Mr. Sejour regardless of the Courts decision on whether a deposition is proper. We will address these claims one-at-a-time.

  First, Mr. Horn's argument that Mr. Sejour can offer relevant factual information that will assist in determining whether Mr. Horn is adequate class counsel under Rule 23 is incorrect. The basis of Mr. Sejour's objection is that because Mr. Horn and Mr. Arleo have an attorney-client relationship and a co-counsel relationship, a conflict exists that prevents Mr. Horn from adequately representing the interests of the class or from being appointed class counsel. The evidence supporting this claim is in our initial letter to the court in which we cited not only the case in which Mr. Horn was Mr. Arleo's client, but many of the dozens of cases in which Mr. Horn and Mr. Arleo have co-counseled. *See* ECF# 27. These cases are all a matter of public record; all of the evidence of the relationship

1

between Mr. Horn and Mr. Arleo is contained in the PACER electronic database and within the personal knowledge of Mr. Horn and Mr. Arleo. As stated before, Mr. Sejour cannot provide any testimony that would enhance the ability of Mr. Horn or Mr. Arleo to address the Rule 23 adequacy issue raised in our letter. Indeed, had the Court learned of this issue on its own and ordered briefing *sua sponte*, there would be no scenario under which Mr. Sejour would be thought to be able to offer relevant testimony, or would be called upon to be deposed.

As to Mr. Sejour's motives, as discussed in previous letters and as highlighted in *In re Fine Paper Antitrust Litigation*, 751 F.2d 562 (3d Cir. 1984), Mr. Sejour's motives for objecting are not relevant to determining the issues to be briefed: whether Mr. Horn and Mr. Arleo relationship constitutes a conflict that prevents Mr. Horn from being adequate for Rule 23 purposes or whether the settlement is fair. Thus, deposing Mr. Sejour would not be reasonably likely to lead to the discovery of admissible evidence concerning the only issues remaining to be briefed.

Mr. Horn's second argument is a new legal justification to depose Mr. Sejour not contained in any earlier letter: specifically, that Mr. Horn has a "constitutional right to confront" that requires he be allowed to depose Mr. Sejour. By its own terms, however, the Confrontation Clause, found in the Sixth Amendment, applies only to criminal defendants. U.S. Const. amend. VI ("in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him"). The Confrontation Clause does not inform whether an objector to a class action can be deposed and, therefore, this argument should be ignored.

Mr. Horn also alleges that kickbacks are passing between the Bromberg Law Office, P.C. and CAMBA Legal Services, Inc. Not only are these allegations false, but this charge is serious – if Mr. Horn has evidence of this, he should offer it to the Court. If, instead, the claim was made without evidence, the Court should consider addressing it in an appropriate fashion. The Court should not allow Mr. Horn's rhetoric to distract from the two issues on which it has requested further briefing: whether Mr. Horn and Mr. Arleo's relationship prevents Mr. Horn from being adequate class counsel under Rule 23 and whether the settlement is fair.

Finally, Mr. Arleo and Mr. Horn have decided that they will proceed with taking Mr. Sejour's deposition absent this Court's decision on their motion. To that end, on June 29, 2012, Mr. Arleo faxed and emailed us deposition notices that he states he will serve if we do not agree to produce Mr. Sejour for deposition. We are writing to request that Your Honor issue a protective order prohibiting Mr. Arleo and Mr. Horn from attempting to serve or enforce this subpoena, a copy of which is attached as Exhibit A, while the Court is deciding their motion as to whether they should be allowed to depose Mr. Sejour in the first place.

Respectfully,

Bromberg Law Office, P.C.

By: _____
Brian L. Bromberg

CAMBA Legal Services, Inc.

By: _____
Matthew A. Schedler

cc:   William F. Horn, Esq. (Via ECF)
      Robert Arleo, Esq. (Via ECF)

# Exhibit A

**Brian L. Bromberg**

| | |
|---|---|
| **From:** | R. ARLEO <r.arleo@verizon.net> |
| **Sent:** | Friday, June 29, 2012 3:09 PM |
| **To:** | brian@bromberglawoffice.com |
| **Cc:** | matthewsc@camba.org |
| **Subject:** | Fwd:  Corpac |
| **Attachments:** | FAX_20120629_1340996239_27.pdf |

Mr. Bromberg and Mr. Schedler:

   Included in this email is an efax containing a subpoena for your client, Patrick Sejour. As his counsels I believe that each of you are authorized to accept service of this subpoena upon his behalf. Upon notice to me of acceptance of the herein subpoena I will overnight to Mr. Schedler all subpoena fees as required by the Federal Rules of Civil Procedure.

                    Robert L. Arleo


Jun 29, 2012 06:57:39 PM, message@inbound.efax.com wrote:



Fax Message [Caller-ID: 518-589-1011]

You have received a 2 page fax at 2012-06-29 18:57:19 GMT.

* The reference number for this fax is spr1_did11-1340996089-5187511801-27.

View this fax using your PDF reader.


Please visit www.eFax.com/en/efax/twa/page/help if you have any questions regarding this message or your service.

Thank you for using the eFax service!

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| JOHN T. CORPAC, an individual et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  2:10-CV-04165-ADS-ETB |
| RUBIN & ROTHMAN, LLC, a New York Limited ) | |
| Liability Company et al. ) | (If the action is pending in another district, state where: ) |
| *Defendant* ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Patrick Sejour    755 Fenimore Street, Apt. 4B, Brooklyn, New York  11203

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court, Eastern District of New York, Office of the Clerk, First Floor, 944 Federal Plaza, Central Islip, New York | Date and Time: 07/16/2012 10:00 am |
|---|---|

The deposition will be recorded by this method:  _Stenographer and videotape_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all of the foregoing which support your allegation that a conflict of interest exists between Class Counsel William F. Horn and Defense Counsel Robert L. Arleo.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  06/29/2012

*CLERK OF COURT*

OR  _/s/ signature_

_Signature of Clerk or Deputy Clerk_                                    _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Rubin & Rothman, LLC
_____, who issues or requests this subpoena, are:
Robert L. Arleo, Esq., 164 Sunset Park Road, Haines Falls, New York  12436  email r.arleo@verizon.net
Tel. No. 518-589-1016

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Brian L. Bromberg

| | |
|---|---|
| **From:** | R. ARLEO <r.arleo@verizon.net> |
| **Sent:** | Friday, June 29, 2012 3:44 PM |
| **To:** | brian@bromberglawoffice.com |
| **Cc:** | matthewsc@camba.org |
| **Subject:** | Fwd:   Corpac |
| **Attachments:** | FAX_20120629_1340998208_31.pdf |

Please disregard prior subpoena and replace with the herein subpoena. Incorporate in the herein email all other portions of my prior email.

Jun 29, 2012 07:36:06 PM, message@inbound.efax.com wrote:



### Fax Message [Caller-ID: 518-589-1011]

You have received a 2 page fax at 2012-06-29 19:30:08 GMT.

\* The reference number for this fax is spr1_did11-1340998060-5187511801-31.

View this fax using your PDF reader.

Please visit www.eFax.com/en/efax/twa/page/help if you have any questions regarding this message or your service.

Thank you for using the eFax service!

1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| JOHN T. CORPAC, an individual et al. | )
*Plaintiff* | )
v. | ) Civil Action No. 2:10-CV-04165-ADS-ETB
RUBIN & ROTHMAN, LLC, a New York Limitied Liability Company et al. | )
| ) (If the action is pending in another district, state where:
*Defendant* | )                                                            ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Patrick Sejour    755 Fenimore Street, Apt. 4B, Brooklyn, New York  11203

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: United States District Court, Eastern District of New York, Office of the Clerk, First Floor, 944 Federal Plaza, Central Islip, New York | Date and Time:<br>07/16/2012 10:00 am |
|---|---|

The deposition will be recorded by this method:   **Stenographer and videotape**

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  06/29/2012

            *CLERK OF COURT*
                                                            OR    _/s/ signature_
     _____                            _____
       Signature of Clerk or Deputy Clerk                              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Rubin & Rothman, LLC
_____ , who issues or requests this subpoena, are:
Robert L. Arleo, Esq., 164 Sunset Park Road, Haines Falls, New York  12436  email r.arleo@verizon.net
Tel. No.  518-589-1016

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on July 2, 2012, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

William F. Horn, Esq.
Robert Arleo, Esq.
Matthew Schedler, Esq.


Dated: New York, New York
       July 2, 2012

                                    /s/ Brian L. Bromberg
                                    Brian L. Bromberg

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005