**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOHN T. CORPAC, an individual; on behalf of
himself and all others similarly situated,

                Plaintiffs,             **ORDER**
                                                            10-CV-4165 (ADS) (ETB)
           -against-

RUBIN & ROTHMAN, LLC, a New York
Limited Liability Company; and JOHN AND
JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.
---------------------------------------------------------X

**APPEARANCES:**
**Law Offices of William F. Horn**
*Attorney for the plaintiffs*
188-01B 71st Crescent
Fresh Meadows, NY 11365
       By: William F. Horn, Esq., Of Counsel

**Robert L. Arleo, Esq.**
*Attorney for the defendant Rubin & Rothman*
164 Sunset Park Road
Haines Falls, NY 12436

**Rubin & Rothman**
*Attorneys for the defendant Rubin & Rothman*
1787 Veterans Memorial Highway
Islandia, NY 11722
       By: Joseph Latona, Esq., Of Counsel

**Bromberg Law Office, P.C.**
Attorneys for the objector, Patrick Sejour
40 Exchange Place, Suite 2010
New York, NY 10005
       By: Brian L. Bromberg, Esq., Of Counsel

**CAMBA Legal Services**
Attorneys for the objector, Patrick Sejour
885 Flatbush Avenue, 2nd Floor
Brooklyn, NY 11266
       By: Matthew A. Schedler, Esq.

**SPATT, District Judge**.

## I. BACKGROUND

This case involves allegations by John T. Corpac, on behalf of himself and a putative class (the "class" or "the plaintiffs"), that Rubin & Rothman, LLC ("the defendant") sent written collection communications that falsely represented or implied that an attorney had meaningfully reviewed the plaintiff's account and was meaningfully involved with the decision to send the communication in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.* On March 3, 2011, the parties notified the Court that they had settled the case. On January 16, 2012, the parties filed a motion to certify the class and grant preliminary approval of the class action settlement.

On June 25, 2012, the Court held a fairness hearing on the proposed settlement of the case. Patrick Sejour ("Mr. Sejour" or "the objector") opposed the settlement on the grounds that: (1) there was a conflict of interest between counsel for the plaintiffs, William F. Horn, Esq., of the Law Office of William F. Horn ("Mr. Horn" or "class counsel") and counsel for the defendant, Robert L. Arleo, Esq. ("Mr. Arleo"); (2) the terms of the settlement relating to the size of the class; the defendant's net worth; and the release of claims were vague and unfair; and (3) the provision of the settlement providing for an award of attorney's fees for class counsel of up to $75,000 was excessive. The objector was represented at this hearing by Brian L. Bromberg, Esq. of Bromberg Law Office, P.C. ("Mr. Bromberg") and Matthew A. Schedler, Esq. of CAMBA Legal Services ("Mr. Schedler" and together with Mr. Bromberg, "objector's counsel").

At the conclusion of the hearing, the Court granted the parties an opportunity to submit papers addressing the alleged conflict of interest between Mr. Horn and Mr. Arleo. The Court

directed Mr. Horn and Mr. Arleo to submit their papers no later than July 23, 2012, and permitted the Objector's counsel until August 23, 2012 to submit an opposition.

Subsequent to the hearing, the Court received the following submissions from the parties:

- On June 26, 2012, defendant's counsel submitted a letter to the Court requesting an opportunity to: (1) file a reply brief and (2) depose Mr. Sejour. (DE 29);

- On June 27, 2012, objector's counsel submitted a letter opposing only the request to depose Mr. Sejour. (DE 30);

- On June 28, 2012, the defendant's counsel filed a "Motion for Discovery to conduct deposition of objector Patrick Sejour" regarding the "basis for [his] objections and motivations for [his] objections" and seeking an adjournment of the dates for filing submissions until 20 days of Mr. Sejour's deposition. (DE 31);

- On June 28, 2012, in addition to opposing the motion for discovery, objector's counsel filed a motion to strike the defendant's motion for discovery for allegedly being in violation of Eastern District, Local Civil Rule 37.3(c) and improperly raising new arguments that should have been included in his initial request to depose Mr. Sejour. (DE 32);

- On June 29, 2012, class counsel filed a letter joining in the defendant's requests to file reply briefs and depose Mr. Sejour. However, class counsel took the position that leave from the Court to take Mr. Sejour's deposition was not necessary pursuant to Fed. R. Civ. P. 30(a)(1). Furthermore, in this letter, Mr. Horn alleged that the objector had not "disclosed to the Court the improper financial motives of his counsel -- namely, that Mr. Bromberg has an improper financial arrangement of kicking back money to an attorney (Matthew S[c]hedler) and his non-profit employer (CAMBA Legal Services, Inc.)." (DE 33);

- On July 2, 2012, objector's counsel filed a "Motion for a Protective Order", responding to the arguments in the letter from class counsel, and seeking an order of the Court prohibiting Mr. Arleo and Mr. Horn from serving a deposition subpoena on Mr. Sejour while their motion to take his deposition is pending. In addition, objector's counsel requested that the Court should consider addressing Mr. Horn's allegations of an improper kickback scheme "in an appropriate fashion". (DE 34).

## II. DISCUSSION

**A. The Request to Take Mr. Sejour's Deposition**

As the court recognized in <u>In re Publication Paper Antitrust Litigation</u>, No. 04-MD-1631, 2005 WL 1629633 (D. Conn Sept. 7, 2005), although "[t]he Federal Rules of Civil Procedure do not provide for discovery from absent class members . . . . under the general authority provided

3

to them in the class action context by Rule 23(d), federal courts have, on occasion, allowed such discovery to take place." Id., at *1. The court further noted that, "those courts that have allowed such discovery have required the defendant to (1) make a strong showing of the need for the particular discovery and (2) narrowly tailor its requests to its particular need, so as not to burden the absent members." Id. (collecting cases).

Here, the Court finds that neither the defendant nor the plaintiffs have made a "strong showing" to depose Mr. Sejour. The bases for Mr. Sejour's objections are clear. He objects to the adequacy of the settlement amount; the language regarding the release of claims; the calculation of the class size and the defendant's net worth; and the amount of proposed attorney's fees. These issues either are matters of statutory interpretation, or based on information within the possession of class counsel. In addition, Mr. Sejour objects to a potential conflict of interest between Mr. Arleo and Mr. Horn based on their working relationship in a number of separate litigations, which may have contributed to the alleged deficiencies in the settlement. The Court "fail[s] to see how motives of the [Objector], other than the obvious financial one of maximizing [his] recovery, would make any fact of consequence to the determination of reasonable fees [,the amount of damages or the restriction on pursuing future claims] more or less probable." In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3d Cir. 1984).

Nevertheless, counsel for the defendant and the class argue that the Court should permit the deposition of Mr. Sejour on the narrowly tailored ground of his "nefarious motivations underpinning his objections and request to intervene". (DE 33.) Although Mr. Arleo and Mr. Horn contend that they are interested in Mr. Sejour's motivations, based on their arguments at the June 25, 2012 hearing and subsequent submissions, it is clear that their main concern is the

4

motivation of objector's counsel in opposing this settlement, as well as settlements in other FDCPA litigations. This "raises a concern that the proposed discovery is being sought to gain a tactical advantage" not only in this litigation, but in all FDCPA class actions involving counsel for the parties, "rather than needed information". In re Publication Paper Antitrust Litig., 2005 WL 1629633, at *2; see also Trombley v. Bank of America Corp., No. 08-CV-456, 2011 WL 3740488, at * 5 (D.R.I. Aug. 24, 2011) (denying a request to include in a class notice that counsel would be able to depose objectors, noting that although "[c]ourts have recognized the problems caused by so-called professional objectors, who assert meritless objections in large class action settlement proceedings to extort fees or other payments . . . [t]he parties cite no case, however, in which a court has adopted all of the proposed objection procedures advocated here, which include . . . the opportunity for discovery conducted by class or defense counsel").

Accordingly, the Court denies the request by the defendant and the class to depose Mr. Sejour. To the extent such a subpoena has already been served, the Court grants the objector's motion to quash the subpoena. However, the Court reserves the right to order Mr. Sejour's deposition if it determines that such a deposition is necessary following the written submissions.

**B. The Request to File Reply Briefs**

The Court agrees with class counsel, as expressed in his June 29, 2012 letter, that deposing Mr. Sejour is less important when the parties are permitted an opportunity to submit reply briefs. Moreover, the objector does not appear to oppose this request. Thus, the Court grants the request by the defendant and the class to submit reply briefs addressing the alleged conflict of interest between Mr. Arleo and Mr. Horn, not to exceed 10 pages, by September 7, 2012.

5

### C.  The Defendant's Net Worth

At the June 25, 2012 hearing, the objector raised the issue of whether the proposed settlement accurately reflected the defendant's net worth.  Under the circumstances of this case, in order to assess the fairness of the proposed settlement, the Court deems it necessary to review the documentation relating to the defendant's net work.  Accordingly, class counsel is directed to provide the Court with all of the information and documents reviewed to determine the defendant's net worth for the purposes of the settlement by August 3, 2012.  This information may be submitted *ex parte* and under seal until the Court determines whether it is necessary to disclose such information to the objector.

### D.  The Alleged Improper Kickback Scheme

Mr. Horn has alleged that Mr. Bromberg and Mr. Schedler are involved in an improper kickback scheme.  Rule 7.2 of the New York Rules of Professional Conduct sets forth those situations where a lawyer is permitted to accept payment for referrals.  The Court does not have nearly enough information to determine whether the alleged monetary arrangement—if it even exists—between Mr. Bromberg and Mr. Schedler violates this rule.  However, an allegation of an improper kickback scheme is serious, and the Rules of Professional Conduct prohibit attorneys from knowingly asserting facts "that are false", Rule 3.1, or knowingly "mak[ing] a false statement of fact or law to a tribunal",  Rule 3.3(a)(1).  Moreover, in "appearing as a lawyer before a tribunal, a lawyer shall not . . . engage in undignified or discourteous conduct".  3.3(f)(2).  Comment 13 to Rule 3.3 states:

> . . . In adversary proceedings, ill feeling may exist between clients, but such ill feeling should not influence a lawyer's conduct, attitude, and demeanor toward opposing lawyers. A lawyer should not make unfair or derogatory personal reference to opposing counsel. Haranguing and offensive tactics by lawyers interfere

6

> with the orderly administration of justice and have no proper place
> in our legal system.

While the assertions by objector's counsel regarding a conflict of interest between Mr. Arleo and Mr. Horn directly relate to an issue before this Court, namely whether the proposed settlement is fair, allegations regarding Mr. Bromberg and Mr. Schedler are on their face unrelated to this case.

This Court may refer cases to the Chief Judge for possible disciplinary proceedings before the Committee on Grievances under Local Rule 1.5(f) where it appears that a lawyer has violated the New York State Lawyer's Code of Professional Responsibility. <u>See</u> Local Rule 1.5(f). Mr. Horn's allegations against Mr. Bromberg and Mr. Schedler are serious. Equally serious are the implications of Mr. Horn's allegations about the alleged kickback scheme if he made them to this Court without any basis in fact. Thus, the Court orders Mr. Bromberg, Mr. Schedler, and Mr. Horn to show cause by July 27, 2012, in a submission not to exceed 10 pages in length, as to why this case should not be referred to the Chief Judge for possible disciplinary proceedings under Local Rule 1.5(f). Opposition and reply briefs will only be accepted upon request by the Court.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the request by the defendant and the plaintiffs to depose Mr. Sejour is denied, or, to the extent such a subpoena has already been served, the objector's motion to quash the subpoena is granted, and it is further

**ORDERED**, that the defendant and the plaintiffs shall submit a reply brief not to exceed 10 pages in length by September 7, 2012 addressing the objector's contention that there is a conflict of interest between Mr. Horn and Mr. Arleo; and it is further

**ORDERED**, that class counsel is directed to provide the Court with all of the information and documents reviewed to determine the defendant's net worth for the purposes of the settlement by August 3, 2012, and it is further

**ORDERED**, that Mr. Bromberg, Mr. Schedler, and Mr. Horn to show cause by July 27, 2012, in a submission not to exceed 10 pages in length, as to why this case should not be referred to the Chief Judge for possible disciplinary proceedings under Local Rule 1.5(f).

**SO ORDERED.**

Dated: Central Islip, New York
July 18, 2012

                                                    */s/ Arthur D. Spatt*_____
                                                      ARTHUR D. SPATT
                                                United States District Judge