UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    10-CV-4165 (ADS)(ETB)

JOHN T. CORPAC, an individual; on behalf
of himself and all others similarly situated,

                Plaintiffs

        -against-                                ATTORNEY AFFIRMATION

RUBIN & ROTHMAN, LLC, a New York
Limited Liability Company; and JOHN AND
JANE DOES NUMBERS 1 through 25,

                Defendants
-----------------------------------------------------------x

ROBERT L. ARLEO, an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Eastern District of New York, hereby affirms the underlying to be true under the penalties of perjury.

      1. I am a counsel of record for the Rubin & Rothman, LLC, a Defendant named in the above-entitled matter.

      2. In submit the herein affirmation in conjunction with the allegation by objector Patrick Sejour that there exists a conflict of interest between attorney William F. Horn, attorney for the Plaintiff, and myself.

3. At no time did I ever communicate directly with Mr. Horn in regard to the Class Settlement Agreement ("CSA") during the time period in which settlement discussions were taking place. All settlement discussions occurred between attorney Joseph A. Latona and attorney Horn. Importantly, at no time did I ever engage in a telephone conference call with Mr. Latona and Mr. Horn during the time period in which settlement discussions were taking place nor did I ever meet with Mr. Latona and Mr. Horn during the time period in which the settlement discussions were taking place.

4. I did speak with Mr. Latona in conjunction with the above-entitled action on occasion since the inception of the above-entitled action. Mr. Latona sought my advice regarding procedural class action issues as he does not typically litigate class action matters. However, at no time did I ever seek to influence settlement discussions which were occurring between Mr. Latona and Mr. Horn and at no time did I otherwise request to participate in the settlement discussions.

5. I entered an appearance in this action on December 22, 2011 solely based upon the fact that my client was growing impatient with the fact that no formal motion for preliminary approval of the CSA was filed by attorney Horn and my appearance herein is limited solely to assist in obtaining final approval of the CSA which was negotiated by Mr. Latona and Mr. Horn

DATED: Haines Falls, New York
        July 23, 2012

                                                                    */s/ Robert L. Arleo*
                                                                    ROBERT L. ARLEO