UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
JOHN T. CORPAC, an individual; on behalf of   )
himself and others similarly situated,        )      No. 10-CV-4165(ADS)(ETB)
                                              )
                                              )
              Plaintiff,                      )
                                              )
          -AGAINST-                           )
                                              )
RUBIN & ROTHMAN, LLC, a New York              )
Limited Liability Company; and JOHN AND       )
JANE DOES NUMBERS 1 THROUGH 25.               )
                                              )
              Defendants.                     )
------------------------------------------------------------x
```

**Declaration of Matthew Schedler, Esq., Attorney for Objector, Patrick Sejour, in Opposition to Referring Me and My Co-Counsel, Brian Bromberg, To the Chief Judge for Disciplinary Proceedings and in Support of Referring William F. Horn, Esq. to the Chief Judge for Disciplinary Proceedings.**

Under 28 U.S.C. § 1746, I, Matthew Schedler, do hereby declare under penalty of perjury, that the following is true and correct:

1. I am an attorney employed by CAMBA Legal Services, Inc.

2. I am submitting this declaration to show cause why my co-counsel, Brian Bromberg, and I should not be referred to the Chief Judge for disciplinary proceedings.

3. I am also submitting this declaration in support of referring William F. Horn, Esq. to the Chief Judge for disciplinary proceedings.

4. In his letter dated June 29, 2012, Plaintiffs attorney, William F. Horn, Esq., accuses me, my employer, CAMBA Legal Services, Inc., and my co-counsel, Brian Bromberg, of engaging in an "improper financial arrangement of kicking back money."

5. This is a complete fabrication.

6. No kickback scheme exists between me, Mr. Bromberg, or CAMBA Legal Services, Inc. Mr. Horn's claim was entirely made up and is without any factual basis.

7. Because Mr. Horn's claims of an improper kickback scheme are not true, my co-counsel and I should not be referred to the Chief Judge for disciplinary proceedings.

8. Conversely, falsely accusing two attorneys and a non-profit organization of engaging in an improper kickback scheme violates New York's ethical rules and Mr. Horn should be referred to the Chief Judge for disciplinary action.

9. CAMBA, Inc. is a large community based non-profit located in the Flatbush neighborhood of Brooklyn. CAMBA Inc. has over 1,300 employees and provides a wide spectrum of social services across areas as diverse as domestic violence counseling, small business development, and adult and family literacy. CAMBA Legal Services, Inc. is the legal services arm of CAMBA, Inc., and provides free legal services to low income New Yorkers in the areas of housing, foreclosure, domestic violence, immigration, and consumer law.

10. I began working at CAMBA Legal Service, Inc. in January 2008 as a housing attorney. In March of 2008, I moved from the housing unit to take over the newly formed consumer law unit. I have been the sole attorney in the consumer unit since that time.

11. As an employee of CAMBA Legal Services, Inc., I receive a salary. If we receive attorney's fees for a case those monies go into a separate account and are used for general funding of the legal services program.

12. CAMBA Legal Services, Inc.'s consumer law unit is funded by New York State's IOLA fund and is a collaboration between CAMBA Legal Services, Inc. and four other non-profit legal services providers: the Urban Justice Center, Northern Manhattan

Improvement Corporation, Housing Conservation Coordinators, and Goddard Riverside Community Center's SRO Law Project.

13. Providing a full time consumer attorney at each of these organizations would be cost prohibitive, so instead, these non-profits work in coalition, referring existing clients to the full time consumer attorney at CAMBA Legal Services, or the part-time consumer attorneys at Northern Manhattan Improvement Corporation or the Urban Justice Center. This way, a small amount of resources can be used to provide services to a large number of clients across multiple organizations.

14. CAMBA Legal Services' consumer law unit assists clients with a broad range of consumer issues; for example, defending clients in collection actions, assisting to correct errors on credit reports, consumer related legislative advocacy, and affirmative impact litigation.

15. When undertaking complex impact litigation CAMBA Legal Services, Inc. will often engage other non-profits or private attorneys to assist with the case. New York's IOLA fund encourages fund recipients to engage the private bar, and without this assistance, much of our impact work would not be possible. A single attorney, or a few attorneys comprising one of our units, simply does not have the resources to undertake large complex litigation and continue to provide the direct representation our clients desperately need. Moreover, engaging private attorney is a way to bring in additional outside knowledge thereby increasing the likelihood of success.

16. This type of leveraging of resources is common. It is a way for legal services and non-profit organizations to have a broader impact, and a way for private attorneys to do *pro bono* legal work.

17. This is the exact type of relationship we have with Mr. Bromberg in this action.  Mr. Bromberg and I know each other because we are both active in the consumer law community; we have attended conferences together and served on the New York City Bar's Civil Court Committee together.

18. We have objected here because we believe that there is a conflict of interest that prevents Mr. Horn from being adequate class counsel and because the settlement unfairly voids the claims of 300,000 consumers who receive no benefit.  We made this objection to protect those consumers.

19. As stated above, Mr. Horn's claim that there is a kickback scheme is wholly fabricated, and neither I, nor Mr. Bromberg, nor CAMBA Legal Services, Inc. have acted improperly in any way.

20. Mr. Horn's claims are invented, and while heated rhetoric often accompanies litigation, his statements go beyond that.  Mr. Horn has accused me, Mr. Bromberg, and CAMBA Legal Services, Inc. of violating serious ethical duties and, perhaps, the law.

21. This is not appropriate attorney conduct.  These statements are not merely discourteous but, go much farther, accusing something, that if true, would possibly put our ability to practice law in jeopardy.  Because Mr. Horn's false statements are such serious charges, the court should view this violation harshly, and Mr. Horn should be referred to the Chief Judge for sanctions.

22. Mr. Bromberg and I should not be referred to the Chief Judge because there is no truth to Mr. Horn's claims.

Dated: New York, New York
July 27, 2012

/s/ Matthew Schedler
Matthew Schedler, Esq., Of Counsel
Kathleen Masters, Esq. Executive Director
CAMBA Legal Services, Inc.
885 Flatbush Ave., 2nd Floor
Brooklyn, New York 11226
Telephone: (718) 940-6311
Facsimile: (718)462-5537
E-mail: matthewsc@camba.org

## Certificate of Service

I, Matthew Schedler, an attorney, hereby certify that on July 27, 2012, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District of New York's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Robert Arleo, Esq.


William Horn, Esq.


Dated: New York, New York
      July 27, 2012

/s/ Matthew Schedler
Matthew Schedler

Matthew Schedler, Esq., Of Counsel
Kathleen Masters, Esq. Executive Director
CAMBA Legal Services, Inc.
885 Flatbush Ave., 2nd Floor
Brooklyn, New York 11226
Telephone: (718) 940-6311
Facsimile: (718)462-5537
E-mail: matthewsc@camba.org