UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

JOHN T. CORPAC, an individual; on behalf of
himself and all others similarly situated,

                    Plaintiffs,

                vs.

RUBIN & ROTHMAN, LLC., a New York
Limited Liability Company; and JOHN AND
JANE DOES NUMBERS 1 THROUGH 25,

                    Defendants.

---------------------------------------------------------x

CASE NO.: 2:10-cv-04165-ADS-ETB

**RESPONSE OF WILLIAM F. HORN,
ESQ. TO COURT'S ORDER TO SHOW
CAUSE (DOC. NO. 36)**

**TO THIS HONORABLE COURT:**

      William F. Horn, Counsel for plaintiff John Corpac in this action, submits the following response to this Court's order to show cause. Doc. No. 36:

      The Court's order requests that plaintiff's counsel explain in writing the basis for the statement made in his June 29, 2012 letter (Doc. No. 33) (the "letter") that counsel for objector Patrick Sejour, Brian Bromberg, and Matthew Schedler of CAMBA Legal Services, were engaged in "…an improper financial arrangement." The Court's order identifies three separate questions to which counsel is directed to respond, each dealing with the statement referenced above:

    (1) New York Rule of Professional Conduct ("Rule(s)") Rule 3.1 which identifies as a violation of the Rules the knowing assertion of facts "that are false";

    (2) Rule 3.3(a)(1) which likewise identifies as a violation of the Rules the knowing assertion to a court a false statement of fact or law; and

    (3) Rule 3.3(f)(2) which proscribes conduct by counsel appearing before a court which is "undignified or discourteous" in nature.

1

Mr. Horn discusses below the facts known, and circumstances presented, at the time of his letter and, in turn, the application of the Rules to those facts.

## I. PRELIMINARY STATEMENT

The acrimony at the hearing between counsel for the parties, on the one hand, and Mr. Bromberg, on the other hand, was palpable at the hearing. Notwithstanding that fact, this Court is not the appropriate place for counsel – or anyone – to air those grievances. In light of this, the undersigned takes this opportunity to apologize to the Court for burdening its docket with these matters ultimately determined to be ancillary to whether the proposed settlement was fair.

As will be explained in further detail below, it was never counsel's intention to relate to the Court irrelevant or salacious material. Moreover, counsel cannot overstate that it is not, and has never been, his intention to knowingly or otherwise submit false material to the Court or anyone else. Mr. Horn's letter to the Court did include an assertion Mr. Horn believed based upon information imparted to him, and which he honestly felt was relevant to the subject matter of the issues presented to the Court. Counsel understands the Court's determination that the statement did not relate to the objection presented and endeavors in this response to explain as best possible the genesis of the referenced comment and, accordingly, the basis therefor.

## II. FACTUAL BASIS FOR THIS RESPONSE[1]

### A. BACKGROUND INFORMATION CONCERNING MR. HORN

Mr. Horn has been admitted to practice law in the State of New York since 1995 and has remained a member in good standing since that time. Horn's license to practice law has never been suspended or revoked by the State of New York or any court. There are no disciplinary

---

[1] As the signatory of this response, Mr. Horn submits this document, and attests to the facts set forth herein, pursuant to 28 U.S.C. § 1746.

proceedings pending against Mr. Horn in any jurisdiction and no discipline has previously been imposed upon him in any jurisdiction.

Mr. Horn received his bachelor's degree from the University of Pennsylvania in 1983 and graduated from the Brooklyn Law School in 1994. Horn also holds a Master of Science degree in Real Estate Development, which was earned from New York University in 1994. Prior to attending law school, Mr. Horn worked in the finance and real estate sectors. From 1989 to 1991, Horn worked for Baring Institutional Realty Advisors, Inc. where he performed lease analyses and prepared cash-flow projections for businesses. From 1984 to 1987, Mr. Horn worked for Bear Stearns and Company, Inc., as a credit analyst determining the financial creditworthiness for major financial institutions and Manufacturers Hanover Trust Company as an international banking officer.

Prior to and following his graduation from law school and admission to the New York bar, Mr. Horn worked as a legal consultant and contract attorney for several large multinational law firms and corporations. From 2004 to 2009, Mr. Horn practiced law at Skadden, Arps, Slate, Meagher & Flom, LLP in both its Real Estate and Litigation departments, where he performed all activities relating to large real estate transactions and trial preparation in multi-million dollar class-action lawsuits. From 2000 to 2004, Horn worked as a contract attorney for, among others, Schulte, Roth & Zabel, LLP and Solomon Zauderer, Ellenhorn, Frischer & Sharp, where he advised their respective Corporate and Securities Litigation groups concerning trial strategy. From 1998 to 2000, Mr. Horn served as a corporate associate at Simpson, Thacher & Bartlett, LLP where he practiced securities law. From 1994 to 1998, Mr. Horn was engaged as a solo practitioner and consultant handling a variety of real estate litigation matters as well as practicing before the U.S. Bankruptcy Court and the U.S. Immigration Court.

Since leaving Skadden Arps in 2009, Mr. Horn has been engaged as a solo practitioner and has nurtured a growing practice representing consumers on claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.*. Mr. Horn is now, including in this matter, involved in consumer class and individual claims filed in several courts. Mr. Horn has been certified to act as class counsel in the following consumer class action lawsuits: *Anderson, et al. v. Nationwide Credit, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:08-cv-01016-LDW-ETB; *Harrigan v. Receivables Performance Management, LLC*, U.S. District Court, N.D.N.Y. Case No. 8:09-cv-01351-RFT; *Gravina v. United Collection Bureau, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:09-cv-04816-LDW-AKT; *Gravina, et al. v. National Enterprise Systems, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:09-cv-02942-JFB-GRB; A*nderson, et al. v. Nationwide Credit, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:10-cv-03825-LDW-ETB; *Pawelczak v. Bureau of Collection Recovery, LLC*, U.S. District Court, N.D. Ill. Case No. 1:11-cv-01415; *Zirogiannis v. Professional Recovery Consultants, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:11-cv-00887-LDW-ETB; *Lagana v. Stephen Einstein & Associates, P.C. et al.*, U.S. District Court, S.D.N.Y. Case No. 1:10-cv-04456-KMW-GWG; *Castellano, et al. v. Global Credit & Collection Corporation*, U.S. District Court, E.D.N.Y. Case No. 2:10-cv-05898-JFB-WDW; and *Cedeno v. Bureau of Collection Recovery, Inc.*, U.S. District Court, C.D. Cal. Case No. 8:10-cv-01960-JVS-FFM.

B. **INFORMATION UPON WHICH MR. HORN'S STATEMENT WAS BASED**

Approximately one-and-one-half years ago, Mr. Horn engaged in discussions with an attorney with whom he is acquainted on a personal level to discuss the possibility of referrals to

Mr. Horn's law firm from the non-profit entity for whom that individual worked.[2] This individual made a request of that non-profit entity and was told that the entity would refer cases only to Mr. Bromberg and no other attorneys. Upon further investigation, Mr. Horn found that certain non-profits in the area also regularly referred consumer-related plaintiff's cases to Mr. Bromberg, and few – if any – other attorneys.

From this information, Mr. Horn extrapolated that there was a financial arrangement between such not-for-profit entities and Mr. Bromberg or his firm. Mr. Horn had a genuine belief this was the case based upon the information imparted to him and there being no other reason uncovered for the exclusivity of the arrangement between Mr. Bromberg and not-for-profits generally. When Mr. Horn reviewed Rule 1.5(g) and 7.2(a), he believed that an exclusive referral agreement for consumer law cases and possible payment of referral fees for the same potentially violated, at minimum, the spirit of the Rules in relation to referral fees and the use of not-for-profit entities to procure legal work. Mr. Horn also questioned how an attorney might, under such circumstances, maintain the independent judgment necessitated by Rule 7.2(b)(1), (2). In this sense, Mr. Horn believed the arrangements generally between Mr. Bromberg and non-profit entities was potentially improper. When he sent the letter, Mr. Horn did not harbor a belief that the information imparted to him, or his presumptions based upon that information, were false.

In drafting his letter, Mr. Horn relied upon the factual premise discussed above and extrapolated from that premise the substance of the statement upon which this Court has issued

---

[2] This discussion purposefully shields the name of the individual with whom these conversations were held. That individual shared the information referenced herein without any knowledge that Mr. Horn would later disseminate the same to the Court. Mr. Horn requests that the Court allow him to shield the identity of this individual and accept his representations concerning the content of those conversations as an officer of the Court.

5

its order to show cause. Mr. Horn harbored a *bona-fide* belief in the truth of the statement made and did not – and would not – represent to this Court any matter (factual or legal) that he knew to be incorrect or false. The statement was not made with the intent to be discourteous to counsel or the Court or in an attempt to treat this forum in an undignified or unbecoming manner. To the extent the statement has offended counsel or the Court or is otherwise viewed as undignified conduct, Mr. Horn respectfully apologizes to both counsel and the Court.

Under the circumstances presented here, Mr. Horn respectfully submits that his letter is not violative of the Rules as required by Local Rule 1.5(b)(5) and respectfully requests that the Court discharge its order to show cause based thereon and decline reference to the Chief Judge for possible disciplinary proceedings.

### III.   LEGAL ANALYSIS

As the Court notes in its order, the standard for violation of Rule 3.1(a) and 3.3(a)(1) is the knowing representation to the court of a fact that is false. *Cf. In re Capoccia,* 144 A.D.2d 231, 233 (3rd Dept. 1988) (discussing former DR 7-102 (A) (1), (2) and (5)). The term "knowingly" is defined as "…actual knowledge of the fact in question[,]" including knowledge which may be inferred from circumstances. N.Y. R. Prof. Conduct 1.0(k). Rule 3.3(f)(2) proscribed engagement in "undignified or discourteous conduct."

In relation to Rules 3.1(a) and 3.3(a)(1), Mr. Horn did not provide to the Court information he knew to be false. Rather, he and his office provided to the Court information which he felt was reliable and which formed the basis of the statement set forth in the letter. Which is to say that Mr. Horn believed in the truth of the statement made. This fact demonstrates that Mr. Horn did not act with the knowledge necessary to form the scienter required for a violation of either Rule 3.1(a) or 3.3(a)(1).

In relation to Rule 3.3(f)(2), Mr. Horn understands how his statements might be seen by the Court as discourteous or undignified in view of its ruling that the information provided to the Court was ancillary to the issue for determination, namely the tenability of the objection by Mr. Sejour.  However, at the time the letter was presented to the Court, Mr. Horn's intent was not to clog the Court's docket with salacious material or embarrass counsel.  Rather, the information in the letter was included to explain both why the objection was characterized as inappropriate and the reason(s) the deposition of Mr. Sejour was considered necessary.

Mr. Horn understands and respects the Court's decision that those matters were unnecessarily interjected into the proceeding because they are not relevant to the Court's consideration whether the settlement or counsel are adequate as to the absent class members.  However, that decision was made on disputed contentions and was not disseminated until the Court's adoption in its Order of July 18, 2012 (Doc. No. 36) of the reasoning set forth by the Third Circuit in *In re Fine Paper Antitrust Litig*., 751 F.2d 562, 587 (3d Cir. 1984).  At the time the letter was presented, the material included in it reasonably appeared to Mr. Horn to be relevant to the parties' discussion of Mr. Sejour's objection and proposed deposition.  It was not ultimately included for any improper purpose, such as discourteousness or to tarnish these proceedings with the professional infighting of counsel.

Regardless, Mr. Horn does recognize the Court's concern with those statements and again offers his sincere apology to the Court and counsel if his submission was viewed as being either discourteous or undignified, or both.  Mr. Horn has practiced law in various positions for 17 years.  He has never been disciplined by any tribunal, court, or other agency responsible for the regulation of the practice of law or any other work in which he has been engaged.  Mr. Horn has never been admonished by any judge or court.  Mr. Horn's lack of disciplinary history militates

in favor of this Court accepting his explanation for the filing and discharging the order to show cause.

## IV.  REQUEST FOR FURTHER SUBMISSION OR APPEARANCE, OR BOTH, PRIOR TO ADVERSE RULING

Should the Court tentatively conclude that it will pursuant to Local Rule 1.5(b)(5), (d)(4) refer this matter to the District's Committee on Grievances, Mr. Horn respectfully requests an opportunity to respond to the Court in writing, or make an appearance before the Court to answer the tentative ruling, or both, prior to the Court's rendition of a final order of referral to the Committee on Grievances in this matter.

## V.  CONCLUSION

Based upon the foregoing, and any additional evidence or argument submitted by leave of this Court, whether in writing or at a hearing before the Court, or both, Mr. Horn respectfully submits that the order should be discharged and that no referral to the Committee on Grievances should be made.

Dated: July 27, 2012  
Fresh Meadows, New York

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71 Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com