# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

August 18, 2012

Hon. Arthur D. Spatt, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

   RE: *John T. Corpac, et al. v. Rubin & Rothman, LLC*
      U.S. District Court, E.D.N.Y. Case No. 2:10-CV-04165-ADS-ETB

Dear Senior Judge Spatt,

I am Class Counsel in the referenced matter. Defendant's counsel, Robert L. Arleo, joins me in this letter.

Mr. Arleo and I believe it is our ethical duty to promptly advise Your Honor of the ruling issued yesterday by the Second Circuit Court of Appeals in the matter of *Hecht v. United Collection Bureau, Inc.*, 2012 U.S. App. LEXIS 17374. A copy of the *Hecht* decision is attached for the Court's convenience. In short, the Parties believe the Second Circuit's decision in *Hecht* raises due process concerns with respect to the manner/frequency of notice provided to the class in this case and, therefore, the Parties believe Your Honor may wish to re-examine the Court's preliminary certification ruling.

Should the Court decide that additional or different class notice is required, the Parties will thereafter engage in discussions as to the proper course of revisionary action, if any, to undertake in order to satisfy the mandates of the recent *Hecht* decision.

Very truly yours,

/s/ William F. Horn

William F. Horn
*Encl:stated*
*via ECF Filing Only*
 cc: All Attorneys of Record *via ECF Filing*



CHANA HECHT, Plaintiff-Appellant, v. UNITED COLLECTION BUREAU, INC., Defendant-Appellee.

Docket No. 11-1327

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

2012 U.S. App. LEXIS 17374

March 28, 2012, Argued
August 17, 2012, Decided

**PRIOR HISTORY:** [*1]

Chana Hecht appeals from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, J.), dismissing her suit as precluded by a prior judgment in a class action. Hecht does not dispute that her claim would normally be precluded under the doctrine of res judicata, but she argues that applying res judicata here would violate due process because she did not receive constitutionally adequate notice of the prior action. The parties dispute the extent of Hecht's right to notice and whether the notice provided in the prior action--a single advertisement in the newspaper USA Today--satisfied due process. We hold that res judicata does not bar Hecht's claim because Hecht had a due process right to notice that was not satisfied by the single notice in USA Today.

**DISPOSITION:**    Reversed in part, vacated in part, and remanded.

**COUNSEL:** BRIAN WOLFMAN, Institute for Public Representation (Lawrence Katz, Esq., Cedarhurst, N.Y., on the brief), Washington, D.C., for Plaintiff-Appellant.

BARRY JACOBS, Abrams, Gorelick, Friedman & Jacobsen, P.C. (Shari Sckolnick, on the brief), New York, N.Y., for Defendant-Appellee.

**JUDGES:** Before: WALKER, STRAUB, and POOLER, Circuit Judges.

**OPINION BY:** POOLER

**OPINION**

POOLER, *Circuit Judge*:

Chana [*2] Hecht appeals from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*), dismissing her claim under the Fair Debt Collection Practices Act ("FDCPA"), *15 U.S.C. § 1692 et seq.*, as precluded by a judgment in a prior class action, *Gravina v. United Collection Bureau, Inc.*, No. 09 Civ. 4816 (E.D.N.Y. Nov. 29, 2010). Hecht does not dispute that the doctrine of res judicata would normally bar her claim, but she argues that binding her to the *Gravina* settlement order would violate due process because the notice of class certification and settlement provided to absent *Gravina* class members was constitutionally inadequate. The parties dispute the extent of

Hecht's due process notice rights and whether the manner of providing notice--publication of the notice in a single issue of *USA Today*--satisfied due process. We hold that the prior judgment in *Gravina* does not bar Hecht's claim because Hecht had a due process right to notice and the *USA Today* notice did not satisfy due process requirements.

**BACKGROUND**

**I**.

Hecht filed suit against United Collection Bureau, Inc. ("UCB"), alleging that UCB, a debt collector, violated the FDCPA by "plac[ing] telephone calls [*3] without meaningful disclosure of the caller's identity," *15 U.S.C. § 1692d(6)*, and by failing to disclose in its initial communication "that the debt collector [wa]s attempting to collect a debt and that any information obtained w[ould] be used for that purpose," *id. § 1692e(11)*. UCB moved to dismiss under *Rule 12(b)(6) of the Federal Rules of Civil Procedure*. UCB argued that Hecht's suit was precluded under the doctrine of res judicata because Hecht alleged facts and violations already litigated, settled, and disposed of by a final judgment of the United States District Court for the Eastern District of New York in *Gravina*.

**II**.

In support of its motion, UCB provided documents from the *Gravina* litigation. It is undisputed that the FDCPA claim of the *Gravina* plaintiffs was materially identical to that of Hecht. The *Gravina* complaint requested maximum statutory damages, a declaration that UCB had violated the FDCPA, and all other just and proper relief.

UCB and the *Gravina* plaintiffs executed a Stipulation of Settlement detailing a proposed resolution of the suit. In the stipulation, UCB represented that it estimated that a pool of more than two million potential class members existed, [*4] but that it was impractical to calculate the precise number. The stipulation noted that this information was subject to confirmatory discovery, but the record before us does not say whether that discovery took place and, if so, to what result. UCB stipulated to class certification under *Rule 23(b)(2) of the Federal Rules of Civil Procedure*, which authorizes certification of a class where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Fed. R. Civ. P. 23(b)(2)*.

The *Gravina* Court certified the (b)(2) class and preliminarily approved the settlement per the parties' stipulation. With the court's approval, the parties published a notice, purporting to inform absent class members both of the class action and of the proposed settlement, in the Monday edition of *USA Today*, a newspaper with national distribution, on September 20, 2010. On November 29, 2010, the *Gravina* court issued a final order approving of the settlement ("Settlement Order"). The Settlement Order defines the "Settlement Class" as

> all persons with addresses in the United States of America who received a message left by [UCB] on a telephone answering device which did [*5] not identify [UCB] itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of [the Settlement] Order.

The Settlement Order provided damages and injunctive relief in accordance with the parties' stipulation. Each named class representative received $1,000, the maximum recovery allowed under the FDCPA for named class representatives, *see 15 U.S.C. § 1692k(a)(2)(B)(i)*, as well as $1,500 "in recognition for their services to the Settlement Class Members." The Settlement Class was awarded $13,254, 1% of UCB's net worth, the maximum amount available under the FDCPA for unnamed class members. *See 15 U.S.C. § 1692k(a)(2)(B)(ii)* (providing that maximum damages amount for unnamed class members, in the aggregate, is "the lesser of $500,000 or 1 per centum of the net worth of the debt collector"). This amount was to be distributed to a national charitable organization as a cy pres payment. Class counsel was awarded up to $90,000 in fees and costs as provided for by the parties' stipulation. [*6] Finally, the Settlement Order permanently enjoined UCB to "use its best efforts to ensure that it meaningfully identifies itself [in all telephone

voice messages] by stating its company name as the caller, accurately stating the purpose or nature of the communication, and disclosing that the communication is from a debt collector." The Settlement Order also noted that the court had held a hearing to allow an opportunity for objections to the settlement, and no objector had appeared.

**III**.

In opposing dismissal, Hecht did not dispute that she was included in the *Gravina* Settlement Class definition, nor did she dispute that she had not attempted to opt out of the *Gravina* settlement, to ask the *Gravina* court to reconsider its Settlement Order, or to appeal the Settlement Order. Instead, Hecht argued that the Settlement Order did not bind her because the *USA Today* notice did not comport with due process. The district court rejected Hecht's argument and held that the notice satisfied due process because "constructive notice through publication may be sufficient," and because the amount of money at stake was minuscule since the more-than-two-million class members had only approximately $13,000 [*7] to divide among themselves. *Hecht v. United Collection Bureau, Inc.*, No. 10 Civ. 1213, 2011 WL 1134245, at *6 (D. Conn. Mar. 25, 2011). The district court granted the motion to dismiss, dismissing Hecht's supplemental state law claim without prejudice to renewal in state court. *Id.* at *7. Hecht now appeals.

**DISCUSSION**

We review de novo a district court's grant of a motion to dismiss. *Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009)*. "The doctrine of *res judicata*, or claim preclusion, applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Adelphia Recovery Trust, 634 F.3d 678, 694 (2d Cir. 2011)* (internal quotation marks and brackets omitted). Res judicata generally applies to judgments in class actions, but it does not bind class members "where to do so would violate due process." *Stephenson v. Dow Chem. Co., 273 F.3d 249, 260 (2d Cir. 2001)*, *aff'd in part by an equally divided court and vacated in part*, 539 U.S. 111 (2003).

Hecht does not dispute that the *Gravina* Settlement Order would normally [*8] preclude her claim under the res judicata doctrine, but argues under *Stephenson* that res judicata does not bind her because precluding her action would violate due process. To decide this appeal, we must first determine whether Hecht possessed a due process right to notice and the opportunity to opt out of the *Gravina* litigation. If we determine that she did, we must then decide whether the *Gravina* notice satisfied due process.

**I**.

Absent class members have a due process right to notice and an opportunity to opt out of class litigation when the action is "predominantly" for money damages. *Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 & n.3 (1985)*; see *Wal-Mart Stores, Inc. v. Dukes, 564 U.S.   , 131 S. Ct. 2541, 2558-59 (2011)*. *Rule 23* protects that right by providing a parallel statutory requirement of notice and the opportunity to opt out for classes certified under subdivision (b)(3), *see Fed. R. Civ. P. Rule 23(c)(2)*, and the Advisory Committee notes provide that (b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." *Fed. R. Civ. P. Rule 23*, Notes of Advisory Committee on Rules, 1966 Amend. After the [*9] Supreme Court's decision in *Dukes*, the right to notice and an opportunity to opt out under *Rule 23* now applies not only when a class action is predominantly for money damages, but also when a claim for money damages is more than "incidental." *Dukes, 131 S. Ct. at 2557*. The *Dukes* Court, however, avoided deciding the corresponding constitutional question--whether the due process right articulated in *Shutts* now extends to actions where money damages do not predominate. *See id.* at 2559 ("While we have never held that [absence of notice and opt-out violates due process] where the monetary claims do not predominate, the serious possibility that it may be so provides an additional reason" to interpret *Rule 23* as requiring notice and opt-out when monetary claims are more than incidental.). This Court has stated in dicta that "notice is required as a matter of due process in all representative actions," but has not squarely addressed whether the right to notice and an opportunity to opt out applies even when monetary claims do not predominate. *Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968)*; *see also Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 165 (2d Cir. 2001)* [*10] (observing

that "due process may require the enhanced procedural protections of notice and opt out for absent class members" where "non-incidental monetary relief" is involved).

Here, we need not address the constitutional question left open in *Dukes* unless we determine that the claim for monetary relief in *Gravina* did not predominate over the claim for injunctive relief. *Shutts* did not provide a standard for determining whether, in a class action for both money damages and non-monetary relief, the claim for money damages predominates. In *Robinson, 267 F.3d at 164*, however, we articulated such a standard to guide the inquiry whether a claim for monetary relief predominates for purposes of class action certification under *Rule 23(b)(2)*. *Dukes* abrogated *Robinson* as a test for (b)(2) certification by replacing the predominance standard with the non-incidental standard discussed above. With respect to the due process inquiry before us, however, *Robinson* remains a useful guide for determining whether, under *Shutts*, the monetary claims in *Gravina* predominated over the non-monetary claims.

*Robinson* instructs that a court should, "at a minimum, satisfy itself of the following: (1) even in the [*11] absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits. Insignificant or sham requests for injunctive relief should not provide cover for . . . claims that are brought essentially for monetary recovery." *Robinson, 267 F.3d at 164*. The court should consider "the relative importance of the remedies sought, given all of the facts and circumstances of the case." *Id.* (internal quotation marks omitted).

We need only review the *Gravina* complaint, Stipulation of Settlement, and Settlement Order to conclude that the claim for damages predominated over the claim for injunctive relief under this standard. The *Gravina* complaint requested "the maximum statutory damages" under the FDCPA but failed even to mention injunctive relief. The Settlement Order defines the *Gravina* class members as victims of a completed harm with no reference to ongoing injury or risk of future injury: "the 'Settlement Class' [is defined] as all persons . . . who *received* a message *left* by [UCB] [*12] . . . which *did not* identify [UCB] itself by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector." (emphasis added). The *Gravina* complaint and Stipulation of Settlement included the same class definition. Absent from this retrospective class definition is any forward-looking requirement--that, for example, the class members' debt remained outstanding, they were at risk of incurring future debt, UCB might again be engaged to collect from them, or even that they feared UCB would again attempt to collect from them--even though the injunctive order was solely addressed to UCB's future conduct. Assuming that the FDCPA permits injunctive relief,[1] an injunction is generally "unavailable . . . where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)*. The *Gravina* complaint, Stipulation of Settlement, and Settlement Order thus defined the *Gravina* class to ensure that every member would be entitled to *damages*, but not that every member would have standing to seek injunctive relief.

> 1  While the FDCPA explicitly provides for [*13] money damages, it does not provide for injunctive relief in private actions. *See 15 U.S.C. § 1692k*. We do not here decide whether the FDCPA permits private plaintiffs to seek injunctive relief because the issue is not squarely presented, but we note that every federal appeals court to have considered the question has held that it does not. *See, e.g., Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004)* ("[I]njunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA."); *Crawford v. Equifax Payment Servs., Inc., 201 F.3d 877, 882 (7th Cir. 2000)* (noting that "all private actions under the Fair Debt Collection Practices Act are for damages"); *Sibley v. Fulton DeKalb Collection Serv., 677 F.2d 830, 834 (11th Cir. 1982)* (holding that equitable relief is not available to an individual under this section of the FDCPA); *Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 299 (E.D.N.Y. 2005)* (holding that "neither injunctive nor declaratory relief is available to private litigants under the FDCPA"); *see also Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 977 n.39 (5th Cir. 2000)* (noting that several courts have held that the [*14] FDCPA does not authorize equitable relief); but *see, e.g., Schwarm v. Craighead, 233 F.R.D. 655, 663 (E.D. Cal. 2006)* (certifying injunctive class action in FDCPA suit); *Hansen v. Ticket Track, Inc., 213 F.R.D. 412, 416 (W.D. Wash. 2003)* (same).

Given that the complaint requested maximum damages but not an injunction, and that the damages remedy was the only remedy awarded that clearly applied to every class member, we are not satisfied either that "even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought," or that the injunctive relief was "both reasonably necessary and appropriate." *Robinson, 267 F.3d at 164*. We conclude that the claim for damages in *Gravina* predominated over the claim for injunctive relief, and that Hecht therefore had a due process right under *Shutts* to notice and the opportunity to opt out. Because we conclude that the claim for money damages in *Gravina* predominated over the claim for injunctive relief, we need not decide whether due process also requires notice and an opportunity to opt out when a claim for damages does not predominate.

**II**.

Having established that Hecht [*15] was entitled to the protections afforded under *Shutts*, we next consider whether the *USA Today* notice satisfied due process requirements. We conclude that it did not. To comport with due process, the notice provided to absent class members must be "the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Shutts, 472 U.S. at 812* (quoting *Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950))*. "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane, 339 U.S. at 315*. "The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 113-14 (2d Cir. 2005)*.

Constructive notice by publication may be sufficient to satisfy due process "as to persons whose whereabouts or interests c[an] not be determined through due diligence," *In re Agent Orange Prod. Liab. Litig. MDL No. 381, 818 F.2d 145, 168 (2d Cir. 1987)* [*16] (citing *Mullane, 339 U.S. at 317-18*), but the district court did not determine whether the *Gravina* class members' identities were ascertainable. Assuming arguendo that the identities of all of the unnamed *Gravina* class members were unascertainable, and that resort to notice by publication was therefore justified, the notice still had to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts, 472 U.S. at 812* (internal quotation marks omitted). We are aware of no case in our Circuit holding that a single notice published in a single publication satisfied either due process or *Rule 23(b)(3)*. To the contrary, when courts have approved notice by publication, they have tended to do so where the notices either ran more than once or appeared in more than one publication. *See, e.g., In re Agent Orange Prod. Liab. Litig. MDL No. 381*, *818 F.2d at 167-68* (notification procedure included individual mailings and various substitute notice, such as notice in national publications and on radio and television); *Handschu v. Special Servs. Div., 787 F.2d 828, 833 (2d Cir. 1986)* [*17] (approving publication over a period of weeks in several metropolitan New York newspapers); *In re MetLife Demutualization Litig., 689 F. Supp. 2d 297, 345, 349 (E.D.N.Y. 2010)* (approving notice of settlement via "publication over a two-week period, four times in each of four widely read newspapers"); *Buxbaum v. Deutsche Bank AG, 216 F.R.D. 72, 76-77 (S.D.N.Y. 2003)* (notice adequate where individual notice was "mailed to all class members . . . , and also published in the national edition of the *Wall Street Journal* and *USA Today*"); *see also In re GAC Corp., 681 F.2d 1295, 1300 (11th Cir. 1982)* (notice "published twice in 53 leading newspapers worldwide" satisfied due process).

Hecht persuasively argues that "aside from individual mailed notice, the defendant could have also undertaken a more extensive notification campaign--including electronic media, local publications, and the like--that would have been more than the 'mere gesture' exemplified by the one-time *USA Today* notice." We agree. Reasonableness is admittedly a flexible standard, but to hold that this notice satisfied due process would rob the words of the Supreme Court of their meaning. It is difficult to imagine a manner of [*18] providing notice more akin to the "mere gesture" deprecated in *Mullane, 339 U.S. at 315*, or less "reasonably calculated . . . to apprise interested parties of the pendency of the action," *Shutts, 472 U.S. at 812* (internal quotation marks omitted), than the *Gravina* notice.

UCB does not defend this notice as the "best practicable," but instead argues that UCB was not required to provide

the "best practicable" notice because such notice is a requirement only for classes certified under *Rule 23(b)(3)*, whereas the *Gravina* class was certified under *Rule 23(b)(2)*. This argument is unavailing because certification of a class under (b)(2) does not excuse the due process requirement that unnamed class members in a class action predominantly for money damages receive the "best practicable" notice. *See Shutts, 472 U.S. at 812*.

Another consideration persuades us further that the *USA Today* notice did not satisfy due process. In assessing the adequacy of class action notice, we have sometimes considered whether any class members responded to the notice. *See, e.g., Handschu, 787 F.2d at 833*. Thus, we rejected a due process challenge to the notice of settlement in Handschu in part because "[w]here . [*19] . . the notice of settlement prompts widespread reaction from class members, it would appear that the notice has served its due process purpose." *Id*. Here, in contrast--and unsurprisingly, given the quality of the notice--no class member came forward.

Finally, as to UCB's argument, and the district court's implied holding, that the negligible amount of money to be awarded per person under the *Gravina* settlement justified lesser notice, the district court did not acknowledge that the FDCPA damages provision allows a single claimant up to $1000 in statutory damages, *see 15 U.S.C. § 1692k(a)(2)(A)*, but allows unnamed class members, in the aggregate, "the lesser of $500,000 or 1 per centum of the net worth of the debt collector," *see id. § 1692k(a)(2)(B)*. Given this contrast between the damages available to unnamed class members and those available to individual plaintiffs, it was all the more important that Hecht receive adequate notice before being deprived of her individual right to sue. *Cf. Mace v. Van Ru Credit Corp., 109 F.3d 338, 344-45 (7th Cir. 1997)* ("When individual class members are offered the right and opportunity to opt out of the class action, the statutory language [in *Section 1692k(a)(2)(B)*, [*20] capping the unnamed class members' damages] 'without regard to a minimum individual recovery' generally controls.").

**CONCLUSION**

For the foregoing reasons, we REVERSE the district court's dismissal of Hecht's claim under the FDCPA, VACATE its dismissal of her claim under the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat. § 42-110a et seq*., and REMAND for further proceedings consistent with this Opinion.