UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x    10-CV-4165(ADS)(ETB)

JOHN T. CORPAC, an individual; on behalf of
himself and all others similarly situated,


                             Plaintiffs

       -against-


RUBIN & ROTHMAN, LLC, a New York
Limited Liability Company; and JOHN AND
JANE DOES NUMBERS 1 THROUGH 25,


                             Defendants

-------------------------------------------------------------x


DEFENDANT'S REPLY MEMORANDUM OF LAW
CONCERNING ALLEGATION OF CONFLICT OF INTEREST
ADVANCED BY CLASS SETTLEMENT OBJECTOR
PATRICK SEJOUR


                                         ROBERT L. ARLEO, ESQ.
                                         Attorney for Defendant
                                         Rubin & Rothman, LLC
                                         380 Lexington Avenue, 17th Fl.
                                         New York, New York  10168
                                         (212) 551-1115

I.      PRELIMINARY STATEMENT

Initially, the Objector and his counsels have, once again, exceeded the scope of an order issued by this Court. Specifically, the Objector's Opposition Memorandum of Law ("Opposition Memorandum"), portions of pages 1 through 2 and pages 3 through 10 complete (except that portion of page 10 concerning notice to the class), attempts to argue that the class settlement agreement is unfair. However, this Court, in its Order dated   (Dkt. No. 35), limited the subject matter for the parties to address to a) the alleged conflict of interest between the undersigned counsels for the parties and b) the attorneys fees provision of the Class Settlement Agreement (CSA).

In regard to opposing the arguments advanced by the parties in regard to the allegations of a conflict of interest between counsels for the parties. Instead of addressing the numerous legal authorities and arguments set forth in the parties Joint Memorandum of Law in Regard to Allegations of Conflict of Interest Advanced by Class Settlement Objector Patrick Sejour ("the Joint Memorandum") (Dkt. No. 37), the Objector and his counsels instead continue to insist upon advancing a fantasy Hollywood script argument of underhanded attorney collusion which has been factually disproved and for which they have no evidence, i.e. that the CSA was negotiated between counsels Robert Arleo and William Horn. This fact renders as baseless each and every allegation advanced by the Objector and his counsels of improper conflict of interest.

Based upon *Hecht v. United Collection Bureau,* 2012 U.S. App. LEXIS 17374, a decision issued by the Second Circuit Court of Appeals on August  17,  2012 which directly affects the

notice provision of the CSA herein, the parties are now obligated to withdraw their request for final approval of the CSA. The parties will soon present the Court with a revised plan of providing notice to the class members so as to satisfy the *Hecht* mandates.

   The underlying shall constitute the Defendant's reply to the assertions contained in the Objectors opposition papers that there is a conflict of interest between Mr. Arleo and Mr. Horn which renders Mr. Horn inadequate to serve as class counsel pursuant to Fed. R. Civ. P. 23(a)(1).


REPLY ARGUMENT


   A.  THE OBJECTOR FAILS TO ADDRESS
       THE FACT THAT THERE WAS
       NO SETTLEMENT COMMUNICATIONS
       <u>BETWEEN MR. ARLEO AND MR. HORN</u>

   In their opposition papers the Objector and his counsels simply refuse to address the fact that there were absolutely no settlement discussions between the undersigned counsels. Importantly, the opposition papers fail to address the affidavit of attorney Joseph Latona (Dkt. No. 39), a seasoned litigator with an impeccable ethical record, wherein he states that he, and he alone, negotiated the CSA with Mr. Horn. Instead, the Objector and his attorneys create a fantasy script by sticking to their disproven assertion that the undersigned counsels engaged in settlement negotiations which resulted in the CSA. Again, they believe that if they continue to advance this gross misrepresentation of fact this Court will eventually believe same. The parties, and their

4respective counsels, are confident in the ability of this Court to reject a continued patently baseless and frivolous argument.

   B. THE OBJECTOR FAILS TO ADDRESS THE
FACT THAT THE RELATIONSHIP BETWEEN
MR. ARLEO AND MR. HORN IN ITSELF CANNOT
SUPPORT A FINDING OF A CONFLICT OF
<u>INTEREST OR A FINDING OF COLLUSION</u>

   In the Opposition Memorandum, the Objector Sejour and his counsels fail to address the fact that, even if Mr. Arleo and Mr. Horn *had* engaged in class settlement discussions leading to the CSA, the existence of a prior relationship between adverse counsels to a class settlement agreement alone should not be an indication of collusion. The holding in *Bowling* v. *Pfizer, Inc.*, 143 F.R.D. 141, 153 (S.D. Oh. 1992), cited in the Joint Memorandum and finding that a friendly relationship between opposing counsels in no way can be used to establish that the parties to a class settlement agreement were acting collusively, was unaddressed in the Objector's opposition papers.

   The Objector and his counsels fail to address the argument made in the Joint Memorandum in that a conflict did not exist herein because attorney Arleo represented attorney Horn in another unrelated FDCPA matter. The Objector did not address the fact that the FDCPA matter in which attorney Arleo represented attorney Horn, *Horn v. Collecto*, No. 09-cv-3095 (E.D.N.Y.)(RRM)(JO), was commenced *prior* to the commencement of the herein action and that none of the

parties in the *Collecto* matter appear in the instant case at bar. Importantly, the *Collecto* matter was resolved long before the above-entitled action was commenced.

The Objector and his counsels fail to address the April 2, 1996, The Association of the Bar of the City of New York, Committee on Professional and Judicial Ethics, Formal Opinion designated number 1996-3. A copy thereof was attached to the Joint Memorandum as Exhibit "A". This opinion found that it would be proper for an attorney to retain an attorney who had previously served as an adversary counsel.

It is most telling that the Objector and his counsels have failed to set forth *any* legal authority for the allegation that attorneys who are co-counsels on several pending class action cases are not allowed to be adversary counsels on another unrelated class action case. In fact, on pages 12-16 of the Objector's Memorandum, legal case precedent even concerning potential attorneys conflict of interests in class actions is set forth only in the first paragraph of page 12. A total of *four* cases are cited therein only one of which is mandatory precedent upon this Court. Importantly, none of the cases cited by the Objector stand for the premise that attorneys who are co-counsels in other pending class actions may not act as adversaries and negotiate a class settlement agreement in another unrelated class action. (Again, the parties deny that Mr. Arleo and Mr. Horn engaged in settlement discussions and only assert these arguments to demonstrate how absolutely baseless the Objector's claims would be even assuming that these counsels had negotiated the CSA.)

C. THE ASSERTION THAT THE UNDERSIGNED
   ARE MEMBERS OF THE SAME LAW FIRM
   <u>IS PATENTLY FRIVOLOUS</u>

On page 13 of the Objector Opposition Memorandum it is asserted "There can be no more basis example of an impermissible conflict of interest than having members of the same law firm represent opposing sides in a lawsuit. As a practical matter, Mr. Horn and Mr. Arleo's relationship is no different." It is then alleged that Mr. Arleo and Mr. Horn have created a "..working partnership in prosecuting consumer class actions…" that "….is in effect a joint venture indistinguishable from a formal legal partnership in terms of the profound ethical concerns it raises."

The frivolous "same law firm" argument is based upon class action cases wherein Mr. Arleo and Mr. Horn worked (and are working) as co-counsels. The aggregate of these cases, wherein the undersigned worked (or are working) as co-counsels, is as follows: one case commenced in 2012; eleven cases commenced in 2011; nine cases commenced in 2010; and two cases commenced in 2009. Broken down, this number indicates that the undersigned counsels filed an average of less than one case per month in two years (2011 and 2012) and filed a total of three cases for the years 2009 and 2012. These numbers do not anywhere near establish a "…joint venture indistinguishable from a formal legal partnership…." Furthermore, it is merely an example of a fact common amongst sole practitioners and small law firms, i.e. that each typically work together as co-counsels of record. Notwithstanding, many of these cases were resolved prior to the time Mr. Arleo filed his notice of appearance in the herein action. (Dkt. No. 19).

If anyone understands the need for sole practitioners and small firms to co-counsel, it is attorney Bromberg. A review of pacer records covering the years 2002 through 2012 (to date) indicates that Mr. Bromberg has co-counseled with no less than 181 other sole practitioners and/

or law firms in conjunction with 181 separate lawsuits. Many of these associations were with the same attorneys and/or law firms, especially attorneys Lance Raphael and Stacy Bardo of "The Consumer Advocacy Center" located in Washington, D.C.

D. THE OBJECTOR AND HIS COUNSELS GROSSLY MISCHARACTERIZE A STATEMENT MADE BY MR. ARLEO AT <u>AT THE FAIRNESS HEARING</u>

In a continued frantic attempt to mislead this Court, the Objector and his counsels grossly mischaracterize a statement made by the undersigned counsel, Robert L. Arleo, at the Fairness Hearing which occurred on June 25, 2012. Said statement is set forth in full on page 14 of the Objector's Memorandum. Prior to restating the statement, the following is set forth on page 14 of the Objector's Memorandum: "Here the risk (i.e. of an unethical conflict of interest) is significant because of Mr. Horn and Mr. Arleo's extensive co-counseling relation. Mr. Arleo, at the June 25, 2012 hearing, stated that he and Mr. Horn fought so hard at arm's length to settle this case that Mr. Arleo *had threatened to file notices of withdrawal on every other lawsuit* he and Mr. Horn were co-counseling:" However, a simply review of the statement by Mr. Arleo proves; a) that he did not state the word "settlement" and; b) that he did not assert in any manner that he "threatened" Mr. Horn that he would file notices of withdrawal regarding the other lawsuits wherein he and Mr. Horn were working.

The reference by Mr. Arleo to "arm's length dealings" with Mr. Horn was meant to convey his belief that opposing counsels have a duty to act at arm's length at *all* stages of litigation.

Also, attorney Arleo never mentioned withdrawing from his cases with Mr. Horn *at any time prior* to filing ECF notices of withdrawal, no less advancing "threats" to do so as baselessly alleged by the Objector and his counsels.

Again, the Objector and his counsels create a fantasy Hollywood movie script by alleging that the undersigned counsel Robert Arleo's statements demonstrate "….that Mr. Horn's professional judgment in settling this case was adversely affected by Mr. Arleo's threats and by Mr. Arleo following through with his threats to withdraw from the cases on which they had a co-counseling relationship." (page 14 of the Objector's Memorandum, paragraph 2 therein.)

Further mischaracterizations of the undersigned counsel's statement at the Fairness Hearing are set forth on page 15 of the Opposition Memorandum. In referring to said statement, it is alleged therein "Even though Mr. Arleo intended this statement to demonstrate that settlement discussions in this case were hard fought arm's length, it also clearly demonstrates- indeed, as clearly as it possibly could- just how intractably conflicted Mr. Horn was in representing the class." (paragraph 2 therein.) *Again*, no reference to negotiating the settlement agreement with Mr. Horn is evident in the Fairness Hearing statement yet the Objector and his counsels again falsely mischaracterize the statement so as to, once again, falsely allege that Mr. Arleo and Mr. Horn engaged in settlement discussions.

Further mischaracterizations of the undersigned counsel's statement at the Fairness Hearing are set forth in paragraph 3 on page 15 of the Opposition Memorandum. Therein it is stated "But there are also two serious issues with Mr. Arleo's representation to the Court on June 25, 2012. First. Mr. Arleo's representation that he and Mr. Horn fought so hard over settling this case that they literally went to "war" is flatly contradicted by Mr. Arleo's sworn declaration." Again, Mr.

Arleo never stated that his problems with Mr. Horn were caused by fighting over settlement of this case. Also in said paragraph 3 Objector and his counsels once again falsely allege that Mr. Arleo made threats to Mr. Horn that he would withdraw from their other cases. Again, there is no evidence of any threats made by Mr. Arleo to Mr. Horn *prior* to Mr. Arleo's filing of his various notices of withdrawal.

    E.  THE OBJECTOR AND HIS COUNSELS AGAIN
         GROSSLY MISCHARACTERIZE A STATEMENT
         MADE BY ONE OF THE UNDERSIGNED COUNSELS
         AT THE FAIRNESS HEARING

On page 16 of the Opposition Memorandum, the Objector and his counsels cited to a further statement made by the undersigned counsel, Robert L. Arleo, at the Fairness Hearing. Again, the Objector and his counsels mischaracterize the ramifications of this statement. As evidenced by the statement the undersigned counsel purposely refrained by engaging in settlement discussions with Mr. Horn. Instead of interpreting the statement as intended, i.e. that it was more prudent not to engage in settlement discussions, the Objector and his counsels falsely attempt to use this statement as an admission that the undersigned counsel knew that he was engaging in unethical conduct. Again, as there were no settlement negotiations between Mr. Arleo and Mr. Horn, there can be no appearance of impropriety. Notwithstanding, the legal precedent presented by the parties to date clearly establishes that no ethical rules would have been broken even if Mr. Arleo and Mr. Horn had negotiated the CSA.

    F.  THE OBJECTOR AND HIS COUNSELS

>BASELESSLY ALLEGE THAT THE
>MR. ARLEO AND MR. HORN HAVE
>ATTACKED OBJECTOR'S COUNSEL
><u>IN AN UNWARRANTED FASHION</u>

On pages 19 through 24 of the Objector's Memorandum it is alleged that Mr. Arleo and Mr. Horn have baselessly attacked Objector's Counsel, Brian Bromberg. The allegation is summed up via the statement on page 24 of the Objector's Memorandum, i.e. "By responding to good-faith challenges to a settlement that benefits no one in the class with invective and character-attacks, Mr. Horn and Mr. Arleo cross the line between zealous advocacy and professional misconduct."

The undersigned counsel understands the right of every class member to object to a settlement. However, the evidence to date indicates that the actions of the Objector and his counsels are far from a "good-faith." challenge to a class settlement agreement. Rather, the evidence to date indicates that the Objector and his counsels have grossly and unfairly misrepresented material facts in the attempt to disrupt a class settlement agreement under the guise of a "good-faith" objection by a class member. Furthermore, the actions of attorney Brian Bromberg indicate that he is engaged in an all-out vendetta in a baseless attempt to cause Mr. Arleo and Mr. Horn problems with their respective law licenses. It is unfathomable that an attorney who has been practicing for 21 years could so callously and baselessly change material facts which occurred in this case so as to baselessly advance whatever unknown reason(s) he has to harm other attorneys. This Court should hold him fully accountable.

CONCLUSION

For the further reasons set forth heretofore herein there is no conflict of interest between Robert Arleo and William Horn and there has been no collusion in regard to the case at bar.

DATED: New York, New York
September 7, 2012

Respectfully submitted,

/ s /  *Robert L. Arleo*
ROBERT L. ARLEO, ESQ.
 Attorney for the Defendant
380 Lexington Avenue
17th Floor
New York, New York  10168
(212) 551-1115