UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x   10-CV-4165(ADS)(ETB)

JOHN T. CORPAC, an individual; on behalf of
himself and all others similarly situated,


                      Plaintiffs

    -against-


RUBIN & ROTHMAN, LLC, a New York
Limited Liability Company; and JOHN AND
JANE DOES NUMBERS 1 THROUGH 25,



                      Defendants

------------------------------------------------------------x


MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RECONSIDERATION OF
AMENDED MEMORANDUM OF DECISION
AND ORDER DIRECTING THAT ROBERT
L. ARLEO WITHDRAW AS COUNSEL
      FOR THE DEFENDANT


ROBERT L. ARLEO, ESQ.
Attorney for Defendant
Rubin & Rothman, LLC
380 Lexington Avenue, 17th Fl.
New York, New York   10168
(212) 551-1115

## Table of Contents

                                                                                                                        Page

**Table of Citations**

    I.     STATEMENT OF QUESTION PRESENTED…………………………….

    II.    PRELIMINARY STATEMENT……………………………………………     6

    III.   ARGUMENT……………………………………………………………….     7

        A. THE COURT SHOULD RECONSIDER
           IT'S ORDER DIRECTING THE UNDERSIGNED
           COUNSEL WITHDRAW AS
           <u>COUNSEL FOR THE DEFENDANT</u>

        B. THE RELEVANT CONTROLLING
           SECOND CIRCUIT CASE LAW
           MANDATES RECONSIDERATION
           OF THE 1/28 ORDER TO THE
           <u>LIMIT REQUESTED HEREIN</u>

    IV.    CONCLUSION………………………………………………………………     8

Table of Citations

Page

Cases

*Allegaert v. Perot*,
565 F.2d 246 (2d Cir. 1977)……………………………………………………….. 6

*Arum v. Miller*,
304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003)………………………………………... 3

*Ceramco, Inc. v. Lee Pharmaceuticals,*
510 F.2d 268 (2d Cir. 1975)……………………………………………………….. 6

*Devlin v. Transp. Comm'ns Union*,
175 F.3d 121, 132 (2d. Cir. 1999)…………………………………………………. 3

*Fund of Funds, Ltd. v. Arthur Andersen & Co.*,
567 F.2d 225, 227 (2d Cir. 1977)………………………………………………..... 6

*In re "Agent Orange" Prod. Liab. Litig.*,
800 F.2d 14, 19 (2d Cir. 1986)……………………………………………………… 7

*National Union Fire Ins. Co. v. Stroh Cos.,*
265 F.3d 97, 115 (2d Cir. 2001)…………………………………………………….. 3

*Virgin Atl. Airways, Ltd. v. National Mediation Bd.*,
956 F.2d 1245, 1255 (2d Cir. 1992)………………………………………………. 3

*W.T. Grant v. Haines*,
531 F.2d 671 (2d Cir. 1976)………………………………………………………. 6

*Zeisel v. Watman*,
317 F.3d 91, 102 (2d Cir. 2003)……………………………………………………… 7

STATEMENT OF QUESTION PRESENTED

      Should the Court reconsider it's Order directing Robert L. Arleo to withdraw as counsel for the Defendant?

      Answer- Yes.

II.     PRELIMINARY STATEMENT

On January 28, 2013 the Court issued an Amended Memorandum of Decision and Order wherein the Court directed that Robert L. Arleo withdraw as counsel for the Defendant (Dkt. No. 56 hereinafter "the 1/28 Order"). Said withdrawal was ordered based upon said attorney's co-counsel relations with attorney Horn in other FDCPA class action lawsuits. Via the herein motion for reconsideration the Defendant urges the Court to reconsider the Order directing Defendant's counsel to withdraw from the herein action by February 17, 2013. Importantly, the Defendant requests only that the Court modify its Order to allow attorney Robert L. Arleo to serve as co-defense counsel if the parties are able to negotiate a new class notice plan which is approved by the Court.

Importantly, the Defendant does not challenge the finding that Robert Arleo should not be involved in any negotiations regarding attempts to agree upon a revised class notice plan or any settlement procedures or trial if trial becomes necessary. The Defendant only seeks a modification of the Order so that attorney Arleo will be allowed to represent the Defendant in conjunction with objections which may occur in regard to any new settlement which the parties may agree upon (attorney Arleo will not engage in such settlement discussions but will leave same to other counsel of record for the Defendant). Once a new settlement agreement is negotiated, the relationship between the parties changes from adversarial to contractually cooperative in effort to obtain an order of final approval of a class settlement agreement. Thus, any concerns which the Court may have concerning the prior working relationship between attorneys Horn and Arleo should be allayed under those circumstances.

2

III.    ARGUMENT

A. THE COURT SHOULD RECONSIDER
IT'S ORDER DIRECTING THE UNDERSIGNED
COUNSEL TO WITHDRAW AS
<u>COUNSEL FOR THE DEFENDANT</u>

The decision to grant or deny a motion to reconsider lies squarely in the discretion of the district court. *Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d. Cir. 1999). Two of the major grounds justifying reconsideration is the need to correct a clear error or to prevent a manifest injustice. *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). To grant a motion for reconsideration the court must find that it overlooked matters or controlling decisions which, if considered by the court, would have mandated a different result. *Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003). In regard to a motion for reconsideration a party may not advance new facts, issues or arguments not previously presented to the Court. *National Union Fire Ins. Co. v. Stroh Cos.* 265 F.3d 97, 115 (2d Cir. 2001).

The decision to grant or deny a motion to reconsider the 1/28 Order lies squarely in the discretion of this Court. These exists two of the major grounds justify reconsideration . One, there is the need to correct clear errors. Initially, the Court stated in the 1/28 Order that the appearance by Arleo, after the class settlement agreement was negotiated by separate counsel for the Defendant was, in all likelihood, proper (page 11 of the 1/28 Order.) However, the Court then stated that it would be improper for Arleo to serve as counsel of record in regard to a time period when class members could object to a revised class settlement agreement. The Court also stated that none of the attorneys had engaged in any improper conduct (page 20 of the 1/28 Order). The Court overlooked the matter that both Horn and Arleo confronted the objection by class member

3

Patrick Sejour *prior* to the date that the 1/28 Order was issued. It was then clear error for the Court to state that it would be improper for Arleo to appear in regard to *future* potential objectors after it found it was likely proper for Arleo to fight the Sejour objection.

It was clear error for the Court to ignore that the risk of improper use of confidential information by an attorney is limited by the Second Circuit to confidential information regarding a former client, not confidential information concerning another attorney with whom a prior co-counsel relationship existed. Second, there is a need to prevent a manifest injustice in that the directive to Arleo to withdraw has unjustly and unreasonably denied the Defendant of its right to choose legal counsel. The Defendant has a long standing attorney-client relationship with attorney Arleo in regard to defenses of FDCPA actions. A strong attorney-client relationship has been established. The Defendant should not be deprived of its choice of counsel. Importantly, attorney Arleo was counsel of record in regard to another FDCPA class action lawsuit wherein attorney Bromberg's clients objected until the defendant therein caved into Bromberg's desire to file useless "micro" class actions based upon the same FDCPA claims. Thus, attorney Arleo has special experience dealing with attorney Bromberg in regard to the same objectionary claims which Bromberg advanced in this action. Allowing attorney Arleo to appear and advocate for the Defendant against potential objectors, one of whom will be represented by attorney Bromberg, does not create any appearance of impropriety so as to deprive the Defendant of its choice of an attorney to fight potential objectors to any new class settlement agreement.

This Court may grant this motion for reconsideration as it must find that it overlooked the matter of the change in attorney relationship if a new class settlement agreement is affected. Also, the Court overlooked those portions of Second Circuit controlling decisions which justify

4

attorney disqualification based (with rare exception not in evidence herein) solely upon conflicts of interest due to possession of confidential information regarding past and present clients. This Court based its decision to disqualify Arleo solely upon the fact that he (Arleo) supposedly possesses confidential information regarding the manner in which attorney Horn practices law in regard to FDCPA matters. In contrast to possession of client confidential information, supposed confidential information in regard to an attorney's methods of handling a matter under a particular area of law, and his professional likes and dislikes, techniques and procedures, have, upon information and belief, never been used in any federal court to disqualify another attorney who is supposedly privy to this type of information regarding how an attorney practices law. Thus, if the facts contained in this paragraph were considered by the Court, it would mandate a different result in that this Court should have consistently ruled that there is no danger of an improper conflict between attorneys Arleo and Horn limited solely to fighting potential objectors to a class settlement agreement.

The Court also overlooked the matter that attorney Horn's litigation tactics are not confidential. There are numerous other defense attorneys who have dealt with attorney Horn and who have personal knowledge of his likes, dislikes, techniques and procedures in regard to FDCPA lawsuits. Thus, the Court overlooked the matter that there was no evidence presented that attorney Arleo possessed any confidential information about attorney Horn's practice strategies which was more than the information obtained any other defense counsel who had opposed Mr. Horn.

In regard to the herein motion for reconsideration of the 1/28 Order, the Defendant is not advancing any new facts, issues or arguments not previously presented to this Court or not

5

associated with arguments previously presented to this Court.

    B.  THE RELEVANT CONTROLLING SECOND CIRCUIT CASE LAW MANDATES RECONSIDERATION OF THE 1/28 ORDER TO THE LIMIT REQUESTED HEREIN

The Court overlooked the controlling decision rendered in the matter of *Allegaert v. Perot*, 565 F.2d 246 (2d Cir. 1977). Therein the Second Circuit affirmed that disqualification of an attorney was not warranted as the attorney did not receive any privileged information regarding a party to an action. The Court overlooked the controlling decision in the matter of *Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 227 (2d Cir. 1977). Therein, the Second Circuit stated that, when dealing with virgin ground concerning potential ethical issues, the conclusion can be reached only after "….the painstaking analysis and precise application of precedent." If the Court would have applied these controlling Second Circuit holdings it would not have disqualified attorney Arleo in regard to the virgin issue of disqualification based upon a co-counsel relationship with a now adverse counsel. Disqualification precedent requires that an attorney possess confidential information regarding a client which could then be used against the client on behalf of another client in a subsequent action.

   The Court overlooked the controlling decision set forth in *W.T. Grant v. Haines*, 531 F.2d 671 (2d Cir. 1976) where the court found that no disqualification was required for an attorney's alleged communication with a represented party. The Court also overlooked the controlling decision in *Ceramco, Inc. v. Lee Pharmaceuticals,* 510 F.2d 268 (2d Cir. 1975) which concerned the same alleged communication with a represented party and the ethical issue of the attorney

acting as a witness. The Second Circuit held that this type of conduct did no violence to any fundamental values which the ethical canons were written to promote. If the Court had considered this controlling mandate it would have concluded that the co-counsel relationship between attorneys Arleo and Horn is not the type of conduct which would do any violence to any fundamental values which the ethical canons were written to promote.

In directing attorney Arleo to withdraw from this action the Court overlooked Second Circuit precedent concerning attempts to disqualify counsels in regard to class action litigation. Traditional rules applied to an attorney's representation of their clients outside of the class action context cannot be mechanically applied to problems which may arise in regard to the settlement of a class action lawsuit. *Zeisel v. Watman*, 317 F.3d 91, 102 (2d Cir. 2003); *In re "Agent Orange" Prod. Liab. Litig.*, 800 F.2d 14, 19 (2d Cir. 1986)(further finding that disqualification of plaintiff's counsel was not necessary to "preserve the integrity of the adversary process".) The Court overlooked these controlling decisions which, if applied, would have mandated a different outcome such as to justify the limited reconsideration requested herein.

## CONCLUSION

For the reasons set forth heretofore herein the Court should reconsider and modify its Amended Order of Decision and Memorandum entered on January 30, 2013.

DATED: New York, New York
       February 12, 2013

                                      Respectfully submitted,

                                      / s /  *Robert L. Arleo*
                                      ROBERT L. ARLEO, ESQ.
                                      Attorney for the Defendant
                                      380 Lexington Avenue
                                      17th Floor
                                      New York, New York 10168
                                      (212) 551-1115