

Thomas A. Leghorn
212.915.5234 (direct)
Thomas.Leghorn@wilsonelser.com

April 23, 2013

Via ECF and Regular Mail

Hon. Arthur D. Spatt
United States District Judge
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    Corpac v. Rubin & Rothman, LLC
            Docket No.: 2:10-cv-04165 (ADS)(ETB)
            Our File No: 11817.00002

Dear Judge Spatt:

    I am counsel to defendant Rubin & Rothman, LLC in the captioned matter. Although this case has been pending for a few years, I substituted in as counsel when the Court entered an order disqualifying prior counsel from the representation of the defendant. My time as counsel has involved extensive work with plaintiff's counsel to present the amended class settlement to the Court for which Your Honor recently granted preliminary approval (See, Doc. 75).

    This is the second submission of a proposed class settlement for Court approval. The first submission prompted a strong objection by Objector, Patrick Sejour (the "Objector"), and by the Court's order of January 28, 2013, the Parties were directed to "determine a proper and constitutionally valid method of notice" to the class in view of the Second Circuit's decision in Hecht v. United Collection Bureau, 691 F.3d 218 (2d Cir. 2012). In an effort to address the Second Circuit's guidance in Hecht, the Parties' amended class settlement agreement provides for individual notice to each class member via first class mail in conjunction with a website and toll-free telephone number for class members to receive additional information and present questions concerning the settlement.

    Although I was of the belief that between the Court's prior order addressing the Objector's objections and the change to notice by mail the objections had been fully addressed, it appears Objector's counsel disagree. Prior to the parties' filing of their amended joint motion for class certification, I had conversations with the Objector's counsel who advised me that, he believes, the Parties' amended class settlement is still objectionable despite the fact that it provides for the maximum statutory damages under the FDCPA and individual notice to each class member by mail. The Objector's counsel further advised me that the Objector will continue to advance his prior objections irrespective of what changes were made to the Parties' class settlement.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

5502926v.1
5504371v.1



Page 2

    The Court should adopt a two-step objection process whereby the first step requires the Objector who is now before the Court to present all objections he may have to the Parties' amended class settlement prior to Defendant mailing notice to the class; the second step would allow all other class members an opportunity to object during the notice period after the class notice is mailed.

    The cost of sending notice to 255,000 class members via first class mail is significant and Defendant already incurred significant costs in connection with providing notice to class members regarding the first class settlement.

    Because the Objector has put Defendant on notice that he intends to re-raise his objections to the Parties' amended settlement, it is Defendant's request that the Court first consider all of the Objector's objections before any notice is mailed to the class. We fully recognize that all class members must be given notice and an opportunity to object but, it would be far more efficient and cost effective if we were to handle the objection period in a two-step process as described above. Indeed, by requiring the Objector to voice his objections now the Parties will have an opportunity to cure any defects or concerns the Court may have concerning the settlement, which in turn is likely to reduce the number of objections, if any, once the class notice is mailed.

    It is therefore respectfully requested that the Court stay the provisions and deadlines of the April 20, 2013 order granting preliminary approval and that the Court direct the Objector to present all of its objections to the amended class settlement within 30 days. It is further requested that the Court permit the Parties 30 days to respond and the Objector 14 days to reply. The dates of the present order of preliminary approval to be set upon the Court's disposition of the Objector's objections.

    As noted above, the full class will be afforded a separate period to object but it is anticipated that this two-step process will prove to serve the interests of judicial economy and help minimize the cost of administration.

    I have discussed this proposal with class counsel, William F. Horn, and he joins in this application.

Respectfully Submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Thomas A. Leghorn

cc:    via ECF:
       William F. Horn
       Brian Bromberg

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
5502926v.1
5504371v.1