# BROMBERG LAW OFFICE, P.C.

| | |
|---|---|
| Brian L. Bromberg (Admitted in NY & CA) | 40 Exchange Place, Suite 2010 |
| Michael N. Litrownik, Associate (Admitted in NY & MA) | New York, NY 10005 |
| | Phone: (212) 248-7906 |
| | Fax:   (212) 248-7908 |

April 24, 2013

<u>Via ECF & First Class Mail</u>
Honorable Arthur D. Spatt, U.S.D.J.
U.S. District Judge
P.O. Box 9014
Central Islip, NY 11722

      Re:    <u>Corpac v. Rubin & Rothman, LLC</u>, No. 10-cv-4165 (ADS)(ETB)

Dear Judge Spatt:

      On behalf of Patrick Sejour, an objector, my office and CAMBA Legal Services previously briefed the substantive problems with the prior settlement in this action. ECF #46. In response to this briefing, the Court ruled that the class notice was improper and ordered the removal from the case of Defendant's former counsel, Robert L. Arleo, Esq. The Court did not decide Mr. Sejour's objections to the fairness of the settlement, leaving those issues open and subject to change based on any new settlement agreement.

      In response to the Court's order, the parties re-settled the case and made two substantive changes to the terms of the settlement. First, the settlement excludes potential class members who are class members in *De La Paz v. Rubin & Rothman, LLC,* SDNY Case No. 11-cv-09625, and *Tito v. Rubin & Rothman, LLC*, EDNY Case No. 12-cv-3464. Both of these cases involve claims against Rubin & Rothman, LLC ("R&R") for collection actions brought against consumers on monies allegedly owed on automobile loans. Because the collection action brought by R&R against Mr. Sejour concerns an automobile loan, it is possible that he is excluded from objecting by this carve out. In addition to potentially excluding Mr. Sejour, the settlement has also been changed to provide class counsel, William Horn, Esq., with an additional $50,000 in attorney fees. Outside of these changes, the substance of the settlement has not changed, and it shares the same defects as the earlier settlement – chiefly that 250,000 class members will be stripped of valuable claims for no compensation.

      As the Court noted in its January 24, 2013 order, the new class notice will likely result in additional objectors. ECF #54 at 15. In turn, the number of these objectors will be a factor in the analysis of any objections. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Because information gathered from sending the class notice is necessary to making a determination about fairness, a two-step objection system is improper and would result in the Court making a decision without all of the relevant information. Because of this, Mr. Horn and Mr. Leghorn's request for pre-notice briefing should be denied. Any objections related to

1

the settlement in this action should be treated in the same manner as objections in all other class actions, and should be heard only after notice has been sent out and all of the class members have a chance to respond.

Respectfully,

/s/ Brian L. Bromberg

Brian L. Bromberg

cc: William Horn, Esq. (Via ECF)
     Thomas Leghorn, Esq. (Via ECF)
     Joseph Francoeur, Esq. (Via ECF)
     Joseph Latona, Esq. (Via ECF)
     Matthew Schedler, Esq. (Via ECF)

## Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on April 24, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

William Horn, Esq.
Thomas Leghorn, Esq.
Joseph Francoeur, Esq.
Joseph Latona, Esq.
Matthew Schedler, Esq.

Dated: New York, New York
April 24, 2013

/s/ Brian L. Bromberg
Brian L. Bromberg