# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

June 4, 2013

Hon. Arthur D. Spatt, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   RE: *John T. Corpac, et al. v. Rubin & Rothman, LLC*
      E.D.N.Y. Case No. 2:10-cv-04165-ADS-ETB

Dear Senior Judge Spatt,

I am counsel for Plaintiff in the referenced matter. On April 26, 2013, the Court issued an Order granting the Parties' request for a "two-step" objection process and directed the Objector, Patrick Sejour, to "present ***all*** of its objections to the amended class settlement," and set a briefing schedule for the Parties' response and the Objector's reply. (Emphasis added) [Doc. 78]. As explained in the Parties' joint letter requesting a "two-step" objection process, the purpose was to ensure a "far more efficient and cost effective" objection process which would, in turn, conserve the resources of the Parties and the Court and further the interests of judicial economy. [Doc. 76].

On May 10, 2013, the Objector filed his Objections, which consisted of a memorandum and declaration totaling nearly 120 pages. [Docs. 79-80]. Then, on May 28, 2013, before the Parties have had an opportunity to file their opposition, the Objector filed a letter to Your Honor attaching a recent decision from the Western District of New York in the matter of *Felix v. Northstar Location Services, LLC*, 11-cv-1666(JMM). [Doc. 82]. In his letter, the Objector claims that the *Felix* decision "relates directly to the fairness of the proposed settlement pending before the Court and William Horn's adequacy to serve as class counsel," and then further states that because he has "already submitted his objections...[he] will not comment on the decision in *Felix* now, but [he] plan[s], instead, to address the decision in [his] reply brief." *Id.*

In short, the Objector has improperly filed a letter with the Court in which he claims the material attached to his letter "relates directly" to his current objections on file with Court, but that he will not "comment" on the material until his reply brief so that the Parties will not have an opportunity to respond. Indeed, the Parties are effectively forced to guess what arguments the Objector intends to make in his reply when they prepare their opposition, and then will likely be forced to seek additional briefing in the form of a lengthy sur-reply. Accordingly, the Parties believe that the Objector's tactic of filing a letter containing salacious material and waiting until his reply brief to "comment" on its importance is unfair and completely undermines the purpose underpinning the Court's two-step objection process -- namely, to create an efficient, streamlined

Arthur D. Spatt, U.S.D.J.
*Corpac, et al. v. Rubin & Rothman, LLC*
June 4, 2013
Page 2

process for the Objector's objections to be considered prior to the Parties mailing notice to the class.

The Parties disagree with the Objector's comments in his letter to the Court, and his characterization of the relevance of the *Felix* decision. The Objector has known about the *Felix* case since his initial appearance in this case a year ago [See e.g., Doc. 22], and the *Felix* proposed class settlement was filed in November 2012 [Doc. 82]. The Objector should not be permitted to keep presenting a shifting, undetermined, target for which the Parties must attempt to hit. Rather, the Objector should be required, consistent with the Court's order, to present all of his objections now -- at one time -- so the Parties may oppose those objections and the Objector may file a reply.

Consequently, the Parties respectfully request that Your Honor issue an Order directing the Objector to amend his current Objections to include whatever additional arguments he believes he possesses and to set a revised briefing schedule for the Parties' opposition brief and the Objector's reply brief.

Very truly yours,
*s William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:     All Counsel of Record *via ECF only*