UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | ) ) ) ) ) |
| Defendants. | ) ) |

No. 10-CV-4165 (ADS)(GRB)

**Reply Declaration of Brian L. Bromberg in
Further Support of Patrick Sejour's Objections**

Under 28 U.S.C. § 1746, I, Brian L. Bromberg, do hereby declare under penalty of perjury, that the following is true and correct:

1. I am a principal of the Bromberg Law Office, P.C.

2. I am submitting this reply declaration in support of the memorandum of law in further support of Patrick Sejour's objections.

**Letter from the Legal Aid Society**

3. I am attaching as <u>Exhibit A</u>, a copy of a letter from Steven Banks, Esq., the Attorney-in-Chief for the entire Legal Aid Society, in which he states: "we cannot accept the *cy pres* award under the present settlement terms, and we strongly object to the settlement." I am advised that copies of this letter were mailed to the Court and to the Parties' attorneys on August 5, 2013.

4.	For the legal arguments in this case, I refer the Court to the accompanying Reply Memorandum. The purpose of this declaration is to clarify the facts concerning various claims made in the opposition papers. I am going to address these matters one at a time.

### The Parties' Accusations

5.	On the first page of their Memorandum of Law, Messrs. Horn and Leghorn claim that "the Objector has explicitly informed the Parties of his intention to multiply these proceedings and object to the Parties' revised class settlement 'no matter what changes' are made by the Parties and preliminarily approved by the Court."

6.	I made no such statement.

7.	Messrs. Horn and Leghorn also state that I was quoted in the *New York Law Journal* "as saying that he intended to continue objecting to any subsequent class agreements in this case."

8.	My statement to the *NYLJ* appeared in the issue dated January 29, 2013, and reads in full as follows:

> "We are pleased that the Court ordered Robert Arleo to withdraw from the case because of his conflict of interest with class counsel, William Horn," Bromberg said in an email. "Even if proper notice is given to the class, we believe that the proposed settlement is so unfair that it cannot be salvaged."

See "Accusations, Conflict, Inadequate Notice Stall Class Settlement," *NYLJ*, 1/29/13.

9.	Thus, my actual comments to the *NYLJ* are not what the Parties have represented to the Court.

10.	On page six of the memorandum, the Parties claim that I advised Mr. Leghorn that I "would continue to advance . . . objections regardless of what changes were made to the Parties' class settlement."

2

11. I never made such a statement to Mr. Leghorn.

12. What I did advise is that my office would continue objecting to any settlement on the same terms, because any such settlement would be unfair, inadequate, and suffer from the same infirmities as the settlement that the Court had just rejected.

### The Listserv

13. Finally, on pages 8-10 of their Memorandum, Messrs. Horn and Leghorn suggest by use of statutory language that I should be sanctioned for describing the "Amended Stipulation of Settlement" (ECF#73-2) in an email to a confidential Listserv as being "dreadful" (ECF# 93-1 at p. 48 of 150).

14. This confidential Listserv was established for the purpose of assisting New York members of the National Association of Consumer Advocates in protecting consumers, and for the purpose of informing consumer advocates of any cases or legislative issues or developments that might affect New York consumers.

15. As a member of the Listserv, I posted the email in an effort to advise my colleagues that their clients' rights could be adversely affected by the Parties' renewed settlement and that their clients might want to object or opt out.

16. Even if I had known that Mr. Horn was a member of the Listserv – which I did not know at the time – I would have sent the same email.

17. I respectfully request that the Court read the email and make an independent evaluation given the context of the Listserv's audience.

Dated: New York, New York
       August 9, 2013

                                        /s/ Brian L. Bromberg
                                        Brian L. Bromberg

# Exhibit A



**THE
LEGAL
AID
SOCIETY**

199 Water Street
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

Direct Dial: (212) 577-3277
Direct Fax: (212) 809-1574
E-mail: SBanks@legal-aid.org

Richard J. Davis
*Chairperson of the Board*

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney-in-Chief*

August 5, 2013

The Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

Re:   **Corpac v. Rubin & Rothman, LLC**
      **2013 WL 342704 E.D.N.Y. 2013**

Dear Judge Spatt:

The Legal Aid Society, the proposed *cy pres* recipient in the above-referenced class action lawsuit, respectfully informs the Court that we cannot accept the proposed *cy pres* award under the present settlement terms, and we strongly object to the settlement. We reach this conclusion because of our serious concerns with the fairness and adequacy of the settlement.

We are the oldest and largest provider of legal services in the country. Annually, we handle some 300,000 cases and legal matters for individual low-income New Yorkers with civil, criminal and juvenile rights problems in addition to our class action and law reform representation that benefits more than two million low-income children and adults in New York City. Our Consumer Law Unit provides representation, advocacy, and outreach to substantial numbers of low-income consumers in a wide range of consumer protection matters, including credit card problems, student and payday loans, debt collection, auto fraud, and medical debts.

The proposed settlement provides $125,000 in attorney fees, $3,500 for the class representative, and no monetary benefit for the class members. To award this much money in attorney fees where the class members receive no benefit is unfair on the most basic

August 5, 2013

Page 2

level. The settlement also requires that 255,000 class members waive every possible claim under every single federal and state law arising from hundreds of thousands of written communications from Rubin & Rothman, and in exchange for the broadest possible release of claims the class members will still receive nothing.

In the present case, the complaint alleges that Rubin & Rothman attorneys signed off on collection letters and summons and complaints without ever looking at the underlying files or records to see if the information they were signing off on was true and accurate. These are serious allegations and would be serious violations under federal and state laws. Class action litigation is an important tool to protect consumers against such abusive debt collection practices. However, the represented parties have proposed a settlement that fails to benefit the class members while requiring that they waive all claims they have against Rubin & Rothman.

Many courts require that *cy pres* awards in class action settlements must be for the indirect benefit of absent class members and thus provide for the next best means of distribution to the class. The Legal Aid Society has been the recipient of *cy pres* awards in the past, which allow us to provide basic civil legal services that relate to the goals of the litigation. In the present case, any indirect benefit to class members is far outweighed by the direct harm to class members. In fact, there is no conceivable benefit to the class members. By accepting the *cy pres* award, The Legal Aid Society would be validating the egregious terms of the settlement and the class members would be further victimized.

Our concerns about the terms of the proposed settlement also stem from the apparent conflict of interest between Plaintiff's and Defendant's counsel. The Court acknowledged this conflict in its January 24, 2013 decision, removing Defendant's counsel from the case. Moreover, the proposed notice of settlement by mailing individual postcards is defective because it fails the most basic and important requirement for class notice, i.e., it does not inform class members about what rights they give up if they fail to opt out.

For the above stated reasons, The Legal Aid Society cannot accept a proposed *cy pres* award under the proposed settlement terms. The proposed settlement does not benefit the class members, justify the excessive legal fees requested, or provide sufficient notice to the class members.

We are available at the Court's convenience if any additional information is needed, and I can be reached directly at 212-577-3277 or sbanks@legal-aid.org. Thank you very much for considering our views.

Respectfully submitted,

Steven Banks
Attorney-in-Chief
The Legal Aid Society

August 5, 2013

Page 3

cc:     LAW OFFICE OF WILLIAM F. HORN
William F. Horn, Esq.
18801B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Thomas A. Leghorn, Esq.
150 East 42nd Street
New York, NY 10017
Telephone: (212) 915-5234
Facsimile: (212) 490-3038
E-Mail: thomas.leghorn@wilsonelser.com

## Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on August 9, 2013, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District of New York's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Joseph L Francoeur     joseph.francoeur@wilsonelser.com

Matthew Austin Schedler     matthewsc@camba.org

Thomas A. Leghorn     Thomas.Leghorn@wilsonelser.com,

cori.rosen@wilsonelser.com

William Franklin Horn     bill@wfhlegal.com, court_filings@wfhlegal.com

Dated: New York, New York
        August 9, 2013

/s/ Brian L. Bromberg
Brian L. Bromberg