**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOHN T. CORPAC, an individual, on behalf of himself and all others similarly situated,

Plaintiffs,

-v-

RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25.

Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
10-CV-4165 (ADS)(GRB)

**<u>APPEARANCES:</u>**

**Law Offices of William F. Horn**
*Attorney for the Plaintiffs*
188-01B 71st Crescent
Fresh Meadows, NY 11365
By: William F. Horn, Esq., of Counsel

**Rubin & Rothman**
*Attorneys for the Defendant Rubin & Rothman*
1787 Veterans Memorial Highway
Islandia, NY 11722
By: Joseph Latona, Esq., of Counsel

**Robert L. Arleo, Esq.**
*Former Attorney for the Defendant Rubin & Rothman*
164 Sunset Park Road
Haines Falls, NY 12436

**Bromberg Law Office, P.C.**
*Attorneys for the Objector Patrick Sejour*
40 Exchange Place, Suite 2010
New York, NY 10005
By: Brian L. Bromberg, Esq., of Counsel

**CAMBA Legal Services**
*Attorneys for the Objector Patrick Sejour*
885 Flatbush Avenue, 2nd Floor
Brooklyn, NY 11266
By: Matthew A. Schedler, Esq., of Counsel

**SPATT, District Judge**.

On September 8, 2010, John T. Corpac, on behalf of himself and a putative class (the "class" or the "Plaintiffs") commenced this action against the Defendant Rubin & Rothman, LLC (the "Defendant") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et. seq. (the "FDCPA"). The Plaintiffs allege that the Defendant violated the FDCPA by sending written collection communications that falsely represented or implied that an attorney had meaningfully reviewed the Plaintiffs' account and was meaningfully involved in the decision to send the communication.

On January 28, 2013, the Court issued an order directing co-defense counsel Robert L. Arleo ("Arleo") to withdraw from this action by February 17, 2013 (the "January 28, 2013 Order"). According to the Court, disqualification of Arleo was appropriate because the proposed settlement of this case had not been approved by the Court. The Court reasoned that if Arleo were to remain as co-counsel for the Defendant, he would be involved in (1) the future notice situation; (2) the possible objection hearings; (3) the settlement procedures; and (4) if necessary, the trial. In the Court's view, this presented a potentially serious issue because Arleo had previously served as co-counsel with the Plaintiff's attorney William F. Horn ("Horn") in twenty-three other similar class actions brought under the FDCPA and, thus, most likely knew confidential matters about Horn, his method of handing a FDCPA cause of action and his settlement techniques.

Arleo now moves for reconsideration of the January 28, 2013 Order. In this regard, Arleo does not challenge the Court's holding prohibiting Arleo from being involved in any negotiations with respect to a revised class notice plan, settlement procedures or trial, if a trial becomes necessary. Rather, Arleo only requests that the Court modify the January 28, 2013

Order so as to allow him to serve as co-defense counsel if the parties are able to negotiate a new class notice plan which is approved by the Court.

For the reasons set forth below, the Court denies Arleo's motion.

## I. DISCUSSION

### A. Legal Standard

A motion for reconsideration in the Eastern District of New York is governed by Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Of importance, a motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion. See Trans-Pro Logistic Inc. v. Coby Elecs. Corp., No. 05 Civ. 1759, 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (citing Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003)); see also Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). Indeed, a motion for reconsideration should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by

the court" and is considered an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Trans-Pro Logistic Inc., 2010 WL 4065603, at *1 (internal quotation marks omitted). Ultimately, the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court. Kapsis v. Bloom, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009).

**B. As to Arleo's Motion to Reconsider the Court's January 28, 2013 Order**

In his present motion, Arleo challenges the Court's January 28, 2013 Order on the grounds that it (1) contained clear errors, including the Court's failure to consider controlling decisions and (2) it amounted to manifest injustice in that it prevented the Defendant from exercising his right to choose his legal counsel. However, the Court finds that Arleo has failed to show that he is entitled to reconsideration.

Arleo first argues that the January 28, 2013 Order was contradictory because the Court initially found, in his words, that "the appearance by Arleo, after the class settlement agreement was negotiated by separate counsel for the Defendant, was in all likelihood, proper," but then found "that it would be improper for Arleo to serve as counsel of record in regard to a time period when class members could object to a revised settlement agreement." (Arleo Mem., pg. 3.) However, Arleo misapprehends the language of the January 28, 2013 Order.

Indeed, at no point in the January 28, 2013 Order did the Court find that Arleo's appearance after the negotiation of the class settlement agreement was likely proper. Instead, the Court opined that "if the class notice was effective and the settlement negotiated by Horn and [the Defendant's other counsel, Joseph Latona] *was approved*, the close relationship between Horn and Arleo would not have been relevant and could have been permitted." (January 28, 2013 Order, pg. 11, emphasis added.) In other words, the Court merely suggested that Arleo's

appearance would have been permissible if the settlement agreement had been approved by the Court. The Court did not suggest that Arleo's appearance was appropriate simply because a class settlement agreement had already been negotiated by the parties without approval by the Court. Therefore, in the Court's view, no error was committed in ordering Arleo's withdrawal from this action on the basis that it would be improper for Arleo to remain in this action, even to litigate against future potential objectors.

Further, the cases that Arleo claims the Court overlooked arose in contexts that differ meaningfully from the instant case as presented. For example, Arleo cites to Allegaeri v. Perot, 565 F.2d 246 (2d Cir. 1977). However, Allegaeri addressed the issue of whether attorneys that had previously represented a brokerage firm could be disqualified from representing their primary corporate clients when the brokerage firm was aware that the information it shared with the attorneys would be conveyed to their primary corporate clients. This is markedly distinct from the issue that was before the Court when it issued the January 28, 2013 Order. Indeed, the Court was not confronted with an issue concerning the attorney-client relationship, as was the case in Allegaeri. Rather, the Court was asked to determine whether the previous co-counsel relationship between Arleo and Horn over the course of litigating twenty-three FDCPA cases created a conflict of interest in this FDCPA class action lawsuit.

Arleo also claims that the Court overlooked the Second's Circuit holding in Fund of Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225 (2d Cir. 1997), that "stated that when dealing with virgin ground concerning potential ethical issues, the conclusion can be reached only after '. . . . the painstaking analysis and precise application of precedent.'" (Arleo Mem., pg. 6, quoting Fund of Funds, 567 F.2d at 227.) However, the Court, did, in fact, recognize this proposition in the January 28, 2013 Order:

> There are no hard and fast rules for striking the balance between enforcement of ethical rules and the preservation of client rights. Instead, "the conclusion in a particular case can be reached only after a painstaking analysis of the facts and precise application of precedent." Board of Ed. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979), citing Fund of Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225, 227 (2d Cir. 1977).

(January 28, 2013 Order, pg. 13.) Moreover, the Court did apply this Second Circuit precedent when rendering its decision in the January 28, 2013 Order. Not only did the Court carefully consider Arleo and Horn's past co-counsel relationship in similar FDCPA cases, it also considered relevant precedent, including the decisions in Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975); General Motors Corp. v. City of New York, 501 F.3d 639 (2d Cir. 1949); and Filippi v. Elmont Union Free School District Board of Education, 722 F. Supp. 2d 295 (E.D.N.Y. 2010).

In addition, Arleo's reliance on W.T. Grant v. Haines, 531 F.2d 671 (2d Cir. 1976), is misplaced. W.T. Grant addressed whether an attorney's communication with an unrepresented party was grounds for disqualification, which was not the issue before the Court when it issued the January 28, 2013 Order. Similarly, Ceramco, Inc. v Lee Pharmaceuticals, 510 F.2d 268 (2d Cir. 1975), also relied on by Arleo, involved a disqualification motion brought against an attorney for his communication with a represented party. Again, this was not the issue before the Court when it issued the January 28, 2013 Order.

Lastly, Arleo points to In re Austrian and German Bank Holocaust Litig., 317 2d 91 (2d Cir. 2003) (hereinafter, "Austrian and German Bank"), and In re Agent Orange Product Liability Litig., 800 F.2d 14 (2d Cir. 1986) (hereinafter "Agent Orange"), for the proposition that "[t]raditional rules applied to an attorney's representation of their clients outside of the class action context cannot be mechanically applied to problems which may arise in regard to the

settlement of a class action lawsuit." (Arleo Mem., pg. 7.) According to Arleo, the Court committed clear error when it overlooked these cases and this proposition in the January 28, 2013 Order. The Court disagrees.

First, the Court finds Austrian and German Bank to be inapplicable here, as the Second Circuit was evaluating the merits of a forfeiture claim in connection with the fees awarded to the class's attorneys, and not a disqualification motion. As for Agent Orange, the Second Circuit in that case was presented with a different factual situation than that which was before the Court when it directed Arleo to withdraw from this action. Agent Orange involved an eight-year product liability class action lawsuit in which the class was represented by three different law firms. After the court approved the settlement in the case, two of the law firms, representing about 3,000 of the class members, filed appeals contending that the settlement should be set aside. The remaining law firm, representing the rest of the class, moved to disqualify the other two law firms from representing the objectors on the appeals, arguing that there was a conflict of interest.

The Second Circuit declined to grant the motion to disqualify, explaining as follows:

> [T]he traditional rules that have been developed in the course of attorneys' representation of the interests of clients outside of the class action context should not be mechanically applied to the problems that arise in the settlement of class action litigation. A motion to disqualify an attorney who has represented the entire class and who has thereafter been retained by a faction of the class to represent its interests in opposition to a proposed settlement of the action cannot be automatically granted. Rather, there must be a balancing of the interests of the various groups of class members and of the interest of the public and the court in achieving a just and expeditious resolution of the dispute.

Agent Orange, 800 F.2d at 18. The Second Circuit concluded that "several factors weigh[ed] against disqualification," including that (1) the action had been pending for eight years; (2) the

remaining class counsel would similarly have a conflict with regard to the objecting class members who it now opposed; (3) "hundreds of thousands of private corporate documents were produced in the course of discovery"; and (4) the granting of disqualification would result in either a delay in class members receiving compensation for their injuries or else would force the objectors to proceed with attorneys unfamiliar with the case. Id. at 18–20.

Conversely, this case presents none of these unique circumstances. The Defendant was represented and continues to be represented by Joseph Latona. In fact, Arleo did not appear in this action until more than a year after it commenced. Further, this lawsuit has not been pending for eight years, nor has it entailed extensive discovery. In addition, this case does not involve the complicated scenario of Agent Orange in which the class was initially represented by three different law firms, who then suddenly became adversaries because they disagreed about the proposed settlement agreement. Instead, Arleo, as co-counsel for the Defendant, and Horn, as counsel for the Plaintiffs, were always adversaries in this action, notwithstanding the close and long-standing relationship between Arleo and Horn in twenty-three other similar class actions under the FDCPA.

With respect to Arleo's contention that the Court should reconsider its January 28, 2013 Order in order to prevent a manifest injustice, the Court finds this argument also to be without merit. In this regard, Arleo asserts that "the directive to Arleo to withdraw has unjustly and unreasonably denied the Defendant of its right to choose legal counsel." (Arleo Mem., pg. 4.) In the January 28, 2013 Order, the Court was mindful of the Defendant's right to choose its legal counsel. However, after balancing this right against the enforcement of ethical rules and fair play, the Court determined that disqualification of Arleo was appropriate. (January 28, 2013 Order, pgs. 12–13, 15.)

"In the context of a motion for reconsideration, 'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" Idowu v. Middleton, 12 CIV. 1238 (BSJ) (KNF), 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013) (quoting In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)) (internal brackets omitted); see also In re Air Crash at Belle Harbor, New York on November 12, 2001, Nos. 02 MDL 1448(RWS), 02 Civ. 439(RWS), 02 Civ. 3143(RWS), 2007 WL 4563485, at *1 n.1 (S.D.N.Y. Dec. 18, 2007) (holding that while "[c]ourts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes[,] [a]t least one court has held [ ] that reconsideration is not warranted unless the prior decision is 'dead wrong.'") (quoting Parts & Electric Motors, Inc. v. Sterling Electric, Inc., 866 F.2d 228, 233 (7th Cir. 1988), cert. denied, 493 U.S. 847, 110 S. Ct. 141, 107 L. Ed. 2d 100 (1989)). Further, "regardless of what the basis for reconsideration is, while acknowledging a court's power to revisit its own decision, the Supreme Court has cautioned that 'as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ." OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd., 06 CIV. 9441 (RWS), 2007 WL 2900225, at *1 n.1 (S.D.N.Y. Oct. 4, 2007) (emphasis and ellipse in original) (quoting Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)).

The Court finds that extraordinary circumstances are not present in this case, nor, in the Court's view, did the Court commit any error that was direct, obvious and observable in connection with the January 28, 2013 Order. Indeed, while the Defendant may no longer be represented by Arleo, it continues to be represented by Latona, who has represented the Defendant from the commencement of this litigation. Furthermore, as the Court has explained, it

overlooked no controlling precedent in rendering its decision. Accordingly, based on the reasons set forth above, Arleo's motion for reconsideration of the January 28, 2013 Order is denied.

As a final matter, the Court is in receipt of Arleo's letter, dated February 26, 2012, in which he asserts that counsel for the objector Patrick Sejour (the "Objector") have alleged false claims against him in the Objector's opposition papers to Arleo's motion for consideration. According to Arleo, these false claims include the following: (1) that the motion for reconsideration is "frivolous"; (2) that Arleo has made a "mockery of Court rules and precedent"; (3) that Arleo made "spurious and frivolous arguments" and "baseless and frivolous arguments"; (4) that Arleo made statements "not becoming of an attorney admitted to practice in the Eastern District of New York"; and (5) that Arleo's motion for reconsideration is "patently frivolous." (Arleo February 26, 2013 Letter, pg. 1, quoting Obj. Mem., pgs. 1, 2, 3, 10 and 11.) Arleo requests that the Court direct the Objector's counsel to appear and show cause why each should not be held responsible for the supposed "baseless and false allegations made against [Arleo] in this litigation[.]" (Arleo February 26, 2013 Letter, pg. 2.)

The Court does not find that Arleo's motion for reconsideration was frivolous. Nor does it approve of the abovementioned derogatory comments that were employed by the Objector's counsel in the Objector's opposition papers. Nevertheless, the Court declines to grant Arleo's request. However, the Court reminds all counsel participating in this litigation that they should avoid the use of inflammatory language in future filings. Failure to do so may result in this Court taking action that it considers to be just and proper.

## II. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that Arleo's motion for reconsideration of the January 28, 2013 Order is denied.

**SO ORDERED.**
Dated: Central Islip, New York
August 1, 2013

_____*/s/ Arthur D. Spatt*_____
ARTHUR D. SPATT
United States District Judge