# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

April 23, 2015

Hon. Arthur D. Spatt, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     RE:   *Corpac, et al. v. Rubin & Rothman, LLC*
           E.D.N.Y. Case No. 2:10-cv-04165-ADS-GRB

Dear Senior Judge Spatt,

     I am Class Counsel in the referenced matter. I write on behalf of the Parties in response to the current, and only, objection ("Objection") to the class settlement filed by Messrs. Brian Bromberg and Matthew Schedler on behalf of Casilda M. Aybar [Doc 122]. The Objection is merely an iteration of the many serial objections already filed during the *past 3 years* by Messrs. Bromberg and Schedler. Thus, in the interest of brevity, the Parties respectfully incorporate by reference their previously filed responses to the serial objections [*See e.g.,* Docs. 93; 101; 103].

     In addition to their incorporated arguments, the Parties believe the factual and procedural history and argument set forth *infra*, is important to the Court's analysis on the Objection advanced by Messrs. Bromberg and Schedler's serial objections. Indeed, as discussed herein it is apparent that the present Objection is being advanced by professional attorney objectors who have no interest other than to needlessly multiply these proceedings and burden the Court and the Parties for nearly *three years* (and 100 docket entries) – all for what has proved to be nothing more than Messrs. Bromberg and Schedler's own financial gain.

     Accordingly, for the reasons explained in the Parties' previous filings, and as discussed *infra*, the Court should overrule the Objection and grant final approval to the Parties' grant settlement.

                   *Relevant Factual & Procedural Background*

**A.**  **Bromberg & Schedler's First Objection *circa 2012***

     This class action lawsuit was filed 4 ½ years ago. [Doc 1]. After extensive arms-length negotiations, an agreement was reached to settle on a class basis. On January 16, 2012, the

Arthur D. Spatt, U.S.D.J.
*Corpac, et al. v. Rubin & Rothman, LLC*
April 23, 2015
Page 2

Parties filed a filed a motion to certify the class and grant preliminary approval of the class action settlement [Doc. 22], which the Court granted on April 5, 2012 [Doc. 23]. On the eve of the fairness hearing, attorneys Brian Bromberg and Matthew Schedler filed an untimely objection to the settlement [Doc 27], and subsequently appeared at the hearing to argue same. [Doc. 35]. The Court overruled Sejour's objections at the hearing and reserved decision only on the issue of Defendant;s net worth and the conflict of interest issue concerning Defendant's prior attorney, Robert L. Arleo. [Doc. 35].

During the pendency of the Court's ruling on the conflict of interest objection, <u>Class Counsel brought to the Court's attention</u> [Doc 45] the (then) recent Second Circuit decision in *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 18 (2d Cir. 2012). Despite the Court's prior finding that notice by publication was appropriate, the recently issued *Hecht* decision essentially found such notice would not comport with due process; thus, <u>Class Counsel requested</u> the Court re-examine its prior preliminary certification ruling and, if the Court agreed that due process was not satisfied, to permit the Parties to revise their class settlement to comport with the notice requirements articulated in *Hecht* and file a renewed motion for preliminary approval.

On January 23, 2013, the Court issued an order finding that in view of the *Hecht* decision, the Parties' notice to class members via a one-time publication in the *New York Post* did not satisfy due process and directed Plaintiff's counsel to determine a proper and constitutionally valid method of notice and make a renewed application to the Court. [Doc. 54]. The Court further ruled that, while no conflict of interest existed concerning the prior class settlement, Mr. Arleo was directed to withdraw from the case in light of the intervening change in the posture of this case attributable to *Hecht*.

In short, Messrs. Bromberg and Schedler did not succeed on any of the objections they levied on behalf of Sejour.

**B.  <u>Bromberg & Schedler's Second Objection</u>** <u>*circa* 2013</u>

On January 29, 2013, the *New York Law Journal* printed an article in which Mr. Bromberg, was quoted implicitly stating he intended to continue objecting to any subsequent class agreements in this case; he made similar comments to Defendant's new attorney, Thomas Leghorn.

Mr. Arleo subsequently withdrew from the case, and Defendant retained new counsel who entered an appearance. [Docs. 57, 58, & 62]. The Parties then commenced substantial arms-length efforts to negotiate a new class settlement. During the settlement negotiations, however, Defendant's new attorney, Thomas Leghorn, disclosed to Class Counsel that he had engaged in discussions with Mr. Bromberg regarding a different lawsuit filed by Mr. Bromberg and that during this conversation Mr. Bromberg vowed to Mr. Leghorn that there was absolutely nothing the Parties could ever possibly do to satisfy Mr. Bromberg and that the Objector would continue to advance his prior objections regardless of what changes were made to the Parties' class settlement. [Docs. 76; 93-2, ¶18; 93-3, ¶3].

Arthur D. Spatt, U.S.D.J.
*Corpac, et al. v. Rubin & Rothman, LLC*
April 23, 2015
Page 3

On April 5, 2013, the Parties filed an amended motion to certify the class and grant preliminary approval of the class action settlement [Doc. 22], which the Court granted on April 20, 2013 [Doc. 75].

Pursuant to the Court's preliminary approval order [Doc.75], I served a copy of that order on Messrs. Bromberg and Schedler. A mere 1½ hours after receiving my copy of the order, Mr. Bromberg, sent a mass e-mail to scores of New York consumer attorneys in which he:

(1) Attached a copy of the Court's Preliminary Approval Order [Doc. 75];

(2) Characterized the Court as having approved a "dreadful" settlement;

(3) Mischaracterized the Court's prior findings regarding his objections;

(4) Solicited every consumer attorney to flood the Court's chambers with objections and "offering" a canned copy of his objections to "anyone who wants to object;" and

(5) Instructing those consumer attorneys to "alert all of [their] clients to be on the lookout for a postcard settlement notice.

[See attached; and Docs. 93-1, Exh. B; Docs. 94-1, ¶¶13-17].

Given Mr. Bromberg's persistent overtures about objecting to any class settlement, and his mass solicitation for new objectors to join his "fight," on April 23, 2013, the Parties filed a joint motion for the Court to adopt a two-step objection process whereby the first step requires Sejour who was then before the Court to present all objections he may have to the Parties' amended class settlement prior to Defendant mailing notice to the class; the second step would allow all other class members an opportunity to object during the notice period after the class notice is mailed. [Doc. 76]. Messrs. Bromberg and Schedler opposed the motion arguing "**the new class notice will likely result in additional objectors**.... [and] [i]n turn, the number of these objectors will be a factor in the analysis of any objections. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)." [Doc. 77].

"Notwithstanding [Sejour's] argument, the Court [found] a two-step objection process to be appropriate in this case" and ordered Sejour to "present ***all*** of its objections to the amended class settlement" (Emphasis added). [Doc. 78].

On May 10, 2013, Messrs. Bromberg and Schedler filed Sejour's objections to the amended class settlement. [Docs. 79 & 80]. Then, on May 28, 2013 – before the Parties even had a chance to respond to the new objections – Messrs. Bromberg and Schedler attempted to add additional arguments and information to their objections which they had known about since 2012. [Doc. 82]. Given the clear prejudice to the Parties created by Messrs. Bromberg and Schedler's serial objection filings, the Court ordered Sejour to file Amended Objections that

Arthur D. Spatt, U.S.D.J.
*Corpac, et al. v. Rubin & Rothman, LLC*
April 23, 2015
Page 4

included "all" of his arguments so the Parties will be afforded a fair opportunity to respond in their opposition papers. [Doc. 85].

On June 6, 2013, Messrs. Bromberg and Schedler filed Sejour's "Amended Objections" to the amended class settlement. [Docs. 86]. The Amended Objections are substantively identical to all of their prior objections. On July 10, 2013, the Parties filed a response in opposition to the Amended Objections. [Doc. 93]. On August 9, 2013, Messrs. Bromberg and Schedler filed a reply brief in furtherance of Sejour's "Amended Objections," in which they *again* ignored the Court's previous orders and *again* raised new evidence, arguments, and case law all of which should have been, but were not, included in any of their prior Objections. [Doc. 94]. As such, the Parties sought leave to file a sur-reply [Doc. 95], which Messrs. Bromberg and Schedler opposed [Doc. 96].

On March 1, 2014, the Court granted the Parties' request to file a sur-reply [Doc. 98], which they filed on March 21, 2014 addressing Messrs. Bromberg and Schedler's additional arguments and evidence. [Doc. 101]. Undeterred, Messrs. Bromberg and Schedler filed a motion to strike part of the Parties' sur-reply for incorrectly noting the *exact* nature of his familial connection with the proposed *cy pres* recipient, Legal Aid Society of New York (a fact he never disclosed in Sejour's objections) [Doc. 102], to which the Parties replied [Doc. 103].

### C. Bromberg & Schedler's Third Objection *circa 2015*

On October 8, 2014, Mr. Schedler informed the Court that Sejour had settled his claims and planned to withdraw his objection. [Doc. 105]. On December 3, 2014, Messrs. Bromberg and Schedler were still trying to negotiate the outrageous amount of their attorney's fee payment with the Defendant and, therefore, still had not completely settled Sejour's objection. [Doc. 107]. Still as of January 22, 2015, Messrs. Bromberg and Schedler could not agree on how much they would accept for their attorney's fees and, therefore, sought to have the Court decide the amount via additional burdensome motion practice. [Doc. 110].

On January 23, 2015, the Court entered its Amended Preliminary Approval Order [Doc. 112] and the Parties immediately took steps to implement all of the directives in that order to provide direct mailed notice to the class members, as well as notice to the United States and New York Attorneys General as required by the Court's Order and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA Notice"). [Docs. 111-115].

On February 23, 2015 – 2 days before the court-ordered deadline to serve the class notice by U.S. Mail – Mr. Bromberg wrote the Court advising that he, Mr. Schedler, and Sejour agreed to withdraw their objections to the settlement, "[i]n exchange for a payment of an agreed sum," – he never told the Court how **exorbitant** an amount they received – *and that payment was extraordinary*. Incredibly, *within minutes after filing that letter,* Mr. Bromberg "bellied back up to the table" for another serving of fees and to further delay this action by:

Arthur D. Spatt, U.S.D.J.
***Corpac, et al. v. Rubin & Rothman, LLC***
April 23, 2015
Page 5

    (1)    Entering an appearance on behalf of a new objector, Casilda M. Aybar, who he and Mr. Schedler presumably had (despite his representation to the contrary) sitting in the wings until he settled the amount of their attorney's fees and costs for the Sejour objection; and, even worse,

    (2)    Filing a motion requesting the Court "stay the obligation to send class notice **and set a schedule for briefing Ms. Aybar's objections**."

[Docs. 116-118]. Shockingly, **Ms. Aybar had not even received the class notice (it had not been mailed yet) at the time her attorneys asked the Court to object to it on her behalf.** The Court denied Mr. Bromberg's motion for a briefing schedule for Ms. Aybar's objections. [Doc. 119].

As reflected on the Court's docket, neither the United States Attorney General nor the New York Attorney General – both of whom received physical delivery of the CAFA Notice, which included hard copies of all relevant Court orders and settlement documents – have objected to the amended class settlement or sought to intervene in any manner. Nor have any of the scores of New York consumer attorneys whose objections were solicited by Mr. Bromberg accepted his invitation join his "fight" and file an objection.

There is but one objector here – out of nearly 110,000 class members – and she is clearly under the control and dominion of Messrs. Bromberg and Schedler who have no apparent interest in anything other than their own personal financial gain. Mr. Bromberg in particular has a history of objecting to class settlements. *See e.g., Gravina, et al. v. National Enterprise Systems, Inc.* (E.D.N.Y. Case No. 2:09-cv-2942-JFB-GRB); *Chin v. RCN Corporation* (S.D.N.Y. Case. No. 1:08-cv-07349-RJS).

There can be two types of Objectors within a class settlement action: (1) "professional" attorney objectors; and (2) legitimate objectors. *See* 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 13:21 (4th ed. 2002). Courts struggle with achieving a balance between these two types of objectors. On the one hand, courts want legitimate objectors to be able to easily object to a proposed settlement because courts believe it adds value to determining the fairness of a settlement. *Id*. On the other hand, courts want to flush out professional objectors and make it harder for them to successfully file their objections. *Id*.

It is clear from the record that Messrs. Bromberg and Schedler fall within the first category of "professional attorney objectors" which courts guard against. Here, Messrs. Bromberg and Schedler readily acknowledge there are approximately 110,000 Settlement Class Members all of who received actual direct notice of the class settlement; yet, there is only a single objection brought by professional attorney objectors prior to any possibility that the claimed Objector had received the notice of settlement to which she objected. Moreover, as is clear from the history of this case Messrs. Bromberg and Schedler have repeatedly and unnecessarily multiplied these proceedings for what has amounted to nothing more than their own personal financial gain – a fact underscored by their settlement on Sejour's objection in

Arthur D. Spatt, U.S.D.J.
***Corpac, et al. v. Rubin & Rothman, LLC***
April 23, 2015
Page 6

<u>exchange for a rich attorney fee payment...and then seeking to renew Sejour's objection on behalf of a new objector (Aybar) **within minutes** of their settling their fees and withdrawing Sejour's objection</u>. [*See* Docs. 110; 116-118].

That said, a single negative response is a strong endorsement by the Settlement Class heavily favors approval of a class action settlement agreement. *See, e.g., Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1314 n.15 (3d Cir.1993) (silence is a "tacit consent" to settlement); *see also In re Marine Midland Motor Vehicle Leasing Litig.*, 155 F.R.D. 416, 420 (W.D.N.Y. 1994) (single objection from one class member made when notice was given to 53,000 class members raised strong presumption that terms of settlement were favorable); *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 537 (D.N.J. 1997) (small number of negative responses to settlement favors approval); *Weiss v. Mercedes-Benz of North America*, 899 F. Supp. 1297, 1301 (D.N.J. 1995) (100 objections out of 30,000 class members weighs in favor of settlement).

Accordingly, for the reasons explained in the Parties' previous filings, and as discussed herein, the Court should overrule the Objection and grant final approval to the Parties' grant settlement.

Respectfully submitted,
*s William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:   All Counsel of Record *via ECF only*