# Bromberg Law Office, P.C.

Brian L. Bromberg (Admitted in NY & CA)
Jonathan R. Miller, Associate (Admitted in NY & MO)

26 Broadway, 21st Floor
New York, NY 10004
Phone: (212) 248-7906
Fax:    (212) 248-7908

April 28, 2015

Via ECF & First Class Mail
Honorable Arthur D. Spatt, U.S.D.J.
U.S. District Judge
P.O. Box 9014
Central Islip, NY 11722

> Re:   *Corpac v. Rubin & Rothman, LLC*, No. 10-cv-4165 (ADS)(GRB)

Dear Judge Spatt:

Class counsel's recent letter in response to Ms. Aybar's objections focuses exclusively on criticizing her attorneys. Most of these complaints have either been dealt with at length in earlier filings (upon which Mr. Schedler and I rely) or lack substance, e.g. the charge that the first objection was not "successful." ECF #123.

The new charges I am writing to address are: class counsel's insinuation that Mr. Schedler and I agreed not to object again; his allegation that we are professional objectors unconcerned with the fairness of the settlement; and his argument that the objections have harmed the class. Each of these assertions is meritless.

The history of the settlement negotiation makes clear that the previous objector's decision to accept a settlement was made by Mr. Sejour and Mr. Sejour alone. Indeed, the objector's attorneys have unambiguously refused to agree not to object to the settlement or to represent any objectors in the future. *See* accompanying Reply Declaration of Brian L. Bromberg in Support of the Objections of Casila M. Aybar (the "Bromberg Reply Declaration"), dated April 28, 2015, and accompanying exhibits. On October 1, 2014, Mr. Leghorn made a written offer to Mr. Sejour of $10,000 plus attorney fees and costs to withdraw his objections. *See* copy of written settlement offer attached as Exhibit A to the Bromberg Reply Declaration. Mr. Schedler and I were ethically bound to present this offer to Mr. Sejour. Our client directed us to accept the offer on his behalf. Mr. Schedler and I then conveyed Mr. Sejour's acceptance to Mr. Leghorn and to the Court. ECF # 105.

1

Mr. Leghorn proceeded to send us a settlement agreement with proposed terms that, in our opinion, would have violated ethics rules. Specifically, certain provisions of Mr. Leghorn's proposed agreement would have prohibited Mr. Schedler and I from representing future clients who objected to the class settlement – in violation of New York Rule of Professional Conduct 5.6(a) ("Restrictions of Right to Practice") ("A lawyer shall not participate in offering or making: . . . (2) an agreement in which a restriction on a lawyer's right to practice is part of the settlement of a client controversy."). We refused to agree to these provisions and struck them from the proposed agreement, making clear that we, as consumer advocates, still considered the settlement inadequate. *See* Bromberg Reply Declaration, the redlined copy of the initial proposed settlement agreement (Exhibit B to the Bromberg Reply Declaration), and the final signed copies of the settlement agreement (Exhibits C and D to the Bromberg Reply Declaration).

The final agreement withdrawing Mr. Sejour's objections does not include a single provision that in any way signals our approval, as attorneys, of the settlement. *See* Exhibits C and D to the Bromberg Reply Declaration. And our objections to the settlement are in line with the objections of the Legal Aid Society – the very organization that the parties continue to propose as the recipient of the settlement money. ECF #94-1. Moreover, the accompanying declaration of Carolyn E. Coffey, Supervising Attorney of the Consumer Rights Project at MFY Legal Services, Inc., shows that the Legal Aid Society is not alone – a number of other legal-services organizations in New York City are concerned about the settlement here and are relying on Ms. Aybar, Mr. Schedler and myself to shoulder the burden of objecting to this settlement. *See* accompanying Reply Declaration of Carolyn Coffey in Support of the Objections of Casila M. Aybar, dated April 27, 2015. Additionally, while Ms. Aybar may be the lone objector, Mr. Horn does not mention how many class members opted out, obscuring the actual response to the class notice. ECF #123.

Class counsel and Defendant's charge that the objectors are motivated by avarice are baseless. At no point during the three years during which the objections were pending did Mr. Sejour approach the parties concerning settlement. Rather, in response to Mr. Sejour's clear and well-reasoned objections, the parties chose to pay Mr. Sejour individually to drop his objection. That the removal of Mr. Sejour did not result in a settlement free from objection has no bearing on the legitimacy of the objections of Ms. Aybar or their validity.

Mr. Schedler and I are not "professional objectors." That said, we make no apology for advising our clients to object to an unfair, unreasonable and inadequate class settlement that would waive their rights – and the rights of over 100,000 consumers like them – in exchange for $125,000 in fees and costs to class counsel and a $9,400 *cy pres* award. Throughout the letter class counsel seeks to frame the objections as negative and as having harmed class members, but no example of a specific harm is

given. In fact, Mr. Sejour's objections provided a number of important benefits to class members, including individual notice to every class member, and exclusion of the class members in *Tito* and *De La Paz*. Unlike this case, the class members in *Tito* and *De La Paz* received a significant monetary benefit in exchange for giving up certain rights. Notably, neither Mr. Schedler nor I have represented objectors in those cases.

Respectfully,

/s/ Brian L. Bromberg

Brian L. Bromberg

cc:    William F. Horn, Esq. (Via ECF)
       Thomas A. Leghorn, Esq. (Via ECF)
       Joseph L. Francoeur, Esq. (Via ECF)
       Matthew A. Schedler, Esq. (Via ECF)