UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN T. CORPAC, an individual; on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RUBIN & ROTHMAN, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, <br><br> Defendants. | ) <br> ) <br> ) No. 10-CV-4165 (ADS)(ETB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Reply Declaration of Brian L. Bromberg in
Support of the Objections of Casila M. Aybar**

Under 28 U.S.C. § 1746, I, Brian L. Bromberg, do hereby declare under penalty of perjury, that the following is true and correct:

1.  I am the President of the Bromberg Law Office, P.C., one of the attorneys for the objector, Casila M. Aybar.

2.  I am writing this reply declaration in order to introduce a number of documents that rebut the statements and insinuations made by class counsel, William F. Horn, in his letter to the Court, dated April 23, 2015.

3.  I am attaching as <u>Exhibit A</u> a copy of the letter, dated October 1, 2014, in which Defendant's attorney, Thomas A. Leghorn, advised that "My clients are prepared to pay Mr. Sejour the sum of $10,000.00 with reasonable attorney fees to be set by the court."

4. In his letter, Mr. Leghorn further stated that, "[s]o there is no doubt, this offer is for the objection to be withdrawn *by your client* and for my client to be provided a full release." *Id.* (emphasis added).

5. Mr. Leghorn concluded his letter by reminding me of my obligation to "present this offer to your client and advise me of his response." *Id.*

6. As Mr. Leghorn himself states in Exhibit A, neither Mr. Schedler nor I had invited this settlement offer or approached Mr. Leghorn for compensation:

> A few weeks back we spoke and I raised the possibility of a separate settlement with your client. During the course of the call you stated that your client was not interested and that you had so advised my predecessor counsel, Robert Arlea [*sic*], of such before my involvement.

*Id.*

7. I am attaching as Exhibit B a copy of an email and a redlined "Settlement Agreement and Release of Claims" sent by my co-counsel, Matthew A. Schedler.

8. In Exhibit B, Mr. Schedler and I struck every provision that Mr. Leghorn attempted to include that would in any way prohibit us from representing additional objectors. *Id.*

9. We did so because we believed that Mr. Leghorn's proposals violated New York Rule of Professional Conduct 5.6(a) ("Restrictions of Right to Practice") ("A lawyer shall not participate in offering or making: . . . (2) an agreement in which a restriction on a lawyer's right to practice is part of the settlement of a client controversy.")

2

10. More importantly, however, we believed that the parties' settlement agreement was still unfair, unreasonable, and inadequate.

11. Although a number of additional drafts were exchanged, Mr. Leghorn never again sought to include provisions seeking to prohibit Mr. Schedler or I from representing additional objectors.

12. I am attaching as Exhibit C a copy of the email and signed copy of the settlement agreement that I sent to Mr. Leghorn on February 2, 2015.

13. I am attaching as Exhibit D a copy of the email and copy of the settlement agreement signed by Keith Rothman, on behalf of Rubin & Rothman, LLC, that Mr. Leghorn sent to me on February 3, 2015.

14. Thus, as the Court can see, Rubin & Rothman, LLP accepted the striking of every clause that would in any way prevent Mr. Schedler or I from representing additional objectors, and my office only signed the agreement to signify "APPROVAL AS TO FORM". See Exhibits C and D.

15. In sum, Mr. Horn's claims that Ms. Aybar is somehow barred or estopped from objecting to the settlement or that Mr. Schedler or I are prohibited from representing her is belied by the very document signed by Mr. Leghorn's client, Rubin & Rothman, LLP.

Dated: April 28, 2015
      New York, New York

                                      /s/ Brian L. Bromberg
                                      Brian L. Bromberg