# Exhibit B

# Brian L. Bromberg

| | |
|---|---|
| **From:** | Matthew Schedler <MatthewSc@CAMBA.ORG> |
| **Sent:** | Thursday, October 23, 2014 5:39 PM |
| **To:** | Leghorn, Thomas A.; 'brian@bromberglawoffice.com' |
| **Cc:** | 'Jonathan Robert Miller' |
| **Subject:** | RE: Corpac v. Rubin & Rothman, LLC - Docket No. 10-cv-4165 - Our File No. 11817.00002 |
| **Attachments:** | NYDOCS01-#6371723-v1-SEJOUR_AGREEMENT -- version002 (3) schedler edits.doc |

Hi Tom,

Attached are our edits and comments to the proposed stipulation of settlement.  I will be out of the office tomorrow but will be free next week if everyone would like to discuss.

Thank you,

Matt

**Matthew Schedler**
CAMBA Inc.
Supervising Attorney
CAMBA Legal Services, Inc.
(718) 940-6311 ext. 79284
(718) 462-5537 Fax
MatthewSc@CAMBA.ORG
885 Flatbush Avenue, 2nd Fl.
Brooklyn, NY 11226
www.camba.org

CAMBA
where you can

---

**From:** Leghorn, Thomas A. [mailto:Thomas.Leghorn@wilsonelser.com]
**Sent:** Tuesday, October 14, 2014 4:54 PM
**To:** 'brian@bromberglawoffice.com'
**Cc:** Matthew Schedler; 'Jonathan Robert Miller'
**Subject:** RE: Corpac v. Rubin & Rothman, LLC - Docket No. 10-cv-4165 - Our File No. 11817.00002

Brian – I am going to send to you what I am still waiting for comments from my client just so we keep this moving.

Thomas A. Leghorn
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E 42nd Street          1133 Westchester Avenue
New York, NY 10017      White Plains, NY 10604-3407
212.915.5234 (Direct)
917.538.0462 (Cell)
212.490.3000 (Main)      914-323-7000 (Main)
212.490.3038 (Fax)         914-323-7001 (Fax)
thomas.leghorn@wilsonelser.com

1

**From:** Brian L. Bromberg [mailto:brian.bromberg@gmail.com]
**Sent:** Tuesday, October 14, 2014 4:29 PM
**To:** Leghorn, Thomas A.
**Cc:** 'Matthew Schedler'; 'Jonathan Robert Miller'
**Subject:** RE: Corpac v. Rubin & Rothman, LLC - Docket No. 10-cv-4165 - Our File No. 11817.00002

Tom,

How are the settlement documents coming along?

Brian


Brian L. Bromberg
(Admitted in NY & CA)
Bromberg Law Office, P.C.
Standard Oil Building
26 Broadway, 21st Floor
New York, New York 10004

tel: 212.248.7906 | fax: 212.248.7908
brian@bromberglawoffice.com



No fax advertisements, spam email or telephone solicitations please.
Not for service of court papers without prior written agreement.
We are a debt relief agency.  We help people file for bankruptcy relief under the Bankruptcy Code.


**From:** Leghorn, Thomas A. [mailto:Thomas.Leghorn@wilsonelser.com]
**Sent:** Monday, October 06, 2014 5:07 PM
**To:** 'brian@bromberglawoffice.com'
**Cc:** 'Matthew Schedler'; 'Jonathan Robert Miller'
**Subject:** RE: Corpac v. Rubin & Rothman, LLC - Docket No. 10-cv-4165 - Our File No. 11817.00002

Brian – thank you.  I have just returned to the office and will endeavor to have proposed settlement documents to you ASAP.  Tomorrow may be a challenge.

Tom

Thomas A. Leghorn
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E 42nd Street              1133 Westchester Avenue
New York, NY 10017         White Plains, NY 10604-3407
212.915.5234 (Direct)
917.538.0462 (Cell)
212.490.3000 (Main)        914-323-7000 (Main)
212.490.3038 (Fax)           914-323-7001 (Fax)
thomas.leghorn@wilsonelser.com

**From:** Brian L. Bromberg [mailto:brian.bromberg@gmail.com]
**Sent:** Monday, October 06, 2014 4:18 PM
**To:** Leghorn, Thomas A.
**Cc:** 'Matthew Schedler'; Jonathan Robert Miller
**Subject:** RE: Corpac v. Rubin & Rothman, LLC - Docket No. 10-cv-4165 - Our File No. 11817.00002

Dear Mr. Leghorn:

Our client has instructed us to accept your offer. Please send us your proposed settlement documents by tomorrow.

Very truly yours,

Brian L. Bromberg

Brian L. Bromberg
(Admitted in NY & CA)
Bromberg Law Office, P.C.
Standard Oil Building
26 Broadway, 21st Floor
New York, New York 10004

tel: 212.248.7906 | fax: 212.248.7908
brian@bromberglawoffice.com



No fax advertisements, spam email or telephone solicitations please.
Not for service of court papers without prior written agreement.
We are a debt relief agency.  We help people file for bankruptcy relief under the Bankruptcy Code.

---

**From:** Galdamez, Ana [mailto:Ana.Galdamez@wilsonelser.com]
**Sent:** Wednesday, October 01, 2014 5:25 PM
**To:** 'Brian L. Bromberg (brian@bromberglawoffice.com)'
**Cc:** Leghorn, Thomas A.; Galdamez, Ana
**Subject:** Corpac v. Rubin & Rothman, LLC - Docket No. 10-cv-4165 - Our File No. 11817.00002
**Importance:** High

Dear Mr. Bromberg:

On behalf of Thomas A. Leghorn, attached please find correspondence in connection with the above-captioned matter.  Thank you.

Ana Galdamez
Legal Secretary
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E 42nd Street
New York, NY 10017
212.915.5537 (Direct)

212.490.3000 (Main)
212.490.3038 (Fax)
ana.galdamez@wilsonelser.com

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.



This email is free from viruses and malware because avast! Antivirus protection is active.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.



This email is free from viruses and malware because avast! Antivirus protection is active.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for

```
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
```
Thank you.

---

\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*

IMPORTANT CONFIDENTIAL NOTICE: This message and any attachments are solely for the intended recipient and may contain confidential information which is, or may be, legally privileged or otherwise protected by law from further disclosure. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this e-mail and any attachments is prohibited. If you have received this communication in error, please notify the sender by reply e-mail and immediately and permanently delete this e-mail and any attachments.

HELP CAMBA BY BUYING AT AMAZON.COM. WHEN YOU MAKE A PURCHASE THROUGH HTTP://WWW.CAMBA.ORG, AMAZON.COM WILL DONATE UP TO 15% OF THE PURCHASE PRICE TO CAMBA. SO PLEASE VISIT OUR WEBSITE, CLICK ON THE AMAZON ICON AND START SHOPPING. THANK YOU!

CAMBA is an equal opportunity employer/program. Auxiliary aids and services are available upon request to individuals with disabilities. All voice telephone numbers on this document may be reached by persons using TTD/TTY equipment via the New York State relay number 1-800-662-1220.

\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*

**SETTLEMENT AGREEMENT
AND RELEASE OF CLAIMS**

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS is made on this ___ day of October, 2014 by and between Patrick Sejour (OBJECTOR) and Rubin & Rothman, LLC (Defendant).

**Definitions**

A. "**OBJECTOR**" shall mean Patrick Sejour OBJECTOR's spouse, family, successors, assigns, agents, servants, heirs, executors, administrators, representatives, and insurers, employees, attorneys, and beneficiaries and all others through OBJECTOR.

> Comment [A1]: Patrick's wife, Marie, is also a party to the Capital One suit and a potential objector. We do not represent her in this capacity and cannot waive her rights.

B. "**Defendant**" shall mean defendant's predecessors, successors, assigns, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, and associates.

C. "**Agreemen**t" shall mean this Settlement Agreement and Release of Claims.

D. "**Parties**" shall mean OBJECTOR and Defendant.

E. "**Lawsuit**" shall mean the case titled *John T. Corpac, an individual; on behalf of himself and all others similarly situated v. Rubin & Rothman, LLC*, et al., Case No. 2:10-cv-04165-ADS-ETB, filed on or about September 8, 2010 in the United States District Court Eastern District of New York.

F. "**Claims**" shall mean all claims, objections, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature.

In consideration of the covenants contained herein, the Parties acknowledge, promise and agree as follows:

1. In exchange for the consideration provided for in Paragraph two (2) below, OBJECTOR releases Defendant and Defendant-Related Persons (the "Released Parties") from any and all Claims from the beginning of time through and including the date of the Agreement. The Released Parties shall release OBJECTOR from any and all Claims from the beginning of time through and including the date of the Agreement.

> Comment [A2]: This seems like a defined term, but it is not defined.

2. Defendant shall issue one check in the amount of Ten Thousand dollars ($10,000.00) payable to OBJECTOR. Defendant will issue any information statements required by law for the payment made pursuant to this Agreement. OBJECTOR agrees that he will be responsible for any tax consequences, including the payment of any and all taxes, as a result of

entering into this Agreement.  The Released parties make no representations regarding tax consequences, if any, of the payment made pursuant to this Agreement.

3. A preliminary approval order of a proposed settlement was entered in the Lawsuit on or about April 15, 2012, ~~to which~~ OBJECTOR, through counsel, filed an objection on or about June 22, 2012, ~~and in connection which numerous further filings have been made in the Lawsuit on behalf of OBJECTOR~~.  In consideration of the payment set forth in Paragraph 2 above, OBJECTOR, will withdraw any and all objections to the proposed settlement of the Lawsuit and represents and warrants that he will make no further or different objections to the settlement. ~~nor will he encourage or solicit others to object to the proposed settlement of the Lawsuit.~~

4. The payment set forth within Paragraph 2 above will be payable to OBJECTOR within seven (7) business days from the date upon which the Court enters upon the docket sheet for the Lawsuit that the Notice of Withdrawal of Objection filed by OBJECTOR has been accepted by the Court. ~~and that the objection has been resolved.~~

5. Defendant has agreed that <u>OBJECTOR'S attorneys are entitled to fees and</u> ~~counsel~~ may submit an application for an award of reasonable attorney fees to Judge Arthur D. Spatt who is presiding over the Lawsuit.  Defendant agrees to pay the award of reasonable attorney fees within ten (10) business days after such award/order becomes final.

6. This Agreement is the result of compromise, and is entered into in good faith for the purpose of fully and finally settling all disputes arising out of the facts alleged in or capable of being alleged in the Lawsuit, and to avoid the expense and uncertainty of further litigation.  OBJECTOR acknowledges that the consideration set forth in Paragraph two (2) of this Agreement is valuable and is provided for, among other things, the purpose of termination with prejudice, and obviating further involvement in litigation based upon disputed claims raised by OBJECTOR in the Lawsuit and is provided without any admission or concession whatsoever by the Released Parties that OBJECTOR's claims had any merit which the Released Parties expressly deny.

7. OBJECTOR warrants that OBJECTOR has read this Agreement and has consulted with OBJECTOR's attorney regarding the contents and significance of this Agreement.  In executing this Agreement, OBJECTOR does so with full knowledge of any and all rights OBJECTOR may have, and the contents of this Agreement and its meaning, which have been fully explained to OBJECTOR by OBJECTOR's attorney.  OBJECTOR understands the contents and significance of this Agreement and enters into this Agreement voluntarily of OBJECTOR's own free will.  OBJECTOR further represents and warrants that OBJECTOR has the sole right and exclusive authority to execute this Agreement and that OBJECTOR has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

~~8. The terms of this Agreement, its contents and the settlement amount set forth in Paragraph two (2) are confidential and shall not be disclosed by any party or their counsel except as required by legal process or by regulatory obligations.  However, OBJECTOR shall be allowed to discuss the terms of this Agreement with OBJECTOR's immediate~~

*Formatted: Indent: Left: 0.5", No bullets or numbering*

~~family, tax professionals, and attorney(s).  OBJECTOR shall notify Defendant of any subpoena or other discovery request received regarding this Agreement, its terms or contents or the negotiations underlying this Agreement.  OBJECTOR must provide this notification, including copies of the subpoena or other discovery request within three (3) business days of OBJECTOR's receipt of the subpoena or other discovery request.~~

~~9.~~8.    The provisions of this Agreement shall inure to the benefit of, and shall be binding upon successors in interest~~,~~ and assigns ~~and legal representatives~~ of Defendant and~~,~~ OBJECTOR.~~ and OBJECTOR Related Persons.~~

~~10.~~9.    New York law shall govern the validity and interpretation of this Agreement.

~~11.~~10.    This Agreement sets forth the entire understanding and agreement among the Parties with respect to the subject matter hereof and supersedes any prior or contemporaneous oral and/or written agreements or representations.

~~12.~~11.    This Agreement may not be altered or amended in any of its provisions except by the mutual written agreement of the Parties.

~~13.~~12.    Should any of the provisions set forth herein be determined to be invalid by any court, agency or any other tribunal of competent jurisdiction, such determination shall not affect the enforceability of the other provisions herein and to this end the provisions of this Agreement are declared severable.

~~14.~~13.    In the event that notice to one of the Parties must be provided under the terms of this Agreement, notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

    a.    For OBJECTOR:    Brian L. Bromberg
                                             Bromberg Law Office, P.C.
                                             26 Broadway – 21st Floor
                                             New York, NY  10004
                                             212.248.7908
    b.    For Defendant:     Thomas A. Leghorn
                                             Wilson Elser Moskowitz Edelman & Dicker LLP
                                             150 East 42nd Street
                                             New York, NY  10017
                                             212.915.5234

~~15.~~14.    This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of all parties.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement effective _____ day of October, 2014, regardless of the date on which such Agreement is signed.

Patrick Sejour, OBJECTOR

_____

Date: _____

Rubin & Rothman, LLC

By: _____

Name: _____

Title: _____

Date: _____

APPROVED AS TO FORM:

_____
Brian L. Bromberg
Attorney for OBJECTOR

4

6371723v.1