Exhibit C

# Brian L. Bromberg

| | |
|---|---|
| **From:** | Brian L. Bromberg <brian.bromberg@gmail.com> |
| **Sent:** | Monday, February 02, 2015 11:36 PM |
| **To:** | 'Leghorn, Thomas A.' |
| **Cc:** | 'Matthew Schedler'; 'Jonathan Robert Miller (jonathan@bromberglawoffice.com)' |
| **Subject:** | Emailing: Corpac -- signed settlement agreement 2015 01 12 |
| **Attachments:** | Corpac -- signed settlement agreement 2015 01 12.pdf |

Tom,

You're repeatedly promised that we would receive the signed settlement agreement -- most recently in an email you sent on January 21st -- but we still haven't received the signed document. Here's our signed copy. Please provide your signed copy immediately.

Thanks,

Brian


Brian L. Bromberg
(Admitted in NY & CA)
Bromberg Law Office, P.C.
Standard Oil Building
26 Broadway, 21st Floor
New York, New York 10004

tel: 212.248.7906 | fax: 212.248.7908
brian@bromberglawoffice.com



No fax advertisements, spam email or telephone solicitations please.
Not for service of court papers without prior written agreement.
We are a debt relief agency.  We help people file for bankruptcy relief under the Bankruptcy Code.


Your message is ready to be sent with the following file or link attachments:

Corpac -- signed settlement agreement 2015 01 12


Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS is made on this ___ day of December, 2014 by and between Patrick Sejour (OBJECTOR) and Rubin & Rothman, LLC (Defendant).

**Definitions**

A. **"OBJECTOR"** shall mean Patrick Sejour, Marie Sejour, successors, assigns, heirs, representatives, and insurers.

B. **"Defendant"** shall mean defendant's predecessors, successors, assigns, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, and associates.

C. **"Agreement"** shall mean this Settlement Agreement and Release of Claims.

D. **"Parties"** shall mean OBJECTOR and Defendant.

E. **"Lawsuit"** shall mean the case titled *John T. Corpac, an individual; on behalf of himself and all others similarly situated v. Rubin & Rothman, LLC*, et al., Case No. 2:10-cv-04165-ADS-ETB, filed on or about September 8, 2010 in the United States District Court Eastern District of New York.

F. **"Claims"** shall mean all claims, objections, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature.

In consideration of the covenants contained herein, the Parties acknowledge, promise and agree as follows:

1. In exchange for the consideration provided for in Paragraph two (2) below, OBJECTOR releases Defendant from any and all Claims from the beginning of time through and including the date of the Agreement. Defendant shall release OBJECTOR from any and all Claims from the beginning of time through and including the date of the Agreement.

2. Defendant shall issue one check in the amount of Ten Thousand dollars ($10,000.00) payable to Patrick Sejour. Defendant will issue any information statements required by law for the payment made pursuant to this Agreement. OBJECTOR agrees that he will be responsible for any tax consequences, including the payment of any and all taxes, as a result of entering into this Agreement. Defendant makes no representations regarding tax consequences, if any, of the payment made pursuant to this Agreement.

3.  A preliminary approval order of a proposed settlement was entered in the Lawsuit on or about April 15, 2012. OBJECTOR, through counsel, filed an objection on or about June 22, 2012. In consideration of the payment set forth in Paragraph 2 above, OBJECTOR, will withdraw any and all objections to the proposed settlement of the Lawsuit and represents and warrants that he will make no further or different objections to the settlement.

4.  The payment set forth within Paragraph 2 above will be payable to OBJECTOR within seven (7) business days from the date upon which the Court enters upon the docket sheet for the Lawsuit that the Notice of Withdrawal of Objection filed by OBJECTOR has been accepted by the Court.

5.  Defendant has agreed to pay OBJECTOR the sum of $10,000.00 with reasonable attorney fees to be set by the Court. Defendant agrees to pay the award of reasonable attorney fees within ten (10) business days after such award/order becomes final. For example, if the award/order appears on the ECF Docket on February 1, 2015, and no notice of appeal from the award/order is filed by March 3, 2015, Defendant must pay the award/order to OBJECTOR's counsel on or before March 17, 2015.

6.  This Agreement is the result of compromise, and is entered into in good faith for the purpose of fully and finally settling all disputes arising out of the facts alleged in or capable of being alleged in the Lawsuit, and to avoid the expense and uncertainty of further litigation. OBJECTOR acknowledges that the consideration set forth in Paragraph two (2) of this Agreement is valuable and is provided for, among other things, the purpose of termination with prejudice, and obviating further involvement in litigation based upon disputed claims raised by OBJECTOR in the Lawsuit and is provided without any admission or concession whatsoever by Defendant that OBJECTOR's claims had any merit which the Defendant expressly denies.

7.  OBJECTOR warrants that OBJECTOR has read this Agreement and has consulted with OBJECTOR's attorney regarding the contents and significance of this Agreement. In executing this Agreement, OBJECTOR does so with full knowledge of any and all rights OBJECTOR may have, and the contents of this Agreement and its meaning, which have been fully explained to OBJECTOR by OBJECTOR's attorney. OBJECTOR understands the contents and significance of this Agreement and enters into this Agreement voluntarily of OBJECTOR's own free will. OBJECTOR further represents and warrants that OBJECTOR has the sole right and exclusive authority to execute this Agreement and that OBJECTOR has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

8.  The provisions of this Agreement shall inure to the benefit of, and shall be binding upon successors in interest and assigns of Defendant and OBJECTOR.

9.  New York law shall govern the validity and interpretation of this Agreement.

10. This Agreement sets forth the entire understanding and agreement among the Parties with respect to the subject matter hereof and supersedes any prior or contemporaneous oral and/or written agreements or representations.

11. This Agreement may not be altered or amended in any of its provisions except by the mutual written agreement of the Parties.

12. Should any of the provisions set forth herein be determined to be invalid by any court, agency or any other tribunal of competent jurisdiction, such determination shall not affect the enforceability of the other provisions herein and to this end the provisions of this Agreement are declared severable.

13. In the event that notice to one of the Parties must be provided under the terms of this Agreement, notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

    a.    For OBJECTOR:    Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway – 21st Floor
New York, NY 10004
212.248.7908

    b.    For Defendant:    Thomas A. Leghorn
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017
212.915.5234

14. This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of all parties.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement effective _____ day of December, 2014, regardless of the date on which such Agreement is signed.

Patrick Sejour, OBJECTOR

_/s/ PS/_

Date: 01-05-15

Marie Sejour, OBJECTOR's Spouse

_/s/_

Date: 01/05/14

Rubin & Rothman, LLC

By: _____

3

6371723v.1

Name: _____

Title: _____

Date: _____

APPROVED AS TO FORM:

_____ 1/12/15
Brian L. Bromberg
Attorney for OBJECTOR