UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____x
:
JOHN T. CORPAC, an individual; on behalf of :  CASE NO.: 2:10-cv- 04165-ADS-GRB
himself and all others similarly situated, :
:
Plaintiffs, :
:
vs. :  **[PROPOSED]**
:  **FINAL APPROVAL ORDER**
RUBIN & ROTHMAN, LLC, a New York :
Limited Liability Company; and JOHN AND :
JANE DOES NUMBERS 1 THROUGH 25, :
:
Defendants. :
_____x

**WHEREFORE**, it appearing to the Court that:

A. On January 26, 2015, this Court entered a Preliminary Approval Order which, among other things, preliminarily and conditionally certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Stipulation of Settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Stipulation of Settlement, and scheduled a hearing ("Final Hearing") for April 30, 2015, to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate. [Doc 112].

B. In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement was provided to the Court with the Parties Consent Motion seeking the entry of the Preliminary Approval Order.

C. In accordance with the Court's Preliminary Approval Order, on February 24, 2015 actual notice was sent by first class mail to 108,784 Settlement Class Members by Class Action Administration, Inc. (the "Class Administrator"). A total of 12,299 notices were returned by the United States Postal Service as undeliverable with no forwarding address or further information; of that amount, 299 notices were returned by the United States Postal Service with a new address and successfully re-mailed. A total of 1,014 notices were automatically forwarded by the United States Postal Service.

D. In accordance with the Court's Preliminary Approval Order, on February 23, 2015 the Class Administrator established an Internet website containing information about the Settlement, which set forth the following information: (i) the full text of the Stipulation of Settlement; (ii) the short and long form Class Notices to the Settlement Class Members; (iii) the Preliminary Approval Order and other relevant Court orders; and, (iv) contact information for Class Counsel and the Class Administrator.

E. In accordance with the Court's Preliminary Approval Order, on February 23, 2015 the Class Administrator established a toll-free telephone number to answer questions from Settlement Class Members through an interactive voice response (IVR) system with an option to leave a message to be responded to by Class Counsel.

F. On April 30, 2015, in accordance with the Preliminary Approval Order and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Fairness Hearing to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

G. The Class Members were given an opportunity to object to the settlement. Only one Class Member, through counsel, objected to the settlement ("Objector"). The Objector's

2

counsel appeared at the Final Hearing and presented the Objector's arguments against the Settlement. The Court having heard and considered the Objections finds them to be without merit and accordingly overrules them for the reasons stated on the record.

H. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. Only 21 Class Members validly and timely requested exclusion. The identities of such persons are set forth in **Exhibit A**, attached hereto; and

I. With the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and the Court being duly advised in the premises, and for good cause shown;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court confirms its certification in the Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(b)(3), defines the "Settlement Class" as:

> All persons (i) who are residents of the State of New York; (ii) to whom RUBIN & ROTHMAN, LLC sent a written communication in any of the forms attached to the First Amended Complaint (iii) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (iv) which was not returned as undelivered by the United States Postal Service or a process server; (v) during a period beginning on September 8, 2009 and ending on January 26, 2015.

The Court further defines the "Settlement Class Claims" as those claims arising from Defendant's written collection communications including, but not limited to, those communications and lawsuit attached as *Exhibits A through F* to Plaintiff's First Amended Complaint, as corrected, [Doc.5] wherein Defendant makes false, deceptive, and misleading representations concerning, the character, amount, or legal status of debts and whether there was meaningful attorney review or involvement within the meaning of the FDCPA.

3

2. The Court declares that the Parties' Notice Plan as set forth in the Stipulation, including the notice mailed to Class Members, satisfied the requirements of Fed. R. Civ. P. 23 and constitutional due process.

3. The Court approves the disbursement of the *cy pres* payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement, and as amended by the Court on the record at the Final Fairness Hearing, and directs disbursement of that payment to the Legal Aid Society of New York in the amount of $25,000.00.

4. The Court approves the award of attorneys' fees and costs to Settlement Class Counsel in the amount of $117,200.00, as discussed at the Final Fairness Hearing, and declares such fees and costs to be fair and reasonable.

5. The Stipulation, which was filed with the Court on August 8, 2014 (Doc. 73-2), and which shall be deemed incorporated herein by reference in its entirety, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

6. This Order is binding on all Class Members, except those individuals identified in ***Exhibit A*** hereto, who validly and timely excluded themselves from the Settlement Class.

7. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Stipulation. Pursuant to the release contained in the Stipulation, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

8. The Lawsuit is hereby dismissed with prejudice in all respects.

4

9. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

10. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Stipulation of Settlement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

*Case closed.*

**IT IS SO ORDERED:**

s/ Arthur D. Spatt

HONORABLE ARTHUR D. SPATT
Senior Judge, United States District Court

Dated: 5/7/15

# Exhibit A



# CLASS ACTION
ADMINISTRATION

## John T. Corpac v. Rubin & Rothman, LLC
*List of Approved Opt-Outs*
Monday, April 27, 2015

**Opt-Out Deadline: 4/13/2015**

| Scanned Image ID | Date Received | Postmark Date | Name |
|---|---|---|---|
| 900001 | 2/27/2015 | | LORI L FAIELLA |
| 900002 | 3/2/2015 | | DESIREE PACHECO |
| 900003 | 3/2/2015 | | LISA S BANK |
| 900004 | 3/11/2015 | | PRISIA G ESTEVEZ |
| 900005 | 3/6/2015 | | RICHARD BLAKE |
| 900006 | 3/13/2015 | | JANET STEPHENS |
| 900007 | 3/13/2015 | | FRANKLIN W BAILEY |
| 900008 | 3/12/2015 | | VINCENT D FOWLER |
| 900010 | 3/16/2015 | | GEORGE ILYADIS |
| 900011 | 3/20/2015 | | STACIE COLON |
| 900012 | 3/20/2015 | | STACEY A CUMBERBATCH |
| 900013 | 3/23/2015 | | THOMAS C KOUKOUMTZIS |
| 900015 | 4/13/2015 | | LOURDES I FARSACI |
| 900017 | 4/3/2015 | | PETER A WHITE |
| 900018 | 4/6/2015 | | PATRICIA M TUOHY |
| 900019 | 4/13/2015 | | SILVERIO TORRES |
| 900020 | 4/13/2015 | | CATHY ROUSEY |
| 900021 | 4/13/2015 | | DAMON W BUCHARDT |
| 900022 | 4/14/2015 | 4/11/2015 | FRANCHELICA NUNEZ |
| 900023 | 4/13/2015 | | MARCY Y MURRAY |
| 900025 | 4/16/2015 | 4/13/2015 | PEGGY A SMITH |

**Total Approved Opt-Outs: 21**

# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 07 2015 ★

LONG ISLAND OFFICE

May 6, 2015

Hon. Arthur D. Spatt, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> **RE:** ***Corpac, et al. v. Rubin & Rothman, LLC***
> E.D.N.Y. Case No. 2:10-cv-04165-ADS-GRB

Dear Senior Judge Spatt,

I am Class Counsel in the referenced matter. I write pursuant to the Court's direction on a telephone call this morning. As instructed, I have attached a new draft of the Proposed Final Order to reflect the amount of attorney's fees and costs that were set forth at the final fairness hearing on April 30, 2015.

On behalf of the Parties, we thank Your Honor for the Court's continued courtesies and attention to this case.

Respectfully submitted,
*s William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:   All Counsel of Record *via ECF only*